1  CARLTON DiSANTE & FREUDENBERGER LLP
     Robin E. Weideman, State Bar No. 197595
2  8950 Cal Center Drive
   Suite 160
3  Sacramento, California 95826
   Telephone:  (916) 361-0991
4  Facsimile:  (916) 361-1480
   E-Mail:  rweideman@cdflaborlaw.com
5
   Attorneys for Defendants
6  TRAVELERS INDEMNITY COMPANY and YVONNE
   GARRISON
7
8
9
10                **UNITED STATES DISTRICT COURT**
11              **NORTHERN DISTRICT OF CALIFORNIA**
12
13  EVA DENES,                          )   Case No.
                                        )
14              Plaintiffs,             )   **DEFENDANTS TRAVELERS**
        vs.                             )   **INDEMNITY COMPANY AND**
15                                      )   **YVONNE GARRISON'S NOTICE OF**
   TRAVELERS INDEMNITY  COMPANY, a      )   **REMOVAL OF CIVIL ACTION TO**
16  Connecticut Corporation; YVONNE     )   **UNITED STATES DISTRICT COURT**
   GARRISON, an individual; and DOES 1 through )   **PURSUANT TO 28 U.S.C. SECTIONS**
17  50, inclusive,                      )   **1331, 1332, 1441, 1446**
                                        )
18              Defendants.             )
                                        )
19  ────────────────────────────────── )

20      TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

21  THE NORTHERN DISTRICT OF CALIFORNIA, AND TO ALL PARTIES AND THEIR

22  ATTORNEYS OF RECORD:

23      Defendants TRAVELERS INDEMNITY COMPANY ("Travelers") and YVONNE

24  GARRISON hereby provide notice pursuant to 28 U.S.C. Sections 1441 and 1446 that they have

25  removed a claim pending in the Superior Court of the State of California for the County of Contra

26  Costa, Case No. C0701656.  The following is a short and plain statement of the grounds for

27  removal and a listing of pleadings to date:

28  / / /

                                    1
                                                    NOTICE OF REMOVAL

274334.1

1.       On or about August 3, 2007, Plaintiff Eva Denes ("Plaintiff") filed a Complaint against Travelers and Garrison in the Superior Court of the State of California for the County of Contra Costa. Attached hereto as Exhibit "A" is a true and correct copy of Plaintiff's Complaint.

2.       On or about August 19, 2007, Travelers and Garrison were served with Plaintiff's complaint.

3.       Travelers timely filed an answer to Plaintiff's complaint in the Superior Court of California for the County of Contra Costa on September 17, 2007. Attached hereto as Exhibit "B" is a true and correct copy of Travelers Answer.

4.       Plaintiff's action is removable pursuant to 28 U.S.C. sections 1441 and 1331, as Plaintiff has alleged a claim pursuant to an ERISA plan that falls squarely within this Court's original jurisdiction. From a cursory reading of Plaintiff's complaint, the ERISA claim at issue is not readily apparent as Plaintiff has artfully drafted her complaint in an attempt to hide the federal question and avoid federal jurisdiction. However, by carefully reviewing the Complaint along with the Declaration of Laura Smith, filed and served herewith, it is clear that Plaintiff's disguised state claim for "breach of contract" includes a claim for benefits under an ERISA plan and is thereby preempted. Specifically, Plaintiff alleges that:

a.       At the time her employment with Travelers was terminated, she was entitled to "at least fifty-two weeks of severance pay …… Travelers gave her none." [Exhibit "A" ¶ 20].

b.       Travelers breached her employment agreement, which included Travelers "written Benefits Manual" as well as her severance pay. [Exhibit "A" paragraphs 20, 39 & 41(A)]. Travelers ERISA severance plan is a part of the "written Benefits manual." [Declaration ¶ 5].

c.       The breach of this agreement caused Plaintiff to suffer the loss of "employment benefits" that she would have received if Travelers had not breached the agreement. [Exhibit "A" ¶ 45, lines 26-27].

5.       The "severance pay" Plaintiff alleges she is owed by Travelers is claimed pursuant to an ERISA plan. Travelers written severance plan went into effect April 1, 2004. [Smith Declaration ¶ 3]. The plan sets forth the various conditions upon which severance pay may be granted or denied, within the discretion of Travelers or the Plan Administrator, to employees whose

2

NOTICE OF REMOVAL

1  employment relationship has ended. [Smith Declaration ¶ 3]. For example, an employee who has

2  been terminated for unsatisfactory performance, as determined by Travelers, is not entitled to

3  severance pay, whereas an employee who has been terminated due to a reduction in force, as

4  determined by the Administrator, and has executed a waiver is entitled to severance pay. [Smith

5  Declaration ¶3-4 and Exh. A thereto]. There are other criteria set forth in the severance plan

6  regarding the payment or non-payment of severance to an employee other than these two examples.

7  [Smith Declaration ¶ 3-4 and Exh. A thereto]. In the event Travelers or the Administrator

8  determines the employee is entitled to severance pay, the amount of pay provided is set forth in an

9  attached payment schedule that explains the benefits will be paid in biweekly or semimonthly

10  payments. However, the amount paid may be increased at the employer's discretion. [Smith

11  Declaration ¶ 4 and Exh. A thereto]. The severance plan specifically states that the plan falls under

12  ERISA and that after completing the mandatory claims procedure set forth in the severance plan, an

13  employee may commence a civil action under ERISA if the employee disagrees with the outcome

14  regarding the employee's benefits. [Smith Declaration and Exh. A thereto]. A detailed summary

15  of Travelers ERISA severance plan is contained within its Benefits Manual, which Plaintiff

16  received and claims is a part of the alleged employment agreement. [Smith Declaration ¶ 5;

17  Complaint, Exhibit "A" paragraphs 20, 39 & 41(A)]. Such similar employee benefit plans have

18  already been determined by the Ninth Circuit to be ERISA plans. *See Scott v. Gulf Oil*

19  *Corporation*, 754 F.2d 1499, 1502 (9th Cir. 1985) (stating that severance pay is an employee

20  welfare benefit under ERISA, regardless of whether the plan is funded out of the employer's

21  general assets or a special fund.); *See Bogue v. Ampex*, 976 F.2d 1319, 1323 (9th Cir. 1992)

22  (holding that severance pay plan that provided the plan administrator with discretion to determine

23  when an employee was eligible for severance based upon certain criteria was the "hallmark of an

24  ERISA plan.")

25      6.      Although generally a court will review a "well-pleaded complaint" to determine

26  whether grounds for federal jurisdiction appear on the face of the complaint, a plaintiff cannot

27  avoid federal jurisdiction through "artful pleading." *Hansen v. Blue Cross of California*, 891 F.2d

28  1384, 1389 (9th Cir.1989). Congress has so completely preempted the area of ERISA that any

NOTICE OF REMOVAL

274334.1

1   complaint which raises an issue that "relates to" an ERISA plan is preempted and must be heard in

2   federal court. *Felton v. Unisource Corporation*, 940 F.2d 503, 507 (9th Cir. 1991); *Tingey v. Pixley*

3   *Richards West, Inc.*, 953 F.2d 1124, 1130 (9th Cir. 1992). As explained by the Supreme Court, the

4   sweep of the preemption clause for ERISA claims is expansive and therefore the term "relates to"

5   must be interpreted broadly to include any claim that "has a connection with or reference to such a

6   plan." *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47 (1987).

7         7.     In *Sorosky v. Burroughs Corporation*, 826 F.2d 794 (9th Cir. 1987), the plaintiff was

8   a former employee of defendant who filed a lawsuit in state court for wrongful termination, breach

9   of contract, employment age discrimination, and conspiracy to interfere with a protected property

10   interest. *Sorosky*, 826 F.2d at 798. In support of the plaintiff's claim for "breach of

11   contract/wrongful discharge," the plaintiff alleged that "defendant agreed in writing to provide him

12   with monthly retirement benefits and then sought to prevent him from acquiring those benefits."

13   *Id.* at 800. The defendant removed the action to federal court on the grounds that plaintiff's claim

14   for retirement benefits was preempted by ERISA. The plaintiff challenged the district court's

15   jurisdiction. On appeal, the Ninth Circuit agreed that to the extent the plaintiff's claim for breach

16   of contract and wrongful discharge "referred to an employee benefit plan, it [was] preempted." *Id.*

17         8.     Similar to *Sorosky, supra*, Plaintiff's breach of contract claim is based, in part, upon

18   Travelers alleged failure to pay her fifty-two weeks of severance pay at the conclusion of her

19   employment. [Exhibit "A" ¶ 20]. Plaintiff specifically incorporates Travelers failure to pay the

20   severance as an element of her breach of contract claim. [Exhibit "A" ¶ 39]. Due to the fact that

21   Travelers severance pay is an ERISA plan, Plaintiff's breach of contract claim is preempted.

22         9.     Pursuant to 28 U.S.C. § 1367, Travelers requests this Court to exercise supplemental

23   jurisdiction over Plaintiff's other state claims as such claims are related to Plaintiff's breach of

24   contract claim for Travelers failure to pay her severance under its ERISA plan, and all claims arise

25   out of Plaintiff's termination of employment with Travelers.

26         10.    In addition to federal question jurisdiction, this case is also removable pursuant to

27   28 U.S.C. Section 1332. Specifically, this Court has original diversity jurisdiction based upon the

28   / / /

NOTICE OF REMOVAL

274334.1

1   fact that this action is between citizens of two different states, and the amount in controversy

2   exceeds the sum of $75,000, exclusive of interest and costs.

3         11.    Travelers currently is, and was at the time this action was commenced, a

4   Connecticut corporation with its principal place of business in Hartford, Connecticut. [Smith

5   Declaration ¶ 6]. Plaintiff admits to such in her Complaint. [Exhibit "A" ¶ 5]. Accordingly,

6   Travelers is not a citizen of the State of California. 28 U.S.C. § 1332(c)(1).

7         12.    Travelers is informed and believes that at all relevant times Plaintiff is, and was at

8   the time this action was commenced, an individual residing in the State of California and a citizen

9   of that state. [Exhibit "A" ¶ 4].

10        13.    Travelers and Garrison are informed and believes that Garrison has been named as a

11   "sham defendant" solely for the purpose of defeating diversity jurisdiction. *See Morris v. Princess*

12   *Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (stating "joinder of a non-diverse defendant is

13   deemed fraudulent and the defendant's presence in the lawsuit is ignored for purposes of

14   determining diversity" if the plaintiff fails to state a viable cause of action against the defendant

15   according to state law.). There is absolutely no possibility that Plaintiff will be able to establish

16   liability against Garrison under any of the causes of action alleged. Specifically, Plaintiff has

17   alleged causes of action against Garrison for (1) age discrimination; (2) failure to prevent age

18   discrimination; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; and

19   (5) violation of business and professions code section 17200. An individual employee cannot be

20   held personally liable on such claims as a matter of law.

21        14.    A cause of action under FEHA for employment age discrimination or failure to

22   prevent employment age discrimination can only be pursued against an employer, not a fellow

23   employee. *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 74-75 (1996). As alleged in

24   paragraph 6 of Plaintiff's Complaint, Garrison was and still is an *employee* of Travelers. [Exhibit

25   "A" ¶ 6]. Accordingly, Garrison cannot be held individually liable for Plaintiff's age

26   discrimination claims. While it is recognized that an individual may be held personally liable for

27   harassment, as opposed to discrimination, under FEHA, Plaintiff has not alleged any cause of

28   action for harassment. Travelers notes that Plaintiff loosely uses the term "harassment" throughout

NOTICE OF REMOVAL

274334.1

1   the Complaint in a conclusory fashion. However, the actual facts alleged by Plaintiff cannot, as a

2   matter of law, support a claim for harassment. Specifically, the only conduct set forth in Plaintiff's

3   complaint that she characterizes as harassment is: (1) she was given extra case files on which to

4   work; (2) she was criticized for the condition of her new files; (3) Garrison removed materials that

5   she needed to perform her job; (4) she was subject to constant demands that interfered with her

6   work; and (5) she received negative performance reviews. [Exhibit "A" ¶ 12]. As stated by the

7   Court in *Janken* when it affirmed the trial court's sustaining of the defendant employer and

8   individual supervisor's demurrer to the plaintiffs' claims for age discrimination and intentional

9   infliction of emotional distress:

> [C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will be laid off and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. *Janken*, 46 Cal.App. 4th at 65.

Accordingly, the Court in *Janken* determined that the discriminatory conduct alleged by the

plaintiffs did not constitute "harassment" to hold the individual supervisors personally liable. *Id.* at

64-65. Similarly here, all of the alleged conduct that Plaintiff claims constitutes "harassment" is

simply personnel/management decisions that do not fall within the scope of harassment. Therefore,

Garrison cannot be held individually liable under any claim of harassment either.

15.    Plaintiff's causes of action for breach of contract and breach of the covenant of good

faith and fair dealing also fail as the only contract Plaintiff claims existed was an employment

agreement. Garrison was not Plaintiff's employer, only a co-employee. [Exhibit "A" ¶ 6]. As an

employee, Garrison cannot be held liable for personnel actions that ultimately lead to an

employee's termination. *Sheppard v. Freeman*, 67 Cal.App.4th 339, 345-346 (1999). Moreover,

Travelers is the only "employer" identified in the complaint and therefore, the only plausible

parties to the alleged employment agreement are Plaintiff and Travelers. [Exhibit "A" ¶ 9].

Although Plaintiff claims Garrison qualifies as an "employer" under the definition of "employer"

provided by FEHA, this argument has already been summarily denied by the Court in *Janken*,

*supra*. *Id.* at 66 (stating that we reject the contention that an individual supervisor falls within the

6

1  definition of "employer" under FEHA for purposes of individual liability). Accordingly, in the

2  event an actual employment agreement existed, Travelers, not Garrison, is liable for any alleged

3  breach of that agreement.

4          16.     Plaintiff's claim against Garrison for alleged unfair business practices under

5  Business and Professions Code section 17200 also must fail. Plaintiff bases this claim on the

6  alleged "age discrimination" she suffered. [Exhibit "A" ¶¶ 34-35]. To the extent this cause of

7  action is based upon the alleged discrimination, it must fail with regards to Garrison as Garrison

8  cannot be personally liable for discrimination. *See* Paragraph 14, *supra*; *See also People v.*

9  *Servantes*, 86 Cal.App.4th 1081, 1087 (2001) (stating that a defense to the underlying offense used

10  as the basis for a section 17200 claim, is a defense to the unfair competition claim itself).

11          17.     Although Plaintiff has failed to specify a dollar amount in damages that she is

12  seeking in this case, the causes of action alleged and category of damages requested demonstrate

13  that the amount in controversy exceeds $75,000. Plaintiff claims Travelers failed to pay her fifty-

14  two weeks (one year) of severance pay at that time her employment ended. [Exhibit "A" ¶¶ 20, 45,

15  lines 26-27]. Plaintiff's annual salary at the time of her termination was $75,500. [Declaration of

16  Y. Garrison, filed and served herewith, ¶ 2]. Plaintiff also seeks lost wages as she claims Travelers

17  actions have precluded her from obtaining employment in the insurance industry. [Exhibit "A"

18  ¶22]. Plaintiff was terminated from her employment with Travelers on or about August 15, 2005.

19  [Exhibit "A" ¶16]. Accordingly, the alleged monetary value of Plaintiff's alleged wage loss is

20  more than two years worth of wages, equaling over $151,000. In addition to severance pay and lost

21  wages, Plaintiff also seeks punitive damages and emotional distress damages.

22          18.     Travelers is informed and believes that the fictitious defendants named in Plaintiff's

23  Complaint as Does 1-50 have never been properly named or served by Plaintiff. Pursuant to 28

24  U.S.C. Section 1441(a), the Court must disregard the joinder of these Does in determining whether

25  diversity jurisdiction exists in this case.

26          19.     Travelers and Garrison have timely filed their Notice of Removal according to 28

27  U.S.C. Section 1446, within 30 days of receiving service of Plaintiff's Complaint.

28  / / /

NOTICE OF REMOVAL

274334.1

1   WHEREFORE, Travelers and Garrison remove the original action brought by Plaintiff,

2   which is now pending in the Superior Court of the State of California for the County of Contra

3   Costa, to this Court.

4   Dated:  September 18, 2007          CARLTON DiSANTE & FREUDENBERGER LLP

5

6                                      By: _Robin_____

7                                          Robin E. Weideman
                                           Attorneys for Defendants
8                                          TRAVELERS INDEMNITY COMPANY and YVONNE
                                           GARRISON

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

NOTICE OF REMOVAL

274334.1

**EXHIBIT A**

1   Michael J. Meyer  (CSB# 242706)
2   **LAW OFFICES OF MICHAEL J. MEYER**
    1801 Clement Avenue, Suite 101
3   Alameda, California  94501
    Telephone (510) 931-5720
4   Facsimile (510) 337-1431

5

6   Gordon M. Fauth, Jr. (CSB# 190280)
    **FAUTH LAW OFFICES**
7   1801 Clement Avenue, Suite 101
    Alameda, California  94501
8   Telephone (510) 238-9610
9   Facsimile (510) 337-1431

10

    Attorneys for Plaintiff Eva Denes
11

12              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

13                **IN AND FOR THE COUNTY OF CONTRA COSTA**

14                      **UNLIMITED JURISDICTION**

15                                    C . 07 · 01 656 ·

16   EVA DENES,                        ) Case No. _____
                                       )
17                                     )
                                       )
18          Plaintiff,                 ) COMPLAINT FOR DAMAGES AND
                                       ) EQUITABLE RELIEF FOR AGE
19                                     ) DISCRIMINATION, FAILURE TO
                                       ) PREVENT DISCRIMINATION, BREACH OF
20      v.                             ) CONTRACT, BREACH OF THE
                                       ) COVENANT OF GOOD FAITH AND
21                                     ) FAIR DEALING, AND VIOLATIONS OF
                                       ) BUSINESS AND PROFESSIONS CODE
22   TRAVELERS INDEMNITY COMPANY, a    ) SECTION 17200 *ET SEQ*; DEMAND FOR
     Connecticut Corporation; YVONNE   ) JURY TRIAL
23   GARRISON, an individual; and DOES 1 )
24   through 50, inclusive,            )
                                       )
25                                     )
          Defendants                   )
26                                     ) Judge: _____
                                       )
27                                     )
                                       ) Dept.: _____
28

29      Plaintiff Eva Denes, by and through her attorneys, alleges as follows:

30

                                       1

              COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## PRELIMINARY STATEMENT

1.      Defendant Travelers Indemnity Company ("Travelers"), acting through Defendant Yvonne Garrison ("Garrison") and other managerial employees, abruptly fired Plaintiff Eva Denes ("Denes") after thirty-one years of dedicated and loyal service as a Senior Technical Specialist. Travelers' principal motivating factor in firing Denes was her age. Defendants apparently considered Denes, who was 55, to be too old to fit in well with the new management team that had resulted from Travelers' 2003 merger with St. Paul Companies, another insurance provider. However, to obfuscate this wrongful reason, Garrison and other managerial-level employees at Travelers harassed Denes and searched out and/or created pretextuous reasons for the termination, which included the shallow claims that, *inter alia*, she maintained a messy workstation and that she kept her case files at her desk.   Travelers ignored and failed to investigate Denes' complaints of discrimination. Defendants terminated Denes on August 15, 2005. Defendants harassment and age discrimination caused Denes to suffer substantial physical, mental and economic injury. Defendants' age discrimination violates California law and public policy. Accordingly, Denes seeks relief from this Honorable Court, including damages and equitable relief enjoining Defendants' unlawful practices.

## JURISDICTION AND VENUE

2.      The Court may properly exercise jurisdiction over Defendants.  Plaintiff has suffered damages in excess of the sum of $25,000. The conduct alleged herein took place in this County. Defendants either reside or conduct substantial business in California. The jurisdiction of this Court arises under Article 6, Section 10 of the California Constitution and Sections 32.5 and 410.10 of the Code of Civil Procedure.

3.      Venue is proper in this Court under Sections 393 and 395 of the Code of Civil Procedure because a substantial part of the events and conduct giving rise to the violations of law complaint of herein occurred in or emanated from this county, Plaintiff was injured by Defendants' actions within this county and/or at least one Defendant resides in this County. This forum is proper pursuant to Contra Costa County Local Rule 5(e)(1).

//

2

## FACTS COMMON TO ALL CAUSES OF ACTION

4.      Plaintiff Denes is a resident of California.

5.      Defendant Travelers was and is a Connecticut corporation engaged in the business of insurance and was and is doing business in the State of California. It operates offices at Walnut Creek, California, at which Plaintiff Denes was employed for many years.

6.      Defendant Garrison was a managerial level employee of Travelers having and exercising substantial independent and discretionary authority and judgment over decisions that ultimately determine Travelers policy.

7.      Defendants DOES ONE through FIFTY are sued herein under fictitious names pursuant to Section 474 of the Code of Civil Procedure. These defendants are in some way liable for the damages sustained by Plaintiff and are subject to jurisdiction in California, and although Plaintiff does not at this time know the true names or capacities of said defendants, Plaintiff will add them when ascertained and prays that the same may be inserted herein when ascertained.

8.      At all relevant times herein, Defendants and each of them was an employer within the meaning of the California Fair Employment and Housing Act, Government Code Sections 12926(d) and 12940 et seq.; and Plaintiff Denes was an employee within the meaning of the Act.

9.      In 1974, Plaintiff Denes was hired by Travelers. Over the next some thirty years of employment, Denes worked faithfully for Travelers, most of the time at its offices in Walnut Creek. As a Senior Technical Specialist Denes handled and settled cases for Travelers and its insured clients. She received numerous commendations, promotions, merit raises and salary increases in recognition of her favorable job performance. Throughout those long years of employment with Travelers, Plaintiff received positive employee reviews and letters of commendation from inside and outside the company.

10.      In 2003, Travelers merged with St. Paul Insurance Company. Defendants then began a willful and malicious campaign of age discrimination aimed at purging older Travelers employees from the company, including at the Walnut Creek offices. Defendants not only failed to inform and educate managerial employees at the Walnut Creek offices concerning California's policy against age discrimination and age-based harassment. Going further, Defendants actively encouraged the harassment of older employees by supervisors, with the aim of facilitating older employees' actual or constructive termination.

3

08/03/07  10:02 FAX 5┃┃8965         FAUTH                                    ☒005

11.    In furtherance of their campaign to eliminate older employees, Defendants subjected them to different standards from those set for other employees.  Defendants assigned extra work and/or unduly tedious and menial tasks to these senior-most employees, intended to interfere with their productivity.  They then subjected the targeted senior employees to a barrage of critical reviews, attempting to create a paper record that would justify their termination.  Defendants encouraged supervisors to downgrade the performance reviews of the targeted employees.  These elements of the campaign were merely machinations crafted by Defendant Garrison and other managers at Travelers to establish a pretext for purging older employees for purported poor job performance.

12.    Defendants subjected Denes, who was in her 50s, to their campaign against senior workers.  Plaintiff was subjected to harassment and increasingly critical treatment by supervisors.  Among other things, she was given extra case files and then criticized for the condition of the new files.  At other times, Defendants took away from her materials that she needed to perform her job.  She was subjected to constant demands intended to interfere with her work.  She received pretextuous, increasingly negative performance reviews from Travelers managers, including Garrison.  She was criticized as being resistant to change.  Managers who wanted to give Denes satisfactory reviews were told to downgrade her performance.

13.    Denes complained to Defendants of the discrimination and harrassment directed against her, but Travelers ignored her complaint, failed to investigate, and failed to prevent the discrimination.  For example, on or about July 26, 2005, Denes complained to Katherine Kummerow, Travelers' Human Resources Manager, that she felt harassed and singled out due to her age; notwithstanding this plea for assistance, Travelers took no corrective action.

14.    Throughout the campaign of harassment directed at her, Plaintiff performed her job functions faithfully and to the benefit of Travelers.

15.    As the direct and proximate result of Defendants' discriminatory campaign, Denes and at least four other senior employees in her department were terminated or forced out of their job positions with Travelers.  These employees were over age 50 at the time of their ouster.  They were replaced by younger workers.

//

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

10443432.tif - 8/3/2007 11:05:15 AM

16.     On or about August 15, 2005, Defendant Garrison, acting within the course and scope of her employment at Travelers, informed Denes that her employment at Travelers was terminated, ostensibly due to poor job performance.

17.     Denes was 55 years old at the time of her termination by Travelers.

18.     Notwithstanding Denes' thirty-one years of dedicated service to Travelers, Travelers extended no offer of employment in alternative positions for which Plaintiff was adequately qualified and refused to consider her for those positions, even though numerous such positions existed.

19.     Defendants' wrongful discrimination has proximately caused Plaintiff injury and damages, including lost earnings and employment benefits.

20.     At the time of Denes' termination, she was eligible for at least fifty-two weeks of severance pay by virtue of her commendable and satisfactory thirty-one year tenure.  Travelers gave her none.

21.     As a direct, foreseeable and proximate result of these wrongful acts by Defendants, Denes has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression and mental pain and anguish, all to Denes' damage.

22.     As a direct, foreseeable and proximate result of these wrongful acts by Travelers and Garrison, Denes has suffered and will continue to suffer loss of reputation, goodwill and standing in the insurance industry in which Denes has worked for thirty-one years, thus precluding or diminishing Plaintiff's opportunity of employment in the industry, all to Denes' damage.

23.     On August 4, 2007, Denes filed a complaint alleging age discrimination against Defendants with the California Department of Fair Employment and Housing ("DFEH"). Thereafter, DFEH issued a "right-to-sue" letter authorizing Denes to bring a civil suit.  Thus, Denes has exhausted the available administrative remedies.

## FIRST CAUSE OF ACTION

### (For Age Discrimination)

24.     The allegations set forth in Paragraphs 1 through 23 are realleged and incorporated herein by reference as if set forth in full.

5

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

08/03/07  10:02 FAX 51 ●88965  FAUTH  ☑007

25.    Defendants' actions described herein have violated California laws prohibiting age discrimination in the workplace, including Government Code §§ 12940(a) and 12941. These sections required Defendants, among other things, to refrain from discriminating against any employee over the age of 40; yet Defendants targeted older workers for harassment and termination.

26.    On or about August 15, 2005, after thirty-one years of competent and diligent performance to the profit of Travelers, Plaintiff was notified by Defendants that she was being terminated, ostensibly owing to poor job performance. Defendant' pretense that Plaintiff was terminated due to poor job performance was, however, a pretext designed to conceal Defendants' practice of discriminating against Plaintiff on the basis of her age.

27.    Plaintiff's termination was preceded by an unrelenting campaign of harassment and discrimination directed against her, accompanied by hints that she should retire. For example, on or about July 26, 2007, Katherine Kummerow, a Travelers' Human Resources Manager, indicated that Plaintiff's problems at Travelers were unlikely to cease and that Plaintiff should consider retirement.

28.    Plaintiff's age was a substantial factor in Defendants' decision to terminate her employment. Such discrimination was in violation of the public policy of the State of California as reflected in Government Code §§ 12940(a) and 12941.

29.    In full compliance with these sections and within the time provided for by law, Plaintiff filed a complaint with the California Department of Fair Employment and Housing and received a "right-to-sue" letter.

30.    Although Plaintiff was not offered any alternative positions for which she was qualified, employees younger and with less experience than Plaintiff were retained in these alternative positions. Plaintiff has been unable to find comparable employment.

31.    As a proximate result of Defendants' willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer injury and damages including from her loss of employment, and from humiliation, emotional distress, and mental and physical pain and anguish inflicted on Plaintiff.

//

6

10443432.tif - 8/3/2007 11:05:15 AM

32. Accordingly, Plaintiff is entitled to and seeks damages, including exemplary damages, according to proof at trial. Plaintiff also is entitled to and seeks to recover her attorney's fees and costs of the litigation.

## SECOND CAUSE OF ACTION

### (Failure to Prevent Discrimination)

33. The allegations set forth in Paragraphs 1 through 23 are realleged and incorporated herein by reference as if set forth in full, and this cause of action is brought against Defendant Travelers.

34. Defendants actions are in violations of the California Fair Employment and Housing Act, including but not limited to Government Code § 12940(k), and the corresponding regulations of the California Department of Fair Employment and Housing.

35. During Defendants' campaign of harassment, Plaintiff informed Travelers that she was being discriminated against and harassed. Defendant failed to take reasonable steps necessary to prevent age discrimination from occurring with respect to Plaintiff. As a result, Plaintiff continued to experience such discrimination, culminating in her termination.

36. Such failure by Defendant Travelers constituted unlawful employment discrimination, and was a substantial factor in causing damage and injury to Plaintiff as set forth herein.

37. As a further direct, foreseeable, and proximate result of said wrongful acts by Defendant, Plaintiff has suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, and mental pain and anguish.

38. Accordingly, Plaintiff is entitled to damages, including exemplary damages, in an amount to be proven at trial, and to attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Breach of Employment Contract)

39. The allegations set forth in Paragraphs 1 through 23 are realleged and incorporated herein by reference as if set forth in full.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

08/03/07  10:02 FAX 51█ █896█     FAUTH     ☑ 009

40.     During the entire course of Plaintiff's employment with Defendants, there existed an implied-in-fact employment contract between Plaintiff and Defendants that, at the time of Plaintiff's discharge, included but was not limited to, the following terms and conditions:

    A.  Denes would be able to continue her employment with Travelers indefinitely as long as she carried out her duties in a proper and competent manner;

    B.  Neither Travelers nor any employees of Travelers would manufacture pretextuous claims to allege that Denes had not carried out her duties in a proper and competent manner.

    C.  Denes would not be demoted, discharged, or otherwise disciplined, nor would her job functions be reassigned, for other than good cause with notice thereof.

41.     This employment contract was evidenced by various written documents, commendations, and oral representations to Denes by Travelers' agents and employees, and the parties' entire course of conduct over three decades, including among other things the following:

    A.  Travelers' written Benefits Manual.

    B.  The existence of an established policy within Travelers, which was known to and relied on by Denes, that an employee such as herself, who had performed service as a good and faithful employee, would have secure employment with Travelers; that an employee such as herself would be permitted to continue her employment unless discharged for good and sufficient cause; that an employee such as herself would not be demoted, discharged, or disciplined without good and sufficient cause and would not otherwise have her job functions taken away or reassigned.

    C.  For twenty-nine years, Denes was told by her superiors, orally and in writing, that she was doing an excellent and satisfactory job. As a result of the above representation, Denes came reasonably to expect and to rely on the promise of job security. Such statements and acts by Defendants communicated to Plaintiff the idea that she had performed satisfactorily and that her job was secure. Denes in good faith relied on these representations and believed them to be true. Even after Defendants began their campaign against senior workers, this did not alter the terms of Traveler's implied contract with Denes, given nearly three decades of consistent and favorable reviews.

8

10443432.tif - 8/3/2007 11:05:15 AM

42.    Plaintiff's reliance on, belief in, and acceptance in good faith of all the assurances, promises, and representations as listed in the preceding paragraphs led her to believe that her employment was secure and that there existed a contract of continuous employment with Defendants. As independent consideration, in addition to performing her regular duties as an employee of Travelers, Plaintiff refrained from seeking other employment and pursuing other career opportunities.

43.    Plaintiff understood and duly performed all conditions of the contract to be performed by her. Plaintiff has at all times been ready, willing, and able to perform and has offered to perform all the conditions of this contract to be performed by her.

44.    Despite the representations made to Plaintiff and the reliance she placed on them, Defendants failed to carry out their responsibilities under the terms of the employment contract and breached the contract, including, without limitation, in the following ways:

    A. Subjecting Denes to different standards from those set for other employees;

    B. Subjecting Denes to extraordinary demands and/or work conditions with the intent to set up Plaintiff for failure;

    C. Terminating Denes' employment without good cause and for reasons that have nothing to do with legitimate business justification, instead deriving from pretextuous machinations.

    D. Failing to follow the personnel policies that had existed for decades before Denes was terminated and that existed at the time Plaintiff was terminated.

    E. Failing to apply personnel policies to Denes as they would for other, younger employees.

    F. Failing and refusing to place Denes in alternative positions that were available and for which she was well-qualified.

45.    As a proximate result of Traveler's breach, Denes has suffered and continues to suffer substantial losses in earnings, bonuses, and other employment benefits that she would have received had Defendants not breached said agreement, including but not limited to expenses incurred in attempts to obtain substitute employment. Accordingly, Plaintiff is entitled to and seeks damages in an amount according to proof.

9

10443432.tif - 8/3/2007 11:05:15 AM

## FOURTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing)

46.   The allegations set forth in Paragraphs 1 through 23 are realleged and incorporated herein by reference as if set forth in full.

47.   Plaintiff's employment agreement with Defendants contained an implied covenant of good faith and fair dealing by which Travelers promised to give full cooperation to Plaintiff in her employment performance and to refrain from doing any act that would prevent or impede Plaintiff from performing all conditions of her employment or any act that would prevent or impede Plaintiff's enjoyment of the fruits of her employment. Specifically, the covenant of good faith and fair dealing required Defendant to fairly, honestly, and reasonably perform the terms and conditions of the employment agreement.

48.   Plaintiff, as an individual employee, was in an inherently unequal bargaining position in her dealings with Defendants. In addition, Plaintiff entrusted her entire livelihood to Defendants' willingness to perform their obligations under the terms of employment, and she risked suffering grave harm if Defendants failed to perform. Defendants were aware of Plaintiff's vulnerability in this regard.

49.   Defendants' termination of Plaintiff's employment was wrongful, in bad faith, arbitrary, and unfair and done to frustrate her enjoyment of the contract's actual benefits, in breach of said covenant, in that Plaintiff was terminated on the pretext that just cause existed to discharge her, when Defendants knew that there was no just cause. Plaintiff was discharged for reasons extraneous to the employment agreement, without good or sufficient cause, in violation of Defendants' policy to deal consistently and fairly with its employees, and for the purpose of frustrating Plaintiff's enjoyment of the benefits of her employment with defendants. Further, Defendants breached the covenant by:

    A. Subjecting Denes to different standards from those expected of other employees;

    B. Terminating Denes' employment without cause and for reasons that have nothing to do with legitimate business justification, despite satisfactory job performance.

    C. Failing to follow their written and unwritten personnel policies or to apply the same personnel policies to Denes applied to other, younger employees.

10

10443432.tif - 8/3/2007 11:05:15 AM

D.   Failing and refusing to place Denes in alternative positions that were available and

        for which she was well-qualified.

50.      As a proximate result of Defendants' breach, Denes has suffered and continues to suffer injury including economic loss. Accordingly, Plaintiff is entitled to and seeks damages in an amount according to proof.

## FIFTH CAUSE OF ACTION

### (For Violations of Business and Professions Code §§ 17200 et seq.)

51.      The allegations set forth in Paragraphs 1 through 23 are realleged and incorporated herein by reference as if set forth in full.

52.      Defendants' practices as complained of herein violate Business and Professions Code sections 17200, et seq., which prohibits any "unlawful, unfair or fraudulent business act or practice."

53.      Among other things as described herein, Defendants failed adequately to educate and inform managerial and/or other employees of their duties under California laws designed to prevent workplace age discrimination. In violation of public policy and in violation of laws protecting senior workers, including Government Code §§ 12940(a) and 12941, Defendants caused older employees, including Plaintiff, to be singled out for harassing and discriminatory treatment, and ignored and failed to investigate complaints by Plaintiff of such treatment.

54.      As a result of Defendants' conduct, Plaintiff has suffered injury in fact.

55.      Defendants' wrongful business practices have injured Plaintiff and present an ongoing and continuing threat to the public.

56.      Accordingly, Plaintiff is entitled to and prays for judgment and for equitable relief, including an order enjoining Defendants from their wrongful practices, and for attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(1)   For compensatory damages including special and general damages according to proof on

        each cause of action;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    (2) For punitive damages on the First and Second Causes of Action, owing to the egregious

2        nature of Defendants' actions;

3    (3) For an award of Attorneys' fees;

4    (4) For an award to Plaintiff of the costs of suit incurred herein, including expert witness

5        fees;

6    (5) For an award of interest, including prejudgment interest, at the legal rate;

7    (6) For equitable, injunctive and declaratory relief; and

8    (7) For such other and further relief as this Court deems just and proper.

9

10                            **DEMAND FOR JURY TRIAL**

11   Plaintiff EVA DENES hereby demands trial by jury of the above cause.

12

13                                    **LAW OFFICES OF MICHAEL J. MEYER**

14

15   Date: August 3, 2007             By: _____

16                                            Michael J. Meyer

17                                    1801 Clement Avenue, Suite 101

18                                    Alameda, California  94501

                                      Telephone (510) 542-7702

19                                    Facsimile (510) 337-1431

20                                    **FAUTH LAW OFFICES**

21

22   Date: August 3, 2007             By: _____

23                                            Gordon M. Fauth, Jr.

24                                    1801 Clement Avenue, Suite 101

25                                    Alameda, California  94501

                                      Telephone (510) 238-9610

26                                    Facsimile (510) 337-1431

27                                    Attorneys for Plaintiff Eva Denes

28

29

30

                                      12

                      COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

**EXHIBIT B**

FILED

2007 SEP 17 P 2:23

K. TORRE CLERK OF THE SUPERIOR COURT
CONTRA COSTA COUNTY, CALIF.
BY: _____ DEPUTY CLERK

1   CARLTON DiSANTE & FREUDENBERGER LLP
        Robin E. Weideman, State Bar No. 197595
2   8950 Cal Center Drive
    Suite 160
3   Sacramento, California 95826
    Telephone: (916) 361-0991
4   Facsimile: (916) 361-1480
    E-Mail: rweideman@cdflaborlaw.com

5

6   Attorneys for Defendants
    TRAVELERS INDEMNITY COMPANY and YVONNE
    GARRISON
7

8

9

10                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                            COUNTY OF CONTRA COSTA

12

13   EVA DENES,                          )   Case No. C-07-01656
                                         )
14              Plaintiff,               )
                                         )   DEFENDANTS TRAVELERS
15        v.                             )   INDEMNITY COMPANY AND
                                         )   YVONNE GARRISON'S ANSWER TO
16   TRAVELERS INDEMNITY COMPANY, a      )   COMPLAINT
     Connecticut Corporation; YVONNE     )
17   GARRISON, an Individual; and DOES 1 through )   Complaint Filed: August 3, 2007
     50, Inclusive,                      )
18                                       )
                Defendants.              )
19                                       )

20        Defendants Travelers Indemnity Company and Yvonne Garrison answer the unverified

21   Complaint filed by Plaintiff Eva Denes ("Plaintiff") as follows:

22        Pursuant to the provisions of Section 431.30(d) of the California Code of Civil Procedure,

23   Defendants deny, generally and specifically, each and every allegation in Plaintiff's Complaint.

24   Defendants further deny, generally and specifically, that Plaintiff has been damaged in any sum, or

25   at all, by reason of any acts or omissions on the part of Defendants or Defendant's officers,

26   directors, employees or agents.

27        Defendants have not completed their investigation into the facts of this case, have not

28   completed discovery in this matter, and have not completed their preparation for trial. Defendants

CARLTON DiSANTE &
FREUDENBERGER LLP

ANSWER TO COMPLAINT
Case No. C-07-01656

274383.1

1 specifically reserve the right to modify, amend or supplement any affirmative defense contained

2 herein at any time.

3      Without conceding that Defendants bear the burden of proof or persuasion as to any one of

4 them, Defendants allege the following separate affirmative defenses to the Complaint and to each

5 and every cause of action contained therein:

<h3 style="text-align:center">FIRST AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(ERISA Preemption)</h3>

8      Plaintiff's claims are barred in whole or in part, because they are preempted by the

9 Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001, et seq.

<h3 style="text-align:center">SECOND AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(Failure to State a Cause of Action)</h3>

12      The Complaint and each purported cause of action contained therein fail to state facts

13 sufficient to constitute a cause of action against Defendants and each of them.

<h3 style="text-align:center">THIRD AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(No Individual Liability)</h3>

16      The Complaint and each cause of action therein fail to state a cause of action against

17 Defendant Garrison on the ground that applicable law does not permit individual liability for the

18 claims alleged.

<h3 style="text-align:center">FOURTH AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(Arbitration Is Exclusive Remedy)</h3>

21      Plaintiff has contracted and agreed to resolve the disputes alleged in the Complaint through

22 binding arbitration. Such procedure is the sole and exclusive method for resolving disputes

23 between Plaintiff and Defendants, and by the terms of such agreements Plaintiff is barred from

24 asserting her alleged claims in any other forum or by any other procedure to resolve said disputes.

<h3 style="text-align:center">FIFTH AFFIRMATIVE DEFENSE</h3>

<h3 style="text-align:center">(Statute of Limitations)</h3>

27      The Complaint and each purported cause of action contained therein are barred, in whole or

28 in part, by the applicable statutes of limitations including, but not limited to, California

1    Government Code Section 12960, California Code of Civil Procedure sections 337, 339, and 340,

2    and California Business and Professions Code section 17208.

### SIXTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

5    Plaintiff's requests for injunctive and equitable relief are barred on the ground that Plaintiff

6    has an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Violation of Underlying State or Federal Law)

9    Plaintiff's claim for violation of Business and Professions Code section 17200 fails because

10    Defendants have not violated any underlying state or federal laws.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Unfair, Misleading or Deceptive Business Practices)

13    Defendants are not liable for violation of unfair business practices pursuant to California

14    Business and Professions Code Sections 17200 et seq., because they did not engage in business

15    practices that were unfair, deceptive, or likely to mislead anyone.

### NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

18    The Complaint and each purported cause of action contained therein are barred by the

19    doctrine of unclean hands by reason of Plaintiff's conduct and actions.

### TENTH AFFIRMATIVE DEFENSE

### (Estoppel)

22    Plaintiff is estopped, by reason of her conduct and actions, from asserting the claims alleged

23    in the Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

26    Plaintiff has waived the right, by reason of her conduct and actions, to assert the claims

27    alleged in the Complaint.

28    ///

CARLTON DISANTE &
FREUDENBERGER LLP

3

274383.1

## TWELFTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint and each purported cause of action contained therein are barred by the doctrine of laches.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

The Complaint and each purported cause of action contained therein are barred, in whole or in part, because Plaintiff has failed to exhaust her administrative remedies or to comply with the statutory prerequisites to bringing suit contained in the California Fair Employment and Housing Act, California Government Code Section 12940 *et seq.*

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's claims are barred and/or her damages must be reduced because Plaintiff unreasonably failed to take advantage of corrective opportunities offered by her employer, which at all times took reasonable care to prevent harassment and/or discrimination.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

The Complaint and each purported cause of action contained therein are barred, in whole or in part, and/or Plaintiff's request for damages must be reduced by virtue of the doctrine of after-acquired evidence because of misrepresentations contained in Plaintiff's employment application and/or supporting documents and/or Plaintiff's conduct during the course of her employment with Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's alleged damages are barred in whole or in part because Plaintiff has failed to mitigate her damages, if any, as required by law.

///

///

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Attorneys' Fees Not Recoverable)

3      Plaintiff is precluded from recovering attorney's fees from Defendants under applicable

4  provisions of law, including, without limitation, Business and Professions Code § 17200 *et seq.* and

5  California Code of Civil Procedure § 1021 *et. seq.*

6

## EIGHTEENTH AFFIRMATIVE DEFENSE

7

### (Acts Outside Scope of Employment)

8      To the extent any of the alleged acts of any employees exceeded the scope and authority of

9  their employment, Defendants and each of them are not responsible for such alleged acts and are

10  not liable for damages relating to such alleged acts.

11

## NINETEENTH AFFIRMATIVE DEFENSE

12

### (No Knowledge, Authorization, or Ratification)

13      Defendants and each of them are not liable for Plaintiff's alleged damages because if any

14  person engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he or she

15  did so without the knowledge, authorization, or ratification of Defendants and each of them.

16

## TWENTIETH AFFIRMATIVE DEFENSE

17

### (Good Faith)

18      Defendants' actions with respect to the subject matters in each of the alleged causes of

19  action were undertaken in good faith and for good cause, with the absence of malicious intent to

20  injure Plaintiff, and constitute lawful, proper, fair, and justified means to further the sole purpose of

21  Defendants to engage in and continue its lawful business activities. Furthermore, all decisions

22  made with respect to Plaintiff's employment were reasonably based on legitimate, non-

23  discriminatory reasons, and were made for proper, business-related reasons which were neither

24  arbitrary, capricious, nor unlawful. By reason thereof, Plaintiff is barred, in whole or in part, from

25  recovery on any of the purported causes of action.

26  / / /

27  / / /

28  / / /

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Entitlement to Exemplary/Punitive Damages)

Plaintiff is not entitled to recover any punitive or exemplary damages as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages under California law in general and/or any such award under California law as applied to the facts of this specific action would violate the constitutional rights of Defendants and each of them under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Entitlement to Exemplary/Punitive Damages)

Plaintiff is not entitled to recover punitive or exemplary damages from Defendants and each of them for the alleged acts alleged in the Complaint on the grounds that none of Defendant's officers, directors or managing agents committed the alleged acts, nor authorized them, nor ratified them, nor did Defendants or Defendant's officers, directors or managing agents have advance knowledge of the unfitness, if any, of any employees who allegedly committed said acts, nor did Defendants employ said employees with a conscious disregard of the rights or safety of others. California Civil Code section 3294.

WHEREFORE, Defendants pray for judgment as follows:

1.    That judgment be entered in favor of Defendants and against Plaintiff;

2.    That the Complaint herein be dismissed in its entirety with prejudice;

3.    That Defendants be awarded their costs of suit herein;

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1     4.     That Defendants be awarded reasonable attorneys' fees as may be determined by the

2  Court; and,

3     5.     For such other and further relief as the Court may deem just and proper.

4

5  Dated:  September 17, 2007          CARLTON DiSANTE & FREUDENBERGER LLP

6

7                       By: _____

8                           Robin E. Weideman

                        Attorneys for Defendants

9                        TRAVELERS INDEMNITY COMPANY and YVONNE GARRISON

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No.  C-07-01656
ANSWER TO COMPLAINT

274383.1

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 8950 Cal Center Drive, Suite 160, Sacramento, California 95826. On September 17, 2007, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANTS TRAVELERS INDEMNITY COMPANY AND YVONNE GARRISON'S ANSWER TO COMPLAINT**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

Michael J. Meyer
Law Offices of Michael J. Meyer
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone: (510) 931-5720
Facsimile: (510) 337-1431

Gordon M. Fauth, Jr.
Fauth Law Offices
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone: (510) 238-9610
Facsimile: (510) 337-1431

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Sacramento, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 17, 2007, at Sacramento, California.

_____
Vonda Simmons
(Type or print name)

_____
*Vonda Simmons*
(Signature)

CARLTON DiSANTE &
FREUDENBERGER LLP.

274383.1

1

PROOF OF SERVICE
Case No. C-07-01656

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO.

I, the undersigned, declare that I am employed in the aforesaid County, State of California. I am over the age of 18 and not a party to the within action. My business address is 8950 Cal Center Drive, Suite 160, Sacramento, California 95826. On September 18, 2007, I served upon the interested party(ies) in this action the following document described as:

**DEFENDANTS TRAVELERS INDEMNITY COMPANY AND YVONNE GARRISON'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. SECTIONS 1331, 1332, 1441, 1446**

By placing a true and correct copy thereof enclosed in sealed envelope(s) addressed as stated below for processing by the following method:

Michael J. Meyer
LAW OFFICES OF MICHAEL J. MEYER
1801 Clement Avenue, Suite 101
Alameda, CA 94501
Telephone: (510) 931-5720
Facsimile: (510) 337-1431

Gordon M. Fauth, Jr.
FAUTH LAW OFFICES
1801 Clement Avenue, Suite 101
Alameda, CA 94501
Telephone: (510) 238-9610
Facsimile: (510) 337-1431

[X] By placing such envelope(s) with postage thereon fully prepaid into Carlton DiSante & Freudenberger LLP's interoffice mail for collection and mailing pursuant to ordinary business practice. I am familiar with the office practice of Carlton DiSante & Freudenberger LLP for collecting and processing mail with the United States Postal Service, which practice is that when mail is deposited with the Carlton DiSante & Freudenberger LLP personnel responsible for depositing mail with the United States Postal Service, such mail is deposited that same day in a post box, mailbox, sub-post office, substation, mail chute, or other like facility regularly maintained by the United States Postal Service in Sacramento, California.

Executed on September 18, 2007, at Sacramento, California.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

_____
Vonda Simmons
(Type or print name)

_Vonda Simmons_
(Signature)

CARLTON DiSANTE &
FREUDENBERGER LLP

9

NOTICE OF REMOVAL

274334.1