**EXHIBIT J**

John Clifford

04/05/2004 12:22 PM

To: All-StPaul-F&M-4, All-StPaul-F&M-5
cc:
Subject: St. Paul Travelers Policies

Dear St. Paul Travelers employees:

As we continue to integrate St. Paul and Travelers, a key to our success is our ability to adhere to clear, consistent policies that provide and clarify expectations and standards for St. Paul Travelers employees. We are committed to implementing uniform human resources policies across the entire organization.

New Employee Policy Guide in effect
Friday, you received -- via the new intranet site of St. Paul Travelers -- the new St. Paul Travelers Employee Policy Guide (http://start/sta-home/hr/policies.shtm), which was effective as of Friday, your first day of employment with the combined company. Both St. Paul and Travelers shared a commitment to fair and equitable employment practices, and we retained this focus in our new, merged policies. You are expected to read and immediately comply with the policies contained in the Employee Policy Guide.

Former Policy Guides for St. Paul and Travelers employees are rescinded, except as set forth below.
In order to implement uniform human resources policies, the first step is to discontinue those policies which duplicate or conflict with the new policies. Effective April 2, 2004, St. Paul's Employee Policy Guide and other human resources policies contained on eSPC or otherwise published by The St. Paul are rescinded, superseded and replaced by these new uniform policies, except for the St. Paul Employee Code of Conduct, which will become the St. Paul Travelers Code of Conduct, and those which are discussed below. The same is true of the policies contained in the Travelers Handbook for Employees or published on TRAVnet, except for those which are discussed below.

Separate benefits programs and policies still apply
However, immediate uniformity on all policies is not possible. During this transition year, legacy Travelers and legacy St. Paul employees will continue to receive separate benefits through the end of 2004. In addition, the following St. Paul policies located in the Time Off section of St. Paul's current Employee Policy Guide will remain in effect for legacy St. Paul employees through December 31, 2004: Break Bank, Holidays, Disability, Family and Medical Leave Act, Military Leave Peace Time, Military Leave National Emergency, Paid Parental Leave, and Personal Leave. The standard work week for non-exempt legacy St. Paul employees will continue to be 38.75 hours until May 24, 2004.

Similarly, the following Travelers policies will remain in effect for legacy Travelers employees through December 31, 2004: Principles of Employment, Travelers Internal Dispute Resolution Procedure, Travelers Employment Arbitration Policy, Vacations, Office Holidays, Holiday Pay, Floating Holidays, Family and Medical Leave Act, Family Care Days, Travelers Family Leave Program, and Paid Military Leave of Absence Policy.

It is your responsibility to read and understand all of our company policies. Your agreement to abide by all of these policies is an express condition of your continued employment with the St. Paul Travelers Companies.

For answers to specific questions, legacy St. Paul employees should contact the Human Resources Employee Services Unit via email, or phone at 1-800-441-4378. Legacy Travelers employees should contact their Human Resources Representative or call TRAV123 at 1-866-872-8123.

Sincerely,
John Clifford
Senior Vice President
Human Resources

**EXHIBIT K**

# St. Paul Travelers Employment Arbitration Policy

## Statement of Intent

St. Paul Travelers values each of its employees and looks forward to good relations with, and among, all of its employees. Occasionally, however, disagreements may arise between an individual employee and the Company, or between one employee and another in a context that involves the Company. The Company believes that the resolution of such disagreements will be best accomplished by internal dispute resolution and, where that fails, by arbitration conducted under the auspices of the American Arbitration Association ("AAA"). For these reasons, the Company has adopted this Employment Arbitration Policy ("Policy"). The Policy applies to all persons employed by St. Paul Travelers, including all subsidiary companies (collectively, "the Company"), as of April 1, 2005 and all employees joining the Company after that date.

This Policy does not constitute a guarantee that your employment will continue for any specified period of time or end only under certain conditions. Employment with the Company is a voluntary relationship for no definite period of time and nothing in this Policy or any other company document constitutes an express or implied contract of employment for any definite period of time. This Policy does not constitute, nor should it be construed to constitute, a waiver by the Company or an employee of their respective rights under the "employment-at-will" doctrine; nor does it afford an employee or former employee any rights or remedies not otherwise available under applicable law.

## Scope of the Policy

The Policy makes arbitration the required and exclusive forum for the resolution of all employment-related disputes based on legally protected rights (i.e., statutory, contractual or common law rights) that may arise between an employee or former employee and the Company or its current and former parents, subsidiaries and affiliates and its and their current and former officers, directors, employees, and agents (and that are not resolved by the internal dispute resolution procedure), including without limitation claims, demands or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Worker Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Sarbanes Oxley Act of 2002, the Worker Adjustment and Retraining Notification Act, and any other federal, state or local statute, regulation or common law doctrine regarding employment discrimination, conditions of employment or termination of employment. Arbitration proceedings pursuant to this Policy shall comply with and be governed by the provisions of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* However, there will be no right or authority for any dispute to be brought, heard or arbitrated under this Policy as a class or collective action, private attorney general, or in a representative capacity on behalf of any person.

Unless otherwise stated herein, the only disputes not covered by the Policy are claims that an employee or former employee may have regarding workers' compensation, unemployment compensation benefits, or claims subject to the Employee Retirement Income Security Act of 1974 and all amendments thereto. Nothing in this Policy shall prevent either party from seeking injunctive relief from any court of competent jurisdiction in aid of arbitration or on the ground that the award to which the applicant for such relief may be entitled may be rendered ineffectual without such relief, such as injunctive relief intended to redress a violation of a restrictive covenant. A party's seeking or obtaining such relief shall not be considered a waiver of that party's right to arbitration under this Policy. ThePolicy does not

exclude the National Labor Relations Board from jurisdiction over disputes covered by the National Labor Relations Act. Similarly, this Policy does not exclude the jurisdiction of the Equal Employment Opportunity Commission (the "EEOC") and/or state and local human rights agencies to investigate alleged violations of the laws enforced by the EEOC and/or these agencies.

This Policy does not require that the Company institute arbitration and does not require that the Company follow the steps of IDR before taking disciplinary action of any kind, including termination.[1] However, if an employee disagrees with any such disciplinary action and believes that such action violated his or her legally protected rights, he or she may institute proceedings in accordance with the Policy. The results of the arbitration process are final and binding on the employee and the Company.

The employee and the Company agree that arbitration proceedings are to be treated as confidential, and that both parties will act to protect the confidentiality of the proceedings. Both parties agree that neither they nor their counsel or advisors will reveal or disclose the substance of the proceedings to any other person, except as required by subpoena, court order, or other legal process. This restriction applies to any members of the public, and to any current, future or former employees of the Company. If disclosure is compelled of one party by subpoena, court order or other legal process, or as otherwise required by law, the party agrees to notify the other party as soon as notice of such process is received and before disclosure takes place. The employee may disclose the substance of the proceedings to members of his/her immediate family upon their agreement to maintain such information in strict confidence, as set forth in this paragraph. Nothing in this paragraph limits the Company's ability to disclose information regarding the proceedings internally or externally to those persons with a legitimate business reason to have access to such information.

Certain employees or former employees may be subject to the arbitration requirements of the National Association of Securities Dealers, Inc. ("NASD") or the New York Stock Exchange, Inc. ("NYSE"). This Policy applies to any such person only to the extent that (i) the Company waives its right to compel arbitration of such person's claim(s) to NASD or NYSE arbitration, (ii) such person's claim(s) are not eligible for submission to NASD or NYSE arbitration, or (iii) the NASD or NYSE declines to accept such person's claim(s) for arbitration.

**Arbitration Rules and Procedures**

The following rules and procedures are based on, and largely incorporate, the Employment Dispute Resolution Rules (the "Rules") of the American Arbitration Association (the "AAA"). The Company has modified and expanded these rules and procedures in certain respects. In particular provisions regarding fees and costs have been modified to provide that many of the costs typically shared by the parties will be borne by the Company. In addition, provisions permitting limited discovery have been added to ensure equal access to relevant information.

(2)

1. **Initiation of Arbitration Proceeding**

   To initiate arbitration any person subject to this Policy must send a written demand for arbitration to Kenneth F. Spence, III, General Counsel. The demand must be received by Mr. Spence within the time period provided by the statute of limitations applicable to the claim(s) set forth in the demand. The Company may similarly initiate arbitration proceedings by service of a written demand for arbitration upon the employee or person subject to the terms of this Policy within the time period provided by the applicable statute of limitations.

   The demand shall set forth a statement of the nature of the dispute, including the alleged act or omission at issue; the names of all persons involved in the dispute; the amount in controversy, if any; and the remedy sought. Within thirty (30) calendar days of receiving such demand, or as soon as possible thereafter, the Company shall file the demand with the appropriate office of the AAA.

2. **Appointment of Neutral Arbitrator**

   The AAA shall appoint one neutral, arbitrator from its Employment Dispute Resolution Roster. It is the intent of the Company that the prospective arbitrators be diverse, experienced, knowledgeable with respect to employment related claims, neutral, and duly qualified to serve as an arbitrator under the AAA's Rules. The arbitrator shall be appointed in the following manner:

   (a) immediately after the filing of the demand, the AAA shall submit to each party an identical list of proposed arbitrators;

   (b) each party shall then have ten (10) business days from the mailing date of the list to cross off any two (2) names to which the party objects, number the remaining names in order of preference and return the list to the AAA;

   (c) if a party does not return the list within the time specified, all persons on the list shall be deemed acceptable to that party; and

   (d) the AAA shall invite the acceptance of the arbitrators remaining on the list in the order of preference specified by the parties to the extent the order can be reconciled by the AAA.

   In the event the parties fail to agree on any of the persons named, or if an acceptable arbitrator is unwilling to act, the AAA shall issue additional lists. In the event of an impasse in the selection of an arbitrator after three or more additional lists have been provided, the matter shall be heard by a panel of three arbitrators with each party selecting an arbitrator, and the two arbitrators selecting the third member of the panel.

3. **Qualifications of Neutral Arbitrator**

   No person shall serve as a neutral arbitrator in any matter in which that person has any financial or personal interest in the result of the proceeding. Prior to accepting appointment the prospective arbitrator shall disclose any circumstance likely to prevent a prompt hearing or to create a presumption of bias. Upon receipt of such information, the AAA will either replace that person or communicate the information to the parties for comment. Thereafter, the AAA may disqualify that person and its decision shall be conclusive.

4. **Vacancies**

   In the event of a vacancy the selection provisions set forth in Section 2 above shall be implemented again.

5. **Proceedings**

   The hearing shall be conducted by the arbitrator in whatever manner will most expeditiously permit full presentation of evidence and arguments of the parties. The arbitrator shall set the date, time and place of the hearing, notice of which must be given to the parties by the AAA at least thirty (30) calendar days in advance unless the parties agree otherwise. In the event the hearing cannot reasonably be completed in one day, the arbitrator will schedule the hearing to be continued on a mutually convenient date.

6. **Representation**

   Any party may be represented by an attorney or other representative (excluding any company supervisory employee) or by him or herself. For an employee or former employee without representation, the AAA will, upon request, provide reference to institutions which might offer assistance.

7. **Confidentiality of and Attendance at Hearing**

   The arbitrator shall maintain the confidentiality of the hearings unless the law provides to the contrary. The arbitrator shall have the authority to exclude witnesses, other than a party, from the hearing during the testimony of any other witness. The arbitrator shall also have the authority to decide whether any person who is not a witness may attend the hearing.

8. **Postponement**

   The arbitrator for good cause shown may postpone any hearing upon the request of a party or upon the arbitrator's own initiative, and shall also grant such postponement when all of the parties agree thereto.

9. **Oaths**

   Before proceeding with the first hearing, each arbitrator may take an oath of office and, if required by law, shall do so. The arbitrator may require a witness to testify under oath administered by any duly qualified person and, if it is required by law or requested by any party, shall do so.

10. **Stenographic Record**

    There shall be no stenographic record of these proceedings unless either party requests it. In the event a party requests a stenographic record, that party shall bear the cost of such a record. If both parties request a stenographic record, the cost shall be borne equally by the parties.

11. **Arbitration in the Absence of a Party**

    Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice fails to be present or fails to obtain a postponement. An award shall not be made solely on the default of a party. The arbitrator shall require the party who is present to submit such evidence as the arbitrator may require for the making of the award.

12. **Discovery**

    Each party shall be entitled to propound and serve upon the other party one set of interrogatories (limited to the identification of potential witnesses) and one set of requests for the production of documents in a form consistent with the Federal Rules of Civil Procedure. Upon the request of a party, the arbitrator may order further discovery consistent with the Rules of the AAA and the expedited nature of arbitration.

13. **Pre-Hearing Motions**

    The arbitrator shall be authorized to consider and rule upon pre-hearing motions, including dispositive motions.

14. **Evidence**

    The arbitrator shall be the judge of the relevance and materiality of the evidence offered and conformity to legal rules of evidence shall not be necessary.

### 15. Evidence by Affidavit and Filing of Documents

The arbitrator may receive and consider the evidence of witnesses by affidavit, but shall give it only such weight as the arbitrator deems it entitled to after consideration of any objection made to its admission. All documents to be considered by the arbitrator shall be filed at the hearing.

### 16. Closing of Hearing

The arbitrator shall ask whether the parties have any further proof to offer or witnesses to be heard. Upon receiving negative replies, or if satisfied that the record is complete, the arbitrator shall declare the hearing closed and the minutes thereof shall be recorded.

### 17. Reopening of Hearing

The hearing may be reopened on the arbitrator's initiative or upon application of a party, at any time before the award is made. As an exercise of discretion, the arbitrator may reopen the hearing and shall have thirty (30) days from the closing of the reopened hearing within which to make an award.

### 18. Waiver of Procedures

Any party who proceeds with the arbitration after knowledge that any provision or requirement of these procedures has not been complied with, and who fails to state objections thereto in writing, shall be deemed to have waived the right to object.

### 19. Time of Award

The award shall be made promptly by the arbitrator unless otherwise agreed by the parties or specified by law. The arbitrator shall be instructed to make the award within thirty (30) days of the close of the hearing or as soon as possible thereafter.

20. **Award**

   (a) Form. The award shall be in writing and shall be signed by the arbitrator. If either party requests, the arbitrator shall issue an opinion in writing, which shall set forth in summary form the reasons for the arbitrator's determination. All awards shall be executed in the manner required by law. The award shall be final and binding upon the employee and the Company, and judicial review shall be limited as provided by law.

   (b) Scope of Relief. The arbitrator shall be governed by applicable federal, state and/or local law and jurisdictionally limited to awarding relief that may be awarded in a court of law. Furthermore, the arbitrator shall be bound by applicable company policies and procedures and shall not have the authority to alter or otherwise modify the parties at will relationship or substitute his or her judgment for the lawful business judgment of Company management. The arbitrator shall have the authority to award compensatory damages and injunctive relief to the extent permitted by applicable law. The arbitrator shall not have the authority to award punitive or exemplary damages or attorneys' fees except where expressly provided by applicable statute (e.g., punitive damages under the Civil Rights Act of 1991). The arbitrator shall not have the authority to make any award that is arbitrary and capricious or to award to the Company the costs of the arbitration that it is otherwise required to bear under this policy.

21. **Delivery of Award to Parties**

   The parties shall accept as legal delivery of the award the placing of the award or a true copy thereof in the mail addressed to a party or its representative at the last known address via certified mail, return receipt, personal service of the award, or the filing of the award in any manner that is permitted by law.

22. **Enforcement**

   The award of the arbitrator may be enforced under the terms of the Federal Arbitration Act (9 U.S.C. §§ 1, *et seq.*) and/or under the law of any state to the maximum extent possible. If a court determines that the award is not completely enforceable, it shall be enforced and binding on both parties to the maximum extent permitted by law. If any part of this procedure is held to be void or unenforceable, the remainder of the procedure will be enforceable and any part may be severed from the remainder as appropriate.

23. **Judicial Proceedings and Exclusion of Liability**

   (a) Neither the AAA nor any arbitrator in a proceeding under these procedures is a necessary party in judicial proceedings relating to the arbitration.

   (b) Parties to these procedures shall be deemed to have consented that judgment upon the arbitration award may be entered in any federal or state court having jurisdiction thereof.

## 24. Expenses and Fees

Unless otherwise precluded by applicable law, expenses and fees shall be allocated as follows:

(a) <u>Filing Fees.</u> The Company shall pay any filing fee required by the AAA.

(b) <u>Hearing Fees and Arbitrator Fees.</u> The Company shall pay the hearing fee and arbitrator fee for the hearing.

(c) <u>Postponement/Cancellation Fees.</u> Postponement and cancellation fees shall be payable, at the discretion of the arbitrator, by the party causing the postponement or cancellation.

(d) <u>Other Expenses.</u> The expenses of witnesses shall be paid by the party requiring the presence of such witnesses. All other ordinary and reasonable expenses of the arbitration including hearing room expenses, travel expenses of the arbitrator, AAA representatives, and any witness produced at the arbitrator's direction, shall be paid completely by the Company.

(e) <u>Legal Fees and Expenses.</u> Each side shall pay its own legal fees and expenses subject to Paragraph 20(b) above.

The allocation of expenses as provided for in items (a) through (d) may not be disturbed by the arbitrator except where the arbitrator determines that a party's claims were frivolous or were asserted in bad faith.

## 25. Serving of Notice

Any parties, notices or process necessary or proper for the initiation or continuation of an arbitration under these procedures; for any court action in connection therewith; or for the entry of judgment on an award made under these procedures may be served on a party by mail addressed to the party or its representative at the last known address or by personal service, in or outside the state where the arbitration is to be held, provided that reasonable opportunity to be heard with regard thereto has been granted to the party. The AAA and the parties may also use facsimile transmission, telex, telegram, or other written forms of electronic communication to give the notices required by these procedures, provided that such notice is confirmed by the telephone or subsequent mailing to all affected parties.

### 26. Time Period for Arbitration

Any proceeding under this procedure must be brought within the time period provided for within the statute(s) of limitations applicable to the claims asserted by the claimant.

### 27. Interpretation and Application of Procedure

The arbitrator shall interpret and apply these procedures insofar as they relate to the arbitrator's powers and duties. All other procedures shall be interpreted and applied by the AAA.

---

Nothing in this provision shall be construed to negate the mutuality of this agreement to arbitrate, and the Company explicitly agrees to arbitrate, pursuant to this Policy, any disputed disciplinary action after it has been taken.

(9)

## St. Paul Travelers Internal Dispute Resolution Procedure (IDR)

St. Paul Travelers is committed to fair and equitable employment practices. We recognize that misunderstandings or conflicts can and do arise in the course of daily business relationships. While most situations resolve themselves naturally and employees are encouraged to discuss any concern they have with their immediate manager, there are times when an employee may wish to seek review of an employment-related issue or concern as well as an employment-related action or decision. The St. Paul Travelers Internal Dispute Resolution Procedure (IDR) is an impartial process by which employees may request resolution of any employment-related concern.

**STEP 1:** An employee who does not feel that his/her concern has been adequately addressed by his/her immediate manager may submit his/her concern in writing within thirty (30) calendar days to his/her immediate manager's manager, with a copy to the Human Resources representative. Employees should bring forward all information relating to the concern because the manager's decision will be based on the information submitted by the employee and gathered during the investigation, if one was necessary. The matter will be investigated and a response will be issued, in writing, within twenty (20) working days of receipt of the initial IDR.

**STEP 2:** If the employee is not satisfied with the response in Step 1, he/she may submit an appeal to the appropriate Senior Manager in the business unit within ten (10) working days of receiving an answer from Step 1, with a copy to the Senior Human Resources Manager in the business unit. The Senior Manager will consult with the Senior Human Resources Manager, and further investigation, if any is necessary, will be completed. A written response will be issued to the employee within twenty (20) working days from receipt of the appeal.

**STEP 3:** If the employee is not satisfied with the response in Step 2, he/she may submit an appeal to John Clifford, Senior Vice President, Human Resources, within ten (10) working days of receiving an answer from Step 2. John Clifford or his delegate will review the facts and circumstances giving rise to the employee's concern and issue a written response within twenty (20) working days from receipt of the appeal.

This step is the final level of appeal in the IDR. If the dispute is still not resolved after Step 3, and the claim is based upon legally protected rights (i.e. statutory, contractual or common law rights), the employee is entitled to request arbitration in accordance with the St. Paul Travelers Employment Arbitration Policy.

**ARBITRATION**

The St. Paul Travelers Employment Arbitration Policy makes arbitration the required and exclusive forum for the resolution of all employment-related disputes based on legally protected rights (i.e., statutory, contractual or common law rights) that may arise between an employee or former employee and the Company or its current and former parents, subsidiaries and affiliates and its and their current and former officers, directors, employees, and agents (and that are not resolved by the internal dispute resolution procedure), including without limitation claims, demands or actions under Title VII of the Civil Rights Act of 1964, the Civil Rights Acts of 1866 and 1991, the Age Discrimination in Employment Act of 1967, the Older Worker Benefit Protection Act of 1990, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Equal Pay Act of 1963, the Sarbanes Oxley Act of 2002, the Worker Adjustment and Retraining Notification Act, and any other federal, state or local statute, regulation or common law doctrine regarding employment discrimination, conditions of employment or termination of employment.

The only disputes not covered by the Employment Arbitration Policy are claims that an employee or former employee may have regarding workers' compensation, unemployment compensation benefits, or claims subject to the Employee Retirement Income Security Act of 1974 and all amendments thereto. Nothing in this Policy shall prevent either party from seeking from any court of competent jurisdiction injunctive relief in aid of arbitration. In addition, the Company reserves the right to pursue injunctive relief to secure compliance with any restrictive covenants or other obligations to which the employee remains subject. The Policy does not exclude the National Labor Relations Board from jurisdiction over disputes covered by the National Labor Relations Act. Similarly, this Policy does not exclude the jurisdiction of the Equal Employment Opportunity Commission (the "EEOC") and/or state and local human rights agencies to investigate alleged violations of the laws enforced by the EEOC and/or these agencies.

**Termination**

An employee may appeal a termination within thirty (30) calendar days of its occurrence. The appeal will automatically progress to Step 2 of the IDR process.

## Additional Information

IDR is a sequential process that stops whenever the individual bringing forward an employment-related concern accepts a decision at any one of the outlined steps.

At times it may be impractical to investigate the matter within the specified time limits of the IDR process. In these circumstances, Human Resources may extend the timeframe as necessary and appropriate. Manager levels and titles will be clarified throughout the process, so that the appropriate managers are contacted at each step in the process.

Concerns about workplace conditions, promotions, terminations, and disciplinary actions are typical types of issues raised in IDR. This process ensures prompt, confidential resolution of such issues. However, existing procedures for reporting alleged incidents of discrimination or harassment will remain in place to provide additional and alternative opportunities for confidential and private reports of such allegations. Such complaints may be raised directly with your Human Resources representative or Corporate Employee Relations.

The IDR process will be treated as confidential to the extent possible. However, employees should remember that in order to thoroughly investigate some situations, managers or HR may need to share with others some details of a concern/complaint.

Employees who wish to avail themselves of the IDR process will not be subject to any retaliatory action by management.

No disciplinary action or other management decision will be postponed as a result of the presentation of a dispute by the employee.

IDR does not constitute, nor should be construed to constitute, a waiver by St. Paul Travelers of its rights under the "employment at will" doctrine; nor does it afford employees or former employees any rights or remedies that individuals do not otherwise have under applicable law.

For further information and IDR forms please contact your Human Resources representative.