Michael J. Meyer  (State Bar No. 242706)
**LAW OFFICES OF MICHAEL J. MEYER**
1801 Clement Avenue, Suite 101
Alameda, California  94501
Telephone (510) 931-5720
Facsimile (510) 337-1431
Michael.Meyer@Meyer-Legal.com

Gordon M. Fauth, Jr. (State Bar No. 190280)
**FAUTH LAW OFFICES**
1801 Clement Avenue, Suite 101
Alameda, California  94501
Telephone (510) 238-9610
Facsimile (510) 337-1431
gmf@classlitigation.com

Attorneys for Plaintiff Eva Denes

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| EVA DENES,<br><br>        Plaintiff,<br><br>     v.<br><br>TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation; YVONNE GARRISON, an individual; and DOES 1 through 50, inclusive,<br><br>        Defendants | Case No. C-07-04811 CW<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br><br>Date:   January 24, 2008<br>Time:  2:00 p.m.<br>Dept:  2, 4th Floor<br>Judge:  The Honorable Claudia Wilken |

# TABLE OF CONTENTS

**Page(s)**

NOTICE OF MOTION AND MOTION FOR REMAND .............................................................. 1

ISSUES TO BE DECIDED ................................................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION ................ 2

    INTRODUCTION AND SUMMARY ...................................................................... 2

    FACTUAL AND PROCEDURAL BACKGROUND ......................................................... 3

    ARGUMENT .................................................................................................. 4

        I.    PLAINTIFF'S CLAIMS ARE NOT COMPLETELY PREEMPTED BY ERISA ............................................................................................... 4

            A.   There is a Strong Presumption Against Removal Jurisdiction ......................... 4

            B.   Defendants Argue for an Expansive View of ERISA Preemption That No Longer Exists – If it Ever Did .................................... 5

            C.   Plaintiff's Claims Do Not "Reference" or "Relate To" An ERISA Plan, Because They Do Not Affect Any ERISA Relationships. ................................. 6

                1.   Defendants Incorrectly State That Plaintiff's Contract Claim Seeks "Severance Pay" .................................................. 6

                2.   Plaintiff's Contract Claim Falls In A General Area Of Law Traditionally Regulated by the States, and Not In An Area of Concern to Congress .................................................. 7

                3.   Plaintiff's Claims Do Not Interfere With an ERISA Relationship ............. 8

                4.   Even If Damages Were Measured by Benefits Under an ERISA Plan, That Would Still Not Justify ERISA Preemption ............................... 9

            D.   Plaintiff's Contract Claims Do Not Fall Within the Scope of ERISA's Civil Enforcement Provisions and Can be Resolved Without Interpretation of Federal Law .......................................... 10

            E.   The Court Should Also Decline Jurisdiction Under Section 1441(c) ............. 12

        II.   DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THE COURT MAY NOT DISREGARD DEFENDANT GARRISON IN ITS JURISDICTIONAL DETERMINATION .............................................................. 12

A.  Diversity Jurisdiction Does Not Exist Because There Are Non-Diverse Parties ........................................................................................................ 12

B.  Defendant Garrison is Not a Sham Defendant Because She Can Be Held Individually Liable for Plaintiff's Injuries ................................................. 13

    1.  Legal Standards for Analysis of Joinder of Defendants ........................... 13

    2.  Defendant Garrison Could Be Liable Under State Law for Her Harassment of Plaintiff Denes. ................................................................. 14

    3.  Defendant Garrison Could be Liable Under State Law for Aiding and Abetting Age-Based Discrimination and Harassment ....................... 16

    4.  Defendant Garrison Could Be Liable Under State Law for Her Unlawful, Unfair and/or Fraudulent Acts in Violation of the Unfair Competition Law, Bus. & Prof. Code §§ 17200 *Et Seq.* .......................... 17

    5.  Defendant Garrison Could Be Liable Under State Law for Her Intentional Interference with Plaintiff's Contractual Relations ............... 18

    6.  Defendant Garrison Could Be Liable For Intentional Infliction of Emotional Distress ................................................................................... 19

CONCLUSION ............................................................................................................... 19

1

# TABLE OF AUTHORITIES

2

**CASES**

**Page(s)**

3
28 U.S.C. § 1441 ............................................................................................................ 5, 12

4
Aguilar v. Avis Rent A Car Systems, Inc., 21 Cal.4th 121 (1999). .......................................... 14

5
Alch v. Super. Ct., 19 Cal. Rptr. 3d 29 (Cal. App. 2004) ....................................................... 17

6
Ariz. State Carpenters Pension Trust Fund v. Citibank, 125 F.3d 715 (9th Cir. 1995). ............... 8

7
Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc., 519 U.S. 316 (1997).. 5, 6, 7,
      9

8
Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256 (5th Cir. 1995). ................................ 13

9
Collins v. Hertz Corp., B185398 (Cal.App. 10/10/2006) (Cal. App. 2006). .............................. 14

10
Coyne & Delany Co. v. Selman, 98 F.3d 1457 (4th Cir. 1996). ............................................... 8

11
CrossTalk Prods., Inc. v. Jacobson,  30 Cal. 4th 1 (1998) ..................................................... 18

12
Dodson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir. 1992) .......................................... 13

13
Emrich v. Touche Ross & Co., 846 F.2d 1190 (9th Cir. 1988) ................................................. 5

14
Fort Halifax Packing Co. v. Coyne, 482 U.S. 1 (1987). ......................................................... 9

15
Funkhouser v. Wells Fargo Bank, 289 F.3d 1174 (9th Cir. 2002) ..................................... 9, 10

16
Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992) ........................................................... 4, 13

17
General Am. Life Ins. Co. v. Castonguay, 984 F.2d 1518 (9th Cir. 1993). ................................ 9

18
Geweke Ford v. St. Joseph's Omni Preferred Care, Inc., 130 F.3d 1355 (9th Cir. 1997). ............ passim

19
Good v. Prudential Ins. Co. of Am., 5 F.Supp.2d 804 (9th Cir. 1988). .................................... 13

20
Green v. Amerada Hess Corp., 707 F.2d 201 (5th Cir. 1983). ............................................... 13

21
Hanovi Corp. v. San Francisco Pension Corp, 1993 U.S. Dist. LEXIS 18314 at *9 (N.D. Cal. Dec. 15,
      1993). ........................................................................................................................ 7

22
Herr v. Nestle U.S.A., Inc., 135 Cal. Rptr. 2d 477 (Cal. App. 2003). ....................................... 17

23
Jaffe v. Carroll, 35 Cal.App.3d 53, 57 (1973). .................................................................... 16

24
Jernigan v. Ashland Oil Co., 989 F.2d 812 (5th Cir. 1993). ................................................... 13

25
Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088 (9th Cir. 1983) ........................................ 12

26
Lovejoy v. AT&T Corp. 92 Cal.App.4th 85 (2001). .............................................................. 16

27
Macey v. Allstate Prop. & Cas. Co.,  220 F.Supp.2d 1116 (N.D. Cal. 2002) ............................. 13

New York Conf. of Blue Cross v. Travelers, 514 U.S. 645 (1995) ..................................... 2, 5, 6, 8

28

*Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671 (9th Cir. 1997). ................................................................................................................................................ 6

*Pedre Co., Inc. v. Robins*, 901 F. Supp. 660 (S.D.N.Y. 1995) ............................................................ 10

*People v. Dollar Rent-A-Car Systems, Inc.*, 211 Cal. App. 3d 119 (1989). ......................................... 17

*People v. Los Angeles Palm, Inc.*, 121 Cal.App.3d 25 (1981). ............................................................ 17

*Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632 (1996). ..................................................... 18

*Pullman Co. v. Jenkins*, 305 U.S. 534 (1939). .................................................................................... 13

*Reeves v. Hanlon*, 33 Cal. 4th 1140 (Cal. App. 2004) ......................................................................... 18

*Rice v. Panchal*, 65 F.3d 637 (7th Cir. 1995) ..................................................................................... 10

*Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313 (9th Cir. 1998). .............................................................. 14

*Roessert v. Health Net*, 929 F.Supp. 343 (N.D. Cal. 1996) ................................................................ 10

*Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941) ................................................................. 5

*Shaw v. Delta Air Lines, Inc.*, 463 U.S. 91 (1983). .............................................................................. 11

*State Farm v. Super. Ct.*, 45 Cal. App. 4th 1093 (1996). ............................................................... 13, 18

*State Rubbish etc. Assn. v. Siliznoff*, 38 Cal.2d 330 (1952) ................................................................ 19

*Thiokol Corp. v. Roberts*, 76 F.3d 751, 755 (6th Cir. 1996) ................................................................. 9

*Toumajian v. Frailey*, 135 F.3d 648 (9th Cir. 1998) ................................................................... passim

*Vizcaino v. Microsoft Corp.*, 97 F.3d 1187 (9th Cir. 1996). ................................................................. 8

*Weaver v. Ormco Corp.*, G033036 (Cal. App. 5/23/2007) (Cal. App. 2007) ..................................... 16

*Wilkinson v. Times Mirror Corp.*, 215 Cal.App.3d 1034 (Cal. App. 1 Dist. 1989) ............................ 17

**STATUTES**

28 U.S.C. § 1331 ................................................................................................................................. 12

29 U.S.C. § 1001 ......................................................................................................................... 2, 5, 8

29 U.S.C. § 1132 ........................................................................................................................... 10, 11

29 U.S.C. § 1144 ................................................................................................................................. 10

Cal. Gov't. C. § 12940 .......................................................................................................... 12, 14, 16, 17

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION FOR REMAND

TO DEFENDANTS TRAVELERS INDEMNITY COMPANY AND YVONNE GARRISON AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that Plaintiff in the above-entitled action will and hereby does move the United States District Court for the Northern District of California, in the courtroom of the Honorable Claudia Wilken, on January 24, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, for an order remanding this action to state court pursuant to 28 U.S.C. § 1447. Plaintiff's motion is based upon the Memorandum of Points and Authorities, the complaint, all papers filed in the case, the arguments of counsel, and upon such other matters as the Court may consider.  Plaintiff seeks remand of this matter on the grounds that the claims set forth in her Complaint arise solely under state law; there is no diversity jurisdiction; this Court has no jurisdiction over the case; and there was no proper basis for removal of her claims to federal court.

## ISSUES TO BE DECIDED

1.      Given that Plaintiff Denes and Defendant Garrison are both citizens of California, did Defendants properly remove this case to this Court on the ground that the Court has jurisdiction of the case under 28 U.S.C. § 1332?

2.      Given that Plaintiff's allegations raise no federal questions but rather assert claims under state law, did Defendants properly remove this case to this court on the ground that the Court has jurisdiction of the case under 28 U.S.C. § 1331?

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION

## INTRODUCTION AND SUMMARY

3

4

Defendants misconstrue Plaintiff's complaint and the law in their attempts to justify their improper removal of this case from the California court in which it was filed.

5

6

7

8

9

10

11

12

13

Complete preemption by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq., requires both that the state law claims in question:  (1) relate to an ERISA employee benefit plan such as to interfere with the ERISA relationship; and (2) fall within the civil enforcement provisions of ERISA.  *See Toumajian v. Frailey*, 135 F.3d 648, 654 (9th Cir. 1998), *following New York Conf. of Blue Cross v. Travelers*, 514 U.S. 645 (1995) (scaling back courts' previous views of ERISA preemption).  Plaintiff's claims do neither.  Furthermore, Defendants misuse pre-*Travelers* case law to argue for an expansive view of preemption which no longer exists.  However, under either standard, Plaintiff Eva Denes does not claim ERISA benefits, and her state law contract claim does not even implicate an employee benefit plan.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Defendant erroneously argue that Denes claims severance benefits.  To the contrary, in the factual section of her complaint, she merely recounts what happened—that because of Defendants' age discrimination, she was thrown out after thirty-one years of faithful service and was not even paid the accumulated severance pay that she was "eligible" for before her dismissal.  She does not say she is entitled to severance pay, and does not say that she seeks severance pay following her dismissal.  Her contract claim does not even mention "severance pay."  As Defendants themselves concede, Denes would have become entitled to severance pay only if they had downsized her department.  (Notice of Removal at 3 ¶ 5.)  Far from alleging that Defendants downsized her department, Denes alleges that Travelers eliminated five older employees and underlined replaced them with younger employees.  (Compl. ¶ 15.)  Furthermore, ERISA's civil enforcement provisions do not provide a remedy for Plaintiff's claims.  She pleads claims for age discrimination and violation of an agreement that she would not be fired so long as she continued to perform.  Her claims are outside the ambit of ERISA.  Therefore, on both prongs of the test, there can be no preemption to justify removal.

28

Similarly, there is no diversity jurisdiction. Plaintiff Denes and Defendant Garrison are both citizens of California. As Defendants themselves concede, Plaintiff alleges Garrison was a prime mover in the campaign that resulted in her dismissal. Therefore, Garrison cannot be a "sham" defendant as claimed by Defendants; and, as there is not complete diversity between the parties, there can be no diversity jurisdiction.

For these and other reasons set forth herein, removal was improper; and this case should be remanded to the California court from which it was removed.

## FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the complaint, Plaintiff Denes faithfully worked for Travelers for thirty-one years, most of the time at its offices in Walnut Creek. (Compl. ¶¶ 1, 9.) As a Senior Technical Specialist, Denes handled and settled cases for Travelers, and received numerous commendations in recognition of her good service. (*Id.*)

In 2003, Travelers merged with St. Paul Insurance Company. (*Id.* ¶ 10.) Thereafter Defendants, including Defendant Garrison, who was a St. Paul manager assigned to Traveler's Walnut Creek office, began harassing older employees, including Denes, in a campaign to force older workers to leave. (*See id.* ¶¶ 10-12.) The harassment and discrimination included inflicting extra work and different conditions on Traveler's over-50 workers, then subjecting them to a barrage of critical pretexuous reviews. (*Id.*) Denes complained about the discrimination and harrassment, but Travelers ignored her complaints. (*Id.* ¶ 13.) Defendant Garrison was a prime mover behind the campaign of harassment, essentially acting as the hatchetperson for Travelers. In this role, Defendant Garrison committed numerous acts of harassment against Denes, including removing and hiding her belongings in an effort to interrupt Denes productivity and set Denes up for failure. (Compl. ¶ 12.) Garrison also directed other employees to engage in similar misconduct. (Compl. ¶ 10.)

On August 15, 2005, Defendant Garrison fired Denes. (Compl. ¶ 16.) Denes and at least four other senior employees in Denes' department, all over 50, were fired or constructively

1    terminated from their jobs at Travelers because of their age.  (*Id.*)  They were all replaced by

2    younger workers.  (*Id.*)

3        Within the time provided by law, Plaintiff filed a complaint with the California

4    Department of Fair Employment and Housing, and was ultimately issued a "right to sue" letter.

5    (*Id.* ¶ 29.)

6        On August 3, 2007, Denes filed her complaint in the Superior Court for the State of

7    California, County of Contra Costa.  The complaint alleges age discrimination in violation of the

8    California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 and

9    12941; failure to prevent discrimination in violation of FEHA; breach of Denes' employment

10   contract with Travelers; breach of the covenant of good faith and fair dealing; and violations of

11   California Business and Professions Code sections 17200 *et seq.*, including unfair and fraudulent

12   business practices and violations of other California laws.  (Compl. ¶¶ 24-56.)

13       On September 17, 2007, Defendants Travelers and Garrison filed a notice of removal,

14   removing the case to federal Court, ostensibly on grounds of federal question jurisdiction and

15   diversity jurisdiction.[1]

16

17                              **ARGUMENT**

18
19   I.    **PLAINTIFF'S CLAIMS ARE NOT COMPLETELY PREEMPTED BY ERISA**

20        A.    **There is a Strong Presumption Against Removal Jurisdiction**

21

22        Conflict preemption does not justify removal; instead, for removal jurisdiction to exist,

23   Congress must have so completely preempted an area of law that a claim is required to be federal

24   in nature.  *Toumajian v. Frailey*, 135 F.3d 648, 653-54 (9th Cir. 1998). There is a strong

25   presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

26   ──────────────
     [1] Defendants have since filed a motion to compel arbitration.  Defendants' motion to compel
27   arbitration must be held in abeyance so that the Court can first decide whether it has jurisdiction
     over this case.  *See Toumajian v. Frailey*, 135 F.3d 648, 658 (9th Cir. 1998) (district court
28   obligated to consider "threshold question of subject-matter jurisdiction" as soon as raised).

The removal statute, 28 U.S.C. § 1441, is strictly construed, with all doubts about the propriety of federal jurisdiction resolved against removal. *Gaus*, 980 F.2d at 566; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  The party seeking removal bears the burden of proving that the federal district court has subject matter jurisdiction. *Gaus*, 980 F.2d at 566; *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).  To meet its burden, the party seeking removal must justify its jurisdictional allegations by a preponderance of the evidence. *Gaus*, 980 F.2d at 567.

### B.    Defendants Argue for an Expansive View of ERISA Preemption That No Longer Exists – If it Ever Did

Complete preemption by ERISA, 29 U.S.C. § 1001, et seq., exists only where the state law claim both "'relates to' an ERISA plan within the meaning of § 1144(a) and falls within the scope of ERISA's civil enforcement found in § 1132(a)." *Toumajian*, 135 F.3d at 654-55.  A state law "relates to" a plan if it has the proper "connection with" or "reference to" an ERISA plan.  *Cal. Div. of Labor Standards Enforcement v. Dillingham Constr., N.A., Inc.*, 519 U.S. 316, 324 (1997).

Defendants rely on older case law to argue for an "expansive" interpretation bringing most any tangential issue within the sweep of section 1144(a)'s "relate to" language.  (*See* Notice of Removal at 4 ¶ 6.)  However, in *New York Conf. of Blue Cross v. Travelers*, 514 U.S. 645 (1995), the Supreme Court scaled back courts' previous, expansive view of ERISA preemption: " If 'relate to' were taken to extend to the furthest stretch of its indeterminacy, then for all practical purposes preemption would never run its course . . . ." *Id* at 656.  "But that, of course, would be to read Congress's words of limitation as mere sham, and to read the presumption against preemption out of the law whenever Congress speaks to the matter with generality." *Id.* "We simply must go beyond the unhelpful text and the frustrating difficulty of defining its key term, and look instead to the objectives of the ERISA statute as a guide to the scope of the state law that Congress understood would survive." *Id* at 656.  Analyzing Congressional purpose, the Court found that, "[t]he basic thrust of the pre-emption clause, then, was to avoid a multiplicity

1    of regulation in order to permit the nationally uniform administration of employee benefit plans."

2    *Id* at 657.

3         In the wake of *Travelers*, ERISA preemption is governed by principles of "ordinary field

4    preemption, and, of course, ordinary conflict preemption."  *Dillingham*, 519 U.S. at 336 (Scalia,

5    J. joined by Ginsburg, J. concurring*); see also Toumajian*, 135 F.3d at 654 n.3 ("Recently, the

6    scope of this broad 'relate to' preemption was markedly narrowed."); *Operating Engineers*

7    *Health and Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671, 679 (9th Cir. 1997)

8    (noting that "the breadth of federal preemption" described in pre-*Travelers* decisions is no longer

9    "good law").

10        Under post-*Travelers* case law, it is clear that Plaintiff's claims neither relate to an ERISA

11   plan nor fall within the scope of ERISA's civil enforcement provisions.

12   **C.    Plaintiff's Claims Do Not "Reference" or "Relate To" An ERISA Plan,**
13   **Because They Do Not Affect Any ERISA Relationships.**

14        **1.    Defendants Incorrectly State That Plaintiff's Contract Claim Seeks**
15        **"Severance Pay"**

16        As a threshold matter, Defendants' entire argument for ERISA preemption is based on

17   their erroneous insistence that Plaintiff's contract claim seeks "severance pay." (Notice of

18   Removal at 2 ¶¶ 4-5.)  But, Plaintiff's contract claim says nothing about being entitled to or

19   seeking severance pay.  (Compl. ¶¶ 39-45.)  The passage in the factual section of the complaint

20   on which Defendants seize merely describes what happened—that after thirty-one years of

21   faithful service, Travelers cold-heartedly threw Plaintiff out, did not pay her any of the severance

22   pay that she was "eligible" for  at the "time" of her termination, and did not offer her any of the

23   other "numerous" alternative positions for which she was qualified.  (Compl. ¶¶ 18-20.)  As

24   Defendants themselves concede, Plaintiff would have become entitled to severance pay only if

25   she had been "terminated due to a reduction in force." (Notice of Removal at 3 ¶ 5.)  Far from

26   alleging that Plaintiff downsized her department, entitling her to severance pay, Plaintiff alleges

27   that Defendants harassed her and carried out a campaign to eliminate her because of her age, as it

28

did with other older workers, <u>and that it replaced the eliminated older workers with younger</u> <u>ones</u>:

> As the direct and proximate result of Defendants' discriminatory campaign, Denes and at least four other senior employees in her department were terminated or forced out of their job positions with Travelers.  These employees were over age 50 at the time of their ouster.  They were replaced by younger workers.

(Compl. ¶ 15.)

Thus, at the time of her termination, Denes was <u>eligible</u> for severance pay in the proper circumstances, but could not become <u>entitled</u> to it so long as she remained employed.  And, as Defendants themselves impliedly concede, Denes does not allege the dismissal circumstances that would have entitled her to severance pay.  Denes alleges that Defendants breached their contract by harassing her because of her age and by <u>firing</u> her.  (Compl. ¶ 44.)  She claims that as a result of being fired, she "has suffered and continues to suffer substantial losses in earnings, bonuses, and other employment benefits . . .  "  (<u>Id.</u> ¶ 45.)  Denes does not, anywhere in her complaint, ask for or challenge any determination regarding severance pay.

Therefore, as Plaintiff's complaint does not seek severance pay, an ERISA plan cannot be implicated, and Defendants, by their own logic, have improperly removed this case.

## 2. Plaintiff's Contract Claim Falls In A General Area Of Law Traditionally Regulated by the States, and Not In An Area of Concern to Congress

"Contract law is a general area of law, traditionally regulated by the states, which does not necessarily affect the relationships regulated under ERISA among employer, plan, participant, and fiduciary." *Geweke Ford v. St. Joseph's Omni Preferred Care, Inc.*, 130 F.3d 1355, 1359 (9th Cir. 1997).  As in *Hanovi* and *Geweke Ford*, the fact that Plaintiff's claims are in areas traditionally left to state regulation "mitigates against a finding of preemption."  *Hanovi Corp. v. San Francisco Pension Corp,* 1993 U.S. Dist. LEXIS 18314 at *9 (N.D. Cal. Dec. 15, 1993); *see also Dillingham Constr.*, 519 U.S. at 325 (the "historic police powers of the States" are not to be preempted unless that is the "clear and manifest purpose" of Congress).

Plaintiff's claims do not involve any of the areas in which the Supreme Court has found Congress intended ERISA to preempt state laws:

First, Congress intended ERISA to preempt state laws that "mandate[ ] employee benefit structures or their administration."

. . .

Second, Congress intended to preempt state laws that bind employers or plan administrators to particular choices or preclude uniform administrative practice, thereby functioning as a regulation of an ERISA plan itself.

. . .

Third, in keeping with the purpose of ERISA's preemption clause, Congress intended to preempt "state laws providing alternate enforcement mechanisms" for employees to obtain ERISA plan benefits.

*Ariz. State Carpenters Pension Trust Fund v. Citibank*, 125 F.3d 715, 723 (9th Cir. 1995) (quoting *Coyne & Delany Co. v. Selman*, 98 F.3d 1457, 1468 (4th Cir. 1996) (quoting *New York Conf.*, 514 U.S. at 658 (internal quotations omitted))) (alterations in original).

Plaintiff seeks redress for harassment and age discrimination, breach of contract and unfair business practices.  Plaintiff's contract claim says nothing about "employee benefit structures or their administration."  (*See* Complaint ¶¶ 39-45.)  Plaintiff is not suing to "bind employers or plan administrators to particular choices or preclude uniform administrative practice."  Nor is Plaintiff an employee suing under a law which provides "alternate enforcement mechanisms" for obtaining ERISA plan benefits.  Therefore, Plaintiff's claims do not fall in an area that Congress intended to regulate, and are not completely preempted.  *See Geweke Ford*, 130 F.3d at 1359-60 (contract claim against day-to-day plan administrator for failing to administer and process benefit claims fell outside the scope of ERISA preemption).

### 3.    Plaintiff's Claims Do Not Interfere With an ERISA Relationship

Furthermore, Denes' state law contract claim does not "relate to" an ERISA plan because it does not interfere with the administration of an ERISA plan.  "ERISA is a remedial statute designed to protect the interests of employees in pension and welfare benefit plans." *Vizcaino v. Microsoft Corp.*, 97 F.3d 1187, 1192 (9th Cir. 1996).  Complete preemption by ERISA, 29 U.S.C. § 1001, et seq., exists only where the state law claim "'relates to' an ERISA plan within the meaning of § 1144(a) . . . . " *Toumajian*, 135 F.3d at 654-55.  "[T]he Supreme Court does

not require that state laws have absolutely zero effect on ERISA plans, for this likely would be impossible as a matter of logic or practicality.  State property, contract, and tort law all surely have some effect on ERISA plans, but they are not preempted."  *Thiokol Corp. v. Roberts*, 76 F.3d 751, 755 (6th Cir. 1996), *cert. denied*, 117 Sup.Ct. 2448 (1997). The Supreme Court has explained that state law makes a "reference" to ERISA when it acts "immediately and exclusively" upon ERISA plans, or where the existence of ERISA plans is "essential to the law's operation." *Dillingham Constr.*, 519 U.S. at 325.  Under the "relationship test" used by the Ninth Circuit, "[a] State law claim is preempted if it 'encroaches on the relationships regulated by ERISA.'"  *Geweke Ford*, 130 F.3d at 1358 (quoting *General Am. Life Ins. Co. v. Castonguay*, 984 F.2d 1518, 1522 (9th Cir. 1993)).

Plaintiff's age discrimination and contracts claim do not encroach upon any ERISA-governed relationship.  Plaintiff's complaint does not claim Defendants' pension plan was improperly set up or administered—it makes no allegations about its administration at all--and Plaintiff has not sought to change that plan or its administration in any manner.  Even Defendants impliedly concede as much.  If Defendants' expansive reading of ERISA were correct, all claims by an employee against an employer with an ERISA plan would trigger complete preemption.  However, under cases including *Thiokol Corp.* and *Geweke Ford*, more is required; and any speculative, attenuated effect of Plaintiff's state-law claims (assuming *arguendo* there is any) simply does not rise to a level to trigger preemption.

### 4.  Even If Damages Were Measured by Benefits Under an ERISA Plan, That Would Still Not Justify ERISA Preemption

While, as stated above, Defendants are wrong to think that Plaintiff's contract claim is for ERISA plan benefits, even if her damages were measured by pension plan benefits, that would still not provide the complete preemption necessary to justify removal.  To "relate to" an ERISA plan, the state claim may not merely relate to the *benefits* of an ERISA plan, but must implicate the *plan* itself.  *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 7 (1987).  In *Funkhouser v. Wells Fargo Bank*, 289 F.3d 1174 (9th Cir. 2002), the Ninth Circuit considered this very issue.

There, Wells Fargo argued that its employee's breach of contract claim was completely preempted because a remedy would require reference to its ERISA plan to calculate damages. *Id.* at 1143.  The Ninth Circuit rejected the argument, finding that "a claim does not 'relate to' an ERISA employee benefit plan simply because a court would refer to the plan in calculating damages.  It would lead to 'absurd results' if ERISA preempted claims simply because employee benefit plans were relevant to calculating damages."  *Id.* at 1143-44 (internal citations omitted).

D.    **Plaintiff's Contract Claims Do Not Fall Within the Scope of ERISA's Civil Enforcement Provisions and Can be Resolved Without Interpretation of Federal Law**

Furthermore, there is no ERISA preemption here because Denes' contract claim does not fall within the scope of ERISA's civil enforcement provisions, and can be resolved without recourse to federal law.  Complete preemption by ERISA exists only where the state law claim both "'relates to' an ERISA plan within the meaning of § 1144(a) and falls within the scope of ERISA's civil enforcement found in § 1132(a)."  *Toumajian*, 135 F.3d at 654-55 (emphasis added.)  The lack of an ERISA remedy, although not determinative, counsels strongly against preemption.  *See Geweke Ford*, 130 F.3d at 1359; *Pedre Co., Inc. v. Robins*, 901 F. Supp. 660, 665 (S.D.N.Y. 1995) (courts have held that funds lacking ERISA cause of action may assert common law claims).  Conversely, courts have found that "'complete preemption is required where a state law claim cannot be resolved without an interpretation of the contract governed by federal law.'" *Roessert v. Health Net*, 929 F.Supp. 343, 351 (N.D. Cal. 1996) (quoting *Rice v. Panchal*, 65 F.3d 637, 644 (7th Cir. 1995).  "Thus the appropriate inquiry is whether the claim rests upon the terms of the plan or requires construction of plan language."  *Roessert* at 351 (internal quotes omitted).

Denes alleges that Defendants breached their contract in the following ways:

A.    Subjecting Denes to different standards from those set for other employees;

B.    Subjecting Denes to extraordinary demands and/or work conditions with the intent to set up Plaintiff for failure;

C.    Terminating Denes' employment without good cause and for reasons that have nothing to do with legitimate business justification, instead deriving from pretextuous machinations.

D.    Failing to follow the personnel policies that had existed for decades before Denes was terminated and that existed at the time Plaintiff was terminated.

E.    Failing to apply personnel policies to Denes as they would for other, younger employees.

F.    Failing and refusing to place Denes in alternative positions that were available and for which she was well-qualified.

(Compl. ¶ 44.)

Plaintiff's claim for contract damages states, "As a proximate result of Traveler's breach, Denes has suffered and continues to suffer substantial losses in earnings, bonuses, and other employment benefits that she would have received had Defendants not breached said agreement, including but not limited to expenses incurred in attempts to obtain substitute employment. According, Plaintiff is entitled to and seeks damages in an amount according to proof." (*Id.* ¶ 45.)

Plaintiff's claims on their face are for age discrimination. She alleges that, because of her age, Travelers discriminated against her, harassed her, and ultimately deprived her of employment. (*See* Complaint ¶¶ 11-17.) Her claims do not concern a retirement or ERISA-benefit plan, and thus do not fall within the ambit of ERISA's section 1132(a) enforcement provisions. ERISA "does not itself proscribe discrimination in the provision of employee benefits." *See Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 91 (1983). Therefore, not only can Plaintiff's contract claims be resolved without recourse to the language of an ERISA plan or federal law, those would be of no help in determining the validity of her claims, which will stand or fall on her ability to prove that Travelers made the promises she alleges were broken. Therefore, for these reasons also, removal jurisdiction does not exist.

1
2

### E.    The Court Should Also Decline Jurisdiction Under Section 1441(c)

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

The Court should also exercise its discretion to remand a case in which state law clearly predominates in all of Plaintiff's claims.  "Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which state law predominates."  28 U.S.C. § 1441(c).  Here, aside from her contract claim, which falls in an area of law traditionally regulated by the states, *see Geweke Ford*, 130 F.3d at 1359, Plaintiff asserts claims for age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 and 12941; failure to prevent discrimination in violation of FEHA; and violations of California Business and Professions Code sections 17200 *et seq.*  In promulgating these statutes, the California state legislature has determined that these are areas in which California has a strong interest in policing business activities involving its citizens.  Therefore, these claims should be decided by a California court.

18
19

For all the reasons stated above, Plaintiff's claims are not completely preempted; and removal was improper.

20
21
22

### II.    DIVERSITY JURISDICTION DOES NOT EXIST BECAUSE THE COURT MAY NOT DISREGARD DEFENDANT GARRISON IN ITS JURISDICTIONAL DETERMINATION

23

#### A.    Diversity Jurisdiction Does Not Exist Because There Are Non-Diverse Parties

24
25
26
27
28

Any doubt as to whether jurisdiction exists is normally resolved against a finding of such jurisdiction.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).  Diversity jurisdiction requires that all parties to the action be citizens of different states.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires that all defendants be diverse from all

plaintiffs.  *Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939).  Upon removal, the burden of establishing federal jurisdiction is on the defendant who is invoking removal jurisdiction.

In the instant case, Plaintiff Eva Denes is a citizen of the State of California.  Defendant Yvonne Garrison is also a citizen of the State of California.  Therefore, complete diversity fails and the exercise of diversity jurisdiction is improper.

**B.    Defendant Garrison is Not a Sham Defendant Because She Can Be Held Individually Liable for Plaintiff's Injuries**

**1.    Legal Standards for Analysis of Joinder of Defendants**

If the allegations of a removal notice are challenged by Plaintiff, the burden is on the defendant to prove the existence of jurisdictional facts (e.g., complete diversity).  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  The removing defendant has the <u>heavy burden</u> of alleging and proving the nondiverse party's joinder is a "sham."  *Jernigan v. Ashland Oil Co*., 989 F.2d 812, 815-816 (5th Cir. 1993) (emphasis added).  The burden of proving a fraudulent joinder is a heavy one.  The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.  *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983); *see also Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (9th Cir. 1988).

In making its determination, the court resolves "all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-moving party."  *Dodson v. Spiliada Maritime Corp*., 951 F.2d 40, 42-43 (5th Cir. 1992).  Even a "tenuous proposition" under state law is sufficient.  *Macey v. Allstate Prop. & Cas. Co*., 220 F.Supp.2d 1116, 1118 (N.D. Cal. 2002).

Finally, courts may look to "summary judgment-type evidence such as affidavits and deposition testimony" in determining whether joinder of a particular defendant is valid or fraudulent.  *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995).

As is shown below, defendants cannot meet their heavy burden of proving that Defendant Garrison was fraudulently joined.

*//*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### 2.   Defendant Garrison Could Be Liable Under State Law for Her Harassment of Plaintiff Denes.

If there is any possibility that Defendant Garrison could be liable under state law for the injuries sustained by Plaintiff, then Defendant Garrison is not a "sham" defendant for purposes of removal analysis. *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-1319 (9th Cir. 1998). "[H]arassment on the basis of any characteristic protected by FEHA is actionable." *Collins v. Hertz Corp.*, B185398 (Cal.App. 10/10/2006) (Cal. App. 2006) *citing Aguilar v. Avis Rent A Car Systems, Inc*., 21 Cal.4th 121, 129 (1999). An individual employee may be held personally liable for acts of age-based harassment committed during the course and scope of employment. Cal. Gov't. C. § 12940(j)(3).

In her Complaint, Plaintiff has alleged that Defendant Garrison engaged in numerous acts of "age-based harassment." (Compl. ¶¶ 1, 10). Plaintiff has further alleged sufficient facts to support her claim for harassment against Defendant Garrison. For example, Garrison "took away from her materials that she needed to perform her job." (Compl. ¶ 12). "She was subject to constant demands intended to interfere with her work." (Id.) Plaintiff alleges that Defendants engaged in an "unrelenting campaign of harassment and discrimination." (Compl. ¶ 27). Plaintiff was subjected to off-color remarks about her age, including the suggestion that she "consider retirement." (Compl. ¶ 27). These acts of harassment created such a hostile work environment that Plaintiff complained to a Human Resources Manager. (Compl. ¶ 13). These factual allegations are sufficient to support a cause of action against Defendant Garrison.

In their Notice of Removal, Defendants place great weight on the decision in *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55 (1996), for the proposition that "personnel management actions such as hiring and firing, job or project assignments, office or work station assignments . . ." are in the category of actions that cannot be construed as "harassment." Defendants further suggest that, because Plaintiff has alleged that Defendant Garrison committed these sorts of acts, she may not be found personally liable for harassment. Defendants' selective application of *Janken* is fundamentally flawed.

The *Janken* Court was concerned with differentiating between "discrimination" and "harassment," and stated that "harassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

bigotry or for other personal motives . . . [d]iscrimination claims, by contrast, arise out of the performance of necessary personnel management duties." *Id.* at 63. The Court further stated that, "[w]hile harassment is not a type of conduct necessary to personnel management, making decisions is a type of conduct essential to personnel management . . . [w]hile it is possible to avoid making personnel decisions on a prohibited discriminatory basis, it is not possible either to avoid making personnel decisions or to prevent the claim that those decisions were discriminatory." *Id.* at 64.

Defendants apply *Janken* to their discriminatory acts only, such as the infliction of menial tasks on older employees, and arrive at the conclusion that all of Defendant Garrisons acts were, therefore discriminatory in nature. However, Plaintiff has alleged acts of harassment as well. For example, it is difficult to conceive how, as a supervisor, Defendant Garrison's purposeful taking away or hiding the personal belongings of an employee for the purpose of interfering with that employee's job performance could be construed as a "necessary personnel management duty." Indeed, much of Defendant Garrison's campaign of harassment appears wholly "outside the scope of necessary job performance," which is probative of its harassing nature under the *Janken* rationale. There is a strong likelihood that Defendant Garrison's conduct, as alleged in Plaintiff's Complaint, will be construed as "harassment" in the state court action. Thus, Defendant Garrison's campaign of harassment will potentially result in her liability for the injuries sustained by Plaintiff, and she cannot be a sham defendant.

Defendants also base their strong contention that "[t]here is absolutely no possibility that Plaintiff will be able to establish liability against Garrison under any of the causes of action alleged" on their analysis of the headings of the five causes of action in Plaintiffs Complaint. Notice of Removal, ¶ 13. Defendants list those five headings and surmise that, because none of them appear to speak to the liability of Defendant Garrison, it will be impossible to establish she could be liable for Plaintiff's injuries. However, the determination of whether an action can be sustained against Defendant Garrison must be made not only on those headings, but also on the facts alleged under those headings:

"It is an elementary principle of modern pleading that the nature and character of a pleading is to be determined from its allegations, regardless of what it may be called, and that the subject matter of an action and issues involved are determined from the facts alleged rather than

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

from the title of the pleadings . . . ." *Lovejoy v. AT&T Corp*. 92 Cal.App.4th 85 (2001) (quoting *Jaffe v. Carroll*, 35 Cal.App.3d 53, 57 (1973)). Courts have permitted allegations of both discrimination and harassment in the same cause of action. *See, e.g., Weaver v. Ormco Corp.*, G033036 (Cal. App. 5/23/2007) (Cal. App. 2007). As shown above, Plaintiff has alleged facts sufficient to maintain a cause of action for harassment against Defendant Garrison in the Complaint. Notwithstanding the fact that the first cause of action bears the heading "For Age Discrimination," the allegations therein and the allegations in the "Facts Common to All Causes of Action" section are sufficient to support a finding of harassment also. Therefore, Defendants have again failed to meet their heavy burden of proving that Defendant Garrision's joinder is a "sham."

### 3.    Defendant Garrison Could be Liable Under State Law for Aiding and Abetting Age-Based Discrimination and Harassment

California Government Code section 12940(i) renders it unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this part, or attempt to do so." Age-based discrimination and age-based harassment are acts forbidden under Section 12940. Defendant Garrison can be liable for her acts of aiding, abetting, inciting and compelling other employees and managers to commit these acts.

It should be noted that the *Janken* court ruled that individual supervisory employees do not "aid" or "abet" their corporate employers when they engage in acts of discrimination or harassment. The rationale in *Janken* was that "aiding and abetting occurs when one helps another commit a prohibited act, and because a corporation may only act through its employees, the necessary element of "concert" was missing. *Janken* at 78-79. That is, an employee does not aid or abet the corporation because the corporation is not an independent actor that can be aided or abetted. However, Defendant Garrison's actions extended to aiding and abetting other individuals in the wrongful activity.

Plaintiff has alleged that Defendant Garrison aided and abetted not the corporation, but other employees. Specifically, "[d]efendants actively encouraged the harassment of older employees by supervisors, with the aim of facilitating older employees actual or constructive termination." (Compl. ¶ 10.) Additionally, "[m]anagers who wanted to give Denes satisfactory

reviews were told to downgrade her performance." (Compl. ¶ 11.) More than merely carrying out company policy, these acts suggest that Defendant Garrison was actively inciting other employees to commit violations of Section 12940. Because each employee is an independent actor, the element of concert does exist, and Defendant Garrison can be held liable for her violations of Section 12940(i).

### 4. Defendant Garrison Could Be Liable Under State Law for Her Unlawful, Unfair and/or Fraudulent Acts in Violation of the Unfair Competition Law, Bus. & Prof. Code §§ 17200 *Et Seq.*

Wrongful treatment of employees falls within the scope of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.* ("UCL"). *Wilkinson v. Times Mirror Corp.*, 215 Cal.App.3d 1034, 1052 (Cal. App. 1 Dist. 1989) (citing *People v. Los Angeles Palm, Inc.* 121 Cal.App.3d 25 (1981)). Violations of California's Fair Employment and Housing Act (FEHA) also constitute unlawful business practices under the UCL. *Alch v. Superior Court*, 19 Cal.Rptr.3d 29 (Cal. App. 2004) (permitting UCL claim for age discrimination); *Herr v. Nestle U.S.A., Inc.*, 135 Cal. Rptr. 2d 477 (Cal. App. 2003) (upholding $5MM age discrimination verdict and UCL injunction against same). Unlawful acts of age discrimination, aiding and abetting age discrimination, and harassment based on age are all prohibited by FEHA. *See generally* Cal. Govt. C. § 12940. Finally, individual supervisory employees may be held liable for their acts of unfair competition or their authorization of unfair competition. *See People v. Dollar Rent-A-Car Systems, Inc.*, 211 Cal. App. 3d 119 (1989).

Defendants summarily dismiss Plaintiff's UCL cause of action by stating that a defense to the underlying wrongful conduct is also a defense to claim arising under the UCL. Therefore, they contend, "[t]o the extent this cause of action is based upon the alleged discrimination, it must fail with regards to Garrison as Garrison cannot be personally liable for discrimination." (Notice of Removal at 7 ¶ 16.) However, the UCL—and Plaintiff's claims—are not so limited. The UCL is broad and prohibits any conduct that is unlawful, unfair or fraudulent. *See Bank of the West v. Super. Ct.*, 2 Cal.4th 1254, 1266 (1992). "The Legislature intended this 'sweeping language' to include 'anything that can properly be called a business practice and that at the same time is forbidden by law." *Id.* "Because [the UCL] is written in the disjunctive, it establishes three varieties of unfair competition—acts or practices which are unlawful, or unfair,

1   or fraudulent.  'In other words a practice is prohibited as 'unfair' or 'deceptive' even if not

2   'unlawful' and vice versa.'" *Podolsky v. First Healthcare Corp.,* 50 Cal. App. 4th 632, 647

3   (1996), citing *State Farm v. Super. Ct.* 45 Cal. App. 4th 1093, 1102 (1996).

4           Plaintiff alleges that Defendant Garrison's conduct as described in the complaint is

5   unlawful, unfair and/or fraudulent. (Compl. ¶¶ 51-56.)  Her unlawful conduct thus consists not

6   only of discrimination, but also of any other conduct made unlawful by a California statute,

7   including but not limited to harassment, and aiding and abetting discrimination and harassment.

8   Furthermore, Plaintiff's Complaint alleges that Defendant Garrison was the prime mover behind

9   an insidious campaign of age-based discrimination and harassment.  (Compl.  ¶¶ 1, 10.)

10  Garrison was "responsible for the overall supervision of the General Liability Unit and the

11  employees within that unit, including Plaintiff."  (Decl. of Y. Garrison in Supp. of Defs.'

12  Removal ¶ 2).  Thus, Defendant Garrison engaged in unfair and deceptive conduct in her

13  supervision of Denes in a campaign to find pretextuous reasons for firing her.  (Compl. ¶¶ 11-

14  12.) Therefore, Plaintiff properly alleges that Defendant Garrison's practices were also unfair

15  and fraudulent, in violation of the UCL.

16          **5.     Defendant Garrison Could Be Liable Under State Law for Her
                     Intentional Interference with Plaintiff's Contractual Relations**

17          The tort of intentional interference has been held to apply to at-will employment

18  relationships.  *See Reeves v. Hanlon,* 33 Cal. 4th 1140 (Cal. App. 2004).  While she cannot be

19  held individually liable for breach of an employment contract, Defendant Garrison can be held

20  liable for intentional interference with contractual relations if some of her wrongful acts were

21  committed outside the course and scope of her employment and done not for Defendant

22  Travelers, but for herself.  *CrossTalk Prods., Inc. v. Jacobson,*  30 Cal. 4th 1 (1998).  As set forth

23  in detail above, Defendant Garrison's acts of harassment are, by definition, performed outside

24  the course and scope of her role as a supervisory employee (as opposed to her acts of

25  *discrimination*).  Plaintiff has alleged sufficient facts to support each of the five elements that

26  constitute the tort of intentional interference with an at-will employment relationship as

27  established in *Reeves.*

28

First, there existed an implied-in-fact at-will employment contract between Defendant Travelers and Plaintiff Denes.  (Compl. ¶ 40).  Second, Defendant Garrison knew that this relationship existed.  (Compl. ¶ 49; *see also* Decl. of Y. Garrison in Supp. of Defs.' Removal ¶ 2).  Third, Defendant Garrison intended to induce a breach of that contract.  (Compl. ¶ 11).  Fourth, Defendant Travelers breached its contract with Plaintiff.  (Compl. ¶ 44).  Fifth, Plaintiff has been damaged as a result of the breach induced by Defendant Garrison.  (Compl. ¶ 45).

**6.    Defendant Garrison Could Be Liable For Intentional Infliction of Emotional Distress**

On the facts alleged in the complaint, as described above, Defendant Garrison's intentional and egregious campaign of harassment against Plaintiff also raises a claim for the intentional infliction of emotional distress, resulting in foreseeable injury to plaintiff. *See, e.g., State Rubbish etc. Assn. v. Siliznoff*, 38 Cal.2d 330, 336-337 (1952).

For all the foregoing reasons, Defendant Garrison was not fraudulently joined and is not a "sham" defendant.  Therefore, diversity jurisdiction does not exist.

## CONCLUSION

Plaintiff's claims arise under California law and are not completely preempted.  Diversity jurisdiction does not exist.  Accordingly, removal was improper, and Plaintiff's motion to remand should be granted.

**LAW OFFICES OF MICHAEL J. MEYER**

Date:  December 17, 2007                    By: ____/s/_____
                                                 Michael J. Meyer

                                            1801 Clement Avenue, Suite 101
                                            Alameda, California  94501
                                            Telephone (510) 542-7702
                                            Facsimile (510) 337-1431

                                            Gordon M. Fauth, Jr.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FAUTH LAW OFFICES**
1801 Clement Avenue, Suite 101
Alameda, California  94501
Telephone (510) 238-9610
Facsimile (510) 337-1431

Attorneys for Plaintiff Eva Denes