Robin E. Weideman, State Bar No. 197595
CARLTON DiSANTE & FREUDENBERGER LLP
8950 Cal Center Drive
Suite 160
Sacramento, California 95826
Telephone: (916) 361-0991
Facsimile: (916) 361-1480
E-Mail: rweideman@cdflaborlaw.com

Attorneys for Defendants
TRAVELERS INDEMNITY COMPANY and YVONNE GARRISON

Michael J. Meyer (State Bar No. 242706)
LAW OFFICES OF MICHAEL J. MEYER
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone: (510) 931-5720
Facsimile: (510) 337-1431

Gordon M. Fauth, Jr. (State Bar No. 190280)
FAUTH LAW OFFICES
1801 Clement Avenue, Suite 101
Alameda, California 94501
Telephone: (510) 238-9610
Facsimile: (510) 337-1431

Attorneys for Plaintiff
EVA DENES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA DENES,<br><br>          Plaintiff,<br><br>     v.<br><br>TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation; YVONNE GARRISON, an individual; and DOES 1 through 50, inclusive,<br><br>          Defendants. | Case No. C-07-04811 CW<br><br>**JOINT STATUS CONFERENCE STATEMENT**<br><br>Date: January 24, 2007<br>Time: 2:00 p.m.<br>Courtroom 2, Fourth Floor |

1. **Jurisdiction and Service:**

All parties have been served. This case was originally filed in Contra Costa County Superior Court, but Defendants removed the case on September 18, 2007 asserting both federal question and diversity jurisdiction. Plaintiff has filed a motion to remand, which is set for hearing on January 24, 2008. Defendants maintain this Court has diversity jurisdiction pursuant to 28 USC § 1332, that Plaintiff and Defendant Travelers are diverse, while Defendant Garrison is a sham defendant, and that federal question jurisdiction (ERISA preemption) exists pursuant to 28 USC § 1331. Plaintiff denies that Defendant Garrison is a sham defendant, given that Garrison personally committed the alleged wrongful acts against her, and denies that diversity or federal question jurisdiction exists. Plaintiff also believes that this Court must consider its Motion to Remand for lack of subject-matter jurisdiction before hearing Defendants' Motion to Compel Arbitration, which would reach substantive issues of California law.

2. **Facts:**

Plaintiff's Position: Plaintiff Denes faithfully worked for Travelers for thirty-one years, most of the time at its offices in Walnut Creek, CA. As a Senior Technical Specialist handling cases for Travelers, Plaintiff received numerous commendations in recognition of her good service. In 2003, Travelers merged with St. Paul Insurance Company. Defendants, including Defendant Garrison, who was a St. Paul manager assigned to Traveler's Walnut Creek office, then implemented an unrelenting campaign of harassment and age discrimination against older employees, including Denes, who was 55, in an effort to force older workers to leave. The harassment and discrimination included inflicting extra work and different conditions on Traveler's over-50 workers, then subjecting them to a barrage of critical pretexuous reviews. Denes complained about the discrimination and harassment, but Travelers ignored her complaints. Defendant Garrison was a prime mover behind the campaign of harassment. On August 15, 2005, Defendant Garrison fired Denes. Denes and at least four other senior employees in Denes' department, all over 50, were fired or constructively terminated from their jobs at Travelers because of their age, and were all replaced by younger workers.

///

Plaintiff's complaint, filed August 3, 2007, in the Superior Court for the State of California, County of Contra Costa, alleges age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 and 12941; failure to prevent discrimination in violation of FEHA; breach of Denes' employment contract with Travelers; breach of the covenant of good faith and fair dealing; and violations of California Business and Professions Code sections 17200 *et seq.*, including unfair and fraudulent business practices and violations of other California laws. Plaintiff alleges that Defendants' wrongful practices present an ongoing threat to the public. Defendants claim that Plaintiff seeks severance pay in their effort to establish ERISA preemption, but as set forth in support of her Motion to Remand, Plaintiff's contract claim does not even mention severance pay or allege the circumstances that would have entitled her to severance pay.

The principle factual issues will include: whether Defendants engaged in harassment and age discrimination against Plaintiff and other older Travelers employees; whether Defendants subjected Plaintiff and other older employees to different workloads and standards than applied to younger employees; whether Travelers ignored and failed to investigate Plaintiff's complaints of harassment and age discrimination; and whether Defendants fired or constructively terminated Plaintiff and other older employees because of their age and replaced them with younger employees.

<u>Defendants' Position</u>: Plaintiff alleges her employment was terminated because of her age. Defendants deny that they took any action against Plaintiff because of her age. Plaintiff was terminated on August 15, 2005 due to poor performance after being warned numerous times and given numerous opportunities to improve. Plaintiff also alleges she had an implied contract only to be terminated for good cause and that Defendants breached this contract by terminating her employment. Plaintiff did not have any contract, express or implied, only to be terminated for good cause. She was an at-will employee. Regardless, however, Defendants had good cause to terminate Plaintiff's employment for poor performance. Finally, Plaintiff alleges that Travelers failed to pay her severance allegedly due to her under Travelers Severance Plan. However, Plaintiff was not owed any severance because she was terminated for cause.

Although this is an action brought by Plaintiff individually and not on behalf of anyone else, Plaintiff alleges in her complaint that Defendants discriminated against other employees because of their age. Defendants do not believe the employment of any other employee besides Plaintiff is relevant to this case. In any event, however, Defendants deny that they discriminated against any employee on the basis of age.

The primary factual issues Defendants anticipate being litigated are (1) Defendants' motivation for terminating Plaintiff's employment; (2) whether Plaintiff was failing to meet Travelers' performance expectations; (3) whether Plaintiff had an implied contract only to be terminated for good cause; and (4) whether Plaintiff was subjected to any age-based harassment. Regarding this last issue, there are no facts alleged in the complaint to sustain any harassment cause of action.

3. **Legal Issues:**

a. Whether Defendant Travelers discriminated against Plaintiff because of her age in violation of the Fair Employment and Housing Act (FEHA), Cal. Gov't Code section 12940 *et seq.*;

b. Whether Defendants subjected Plaintiff to hostile work environment harassment because of her age, in violation of FEHA, Cal. Gov't Code section 12940 *et seq.*;

c. Whether Defendant Travelers failed to prevent and/or investigate discrimination and/or harassment, in violation of Cal. Gov't Code section 12940 *et seq.*;

d. Whether Plaintiff had a contract only to be terminated for good cause;

e. Whether Defendant Travelers breached a contract with Plaintiff or breached the implied covenant of good faith and fair dealing;

f. Whether Defendants violated California's unfair competition law (UCL), Business & Professions Code section 17200;

g. Whether any of Plaintiff's claims support individual liability against Defendant Garrison (assuming this issue is not resolved in connection with Plaintiff's motion for remand);

h. Whether Plaintiff is entitled to injunctive relief under the UCL;

i. The extent to which Plaintiff may take discovery and introduce evidence regarding alleged discrimination and harassment of other employees;

j.      Defendants assert that according to Plaintiffs current complaint, there is a legal issue as to whether Travelers breached an agreement to pay Plaintiff severance pay. Plaintiff denies that there is a legal issue as to whether Travelers breached an agreement to pay Plaintiff severance pay, and asserts that Defendants are manufacturing this "issue" to support their claim of ERISA preemption;

k.      Plaintiff asserts there is a legal issue as to whether Defendants intentionally inflicted emotional distress upon Plaintiff. Defendants dispute this is a legal issue in this case as there is no cause of action for IIED alleged in the Complaint, nor any facts alleged to support such a cause of action.

**4.      Motions:**

Defendants have a motion to compel arbitration set for hearing on January 24, 2008. Plaintiff has a motion to remand for lack of subject-matter jurisdiction also set for hearing on January 24, 2008. Plaintiff believes her motion for remand must be decided before the Court may decide Defendants' motion to compel arbitration.

Defendants anticipate filing a motion for summary judgment following initial discovery. Assuming the issue is not resolved in connection with Plaintiff's motion to remand, Defendants also anticipate filing a motion to dismiss Garrison as an individual defendant.

**5.      Amendments to Pleadings:**

Defendants currently do not anticipate any amendments to their pleadings. Plaintiff anticipates amending her complaint to make additional allegations and claims.

**6.      Evidence Preservation:**

Defendant Travelers implemented a litigation hold directed to all employees thought possibly to be in possession of information relevant to this lawsuit, instructing them to preserve and not delete any hard or electronic information pertaining to Plaintiff.

**7.      Disclosures:**

By stipulation and order, the parties are scheduled to exchange initial disclosures on January 17, 2008. However, because Defendants' motion to compel arbitration and Plaintiff's

///

283481.1

1  motion to remand are pending hearing on January 24, the Parties propose that the date for exchange
2  of initial disclosures be continued to a date after these motions are decided, to February 7, 2008.
3      **8.**    **Discovery:**
4      <u>Defendants' Position</u>: No discovery has been taken to date and initial disclosures have not
5  yet been completed, based on the parties' pending motions to compel arbitration and to remand the
6  case. In the event this matter is not referred to binding arbitration and is not remanded to state
7  court, Defendants anticipate discovery commencing in February 2008. It is Defendants' position
8  that discovery regarding the employment of persons other than Plaintiff should be limited in scope,
9  but Defendants anticipate that Plaintiff intends to take discovery regarding numerous employees,
10 based on her allegation that Defendants discriminated against four or five employees in addition to
11 Plaintiff. Defendants anticipate propounding initial written discovery to Plaintiff, taking Plaintiff's
12 deposition and the depositions of any key witnesses identified by Plaintiff, and conducting follow-
13 up written discovery as needed. <u>Defendants request that the discovery rules be modified</u> so that
14 Defendants be permitted 14 hours to depose Plaintiff. This modification is appropriate given the
15 length of Plaintiff's employment (approximately 30 years), the length of questioning that will be
16 necessary regarding Plaintiff's performance, and the fact that Plaintiff has alleged Travelers has
17 discriminated against several other individuals besides herself.
18     <u>Plaintiff's Position</u>: Discovery has not yet commenced and, as set forth in Plaintiff's
19 opposition to Defendants' motion to compel arbitration, much information is still in the sole
20 possession of Defendants. If this case is not remanded, Plaintiff anticipates that discovery will
21 commence in February 2008, consisting of written discovery propounded on Defendants followed
22 by deposition of Defendants and key Travelers employees, with follow-up written discovery as
23 needed. As Plaintiff has alleged a campaign of harassment and age discrimination directed against
24 herself and other older employees that presents a continuing threat to the public, Plaintiff will seek
25 and believes she is entitled to discovery into Defendants' practices with respect to herself and other
26 older Travelers' employees. Plaintiff does not believe the discovery rules should be altered to
27 permit Defendants to depose her for longer than otherwise permitted. As Defendants control the
28 / / /

principle facts in this case and have articulated no special facts or quantity of facts in Plaintiff's possession, their request and stated intention can only be aimed at harassing Plaintiff.

9.  **Class Action:**

Plaintiff's Position: This is not presently a class action. However, Plaintiff has alleged a continuing harm to the public, and will seek leave to amend her complaint to make class allegations if discovery and/or her counsels' continuing investigation make such a course advisable.

Defendants' Position: This is not a class action, and there is no basis for Plaintiff's allegation of "continuing harm to the public." This is an individual discrimination case, and Defendants will oppose any effort to amend the complaint.

10. **Related Cases:**

There are no known related cases.

11. **Relief:**

Plaintiff's Position: Plaintiff is entitled to relief on her claims, including: compensatory and other damages; punitive damages owing to the egregious nature of Defendants' conduct; equitable, declaratory and injunctive relief with respect to herself and others injured and endangered by Defendants' wrongful conduct, including Defendants' practice and campaign to force older workers out of the company; and attorneys' fees and costs of the action, including expert witness fees.

Defendants' Position: Defendants do not have any affirmative claims for relief against Plaintiff. Regarding Plaintiff's claims, Defendants do not believe Plaintiff is entitled to any relief because she was terminated for legitimate, non-discriminatory business reasons and was not the victim of any unlawful harassment. In addition, Plaintiff is not entitled to injunctive relief as a matter of law because there is no ongoing conduct to enjoin, even if Plaintiff had a valid claim for past discrimination or harassment (which she does not).

12. **Settlement and ADR:**

Defendants' Position: Plaintiff and Travelers have an arbitration agreement and this matter should be ordered to binding arbitration in accordance with that agreement. Defendants have a motion to compel arbitration set for hearing on January 10, 2008. In the event that motion is

denied, Defendants are willing to participate in court-annexed early neutral evaluation. Defendants are not in a position to evaluate any further ADR without some initial discovery, including Plaintiff's deposition.

Plaintiff's Position: Plaintiff's motion to remand for lack of subject-matter jurisdiction is set for hearing on January 24, 2008. In the event the motion is denied, Plaintiff is in principle willing to mediate. However, she believes she should have the opportunity first to conduct discovery to narrow the present imbalance in information and evidence, before consenting to mediation or other forms of ADR.

### 13. Consent to Magistrate Judge for All Purposes:

Defendants do not wish to consent to the Magistrate Judge for all purpose. Plaintiff will consent to the Magistrate Judge for discovery issues only.

### 14. Other References:

Defendants believe the matter should be referred to binding arbitration per agreement of the parties. A motion to compel arbitration is pending for hearing January 24, 2008.

Plaintiff believes that the case should be remanded for lack of subject-matter jurisdiction per Plaintiff's motion scheduled to be heard on January 24, 2008. In the event that the case is not remanded, Plaintiff believes that the Court should find that there was no agreement to arbitrate, or in the alternative, that such agreement was procedurally and substantively unconscionable and, therefore, unenforceable in its entirety.

### 15. Narrowing of Issues:

Defendants' Position: Defendants will seek to bifurcate the issue of punitive damages at trial in accordance with California Civil Code section 3295. Discovery regarding Defendants' financial condition should also not be permitted until after a finding of liability, if any.

Plaintiff's Position: Plaintiff does not believe that any bifurcation of issues or limitations on discovery should be considered at this time.

///
///
///

283481.1

16. **Expedited Schedule:**

Defendants' Position: In the event this matter is not referred to binding arbitration, Defendants are willing to entertain having this matter heard on an expedited basis with streamlined procedures.

Plaintiff's Position: Because Defendants possess much of the critical evidence and information in this case, which will necessitate strenuous and time-consuming discovery by Plaintiff, Plaintiff is not willing to entertain having this matter heard on an expedited basis with streamlined procedures and believes that such procedures would unfairly favor Defendants.

17. **Scheduling:**

Defendants' Position: Defendants propose the following schedule and pertinent cut-off dates for this matter:

Non-expert Discovery Cutoff: January 30, 2009

Last Day to Hear Non-Expert Discovery Motions: March 15, 2009

Last Day to Hear Dispositive Motions: December 18, 2008

Disclosure of Expert Witnesses: February 15, 2009

Supplemental Disclosure of Experts: March 15, 2009

Expert Discovery Cutoff: April 15, 2009

Last Day to Hear Expert Discovery Motions: May 30, 2009

Pre-trial Conference and Disclosures: June 2009

Trial: July 2009

Plaintiff's Position: Plaintiff believes that the Court should not set a schedule for discovery until the Court has first decided, on Plaintiff's pending motion to remand, whether it has jurisdiction over the case.

18. **Trial:**

Defendants' Position: Plaintiff has demanded a jury trial. It is difficult to estimate length of trial at this time as the parties have not yet conducted any discovery and Defendants anticipate an issue regarding the proper and appropriate scope of alleged "me too" evidence in the case. With these limitations in mind, Defendants estimate a 7-10 day trial.

<u>Plaintiff's Position</u>:  Plaintiff estimates a 7-10 day trial.

19.  **Disclosure of Non-party Interested Entities or Persons:**

Defendant has filed, concurrently herewith, its Certification of Non-Party Interested Entities.  Defendant Travelers Indemnity Company is a wholly-owned subsidiary of The Travelers Companies Inc.

Dated:  January 2, 2008

CARLTON DiSANTE & FREUDENBERGER LLP

By: _____/S/_____
Robin E. Weideman
Attorneys for Defendant
TRAVELERS INDEMNITY COMPANY and
YVONNE GARRISON

Dated:  January 2, 2008

LAW OFFICES OF MICHAEL J. MEYER

By: _____/S/_____
Michael J. Meyer
Attorneys for Plaintiff
EVA DENES