CARLTON DiSANTE & FREUDENBERGER LLP
   Robin E. Weideman, State Bar No. 197595
8950 Cal Center Drive
Suite 160
Sacramento, California 95826
Telephone: (916) 361-0991
Facsimile: (916) 361-1480
E-Mail: rweideman@cdflaborlaw.com

Attorneys for Defendants
TRAVELERS INDEMNITY COMPANY and YVONNE GARRISON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA DENES,<br><br>     Plaintiffs,<br>vs.<br><br>TRAVELERS INDEMNITY COMPANY, a Connecticut Corporation; YVONNE GARRISON, an individual; and DOES 1 through 50, inclusive,<br><br>     Defendants. | Case No. C-07-04811 CW<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**<br><br>Date: January 24, 2008<br>Time: 2:00 p.m.<br>Courtroom 2, Fourth Floor |

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 2

II. FACTS .................................................................................................................................... 2

III. LEGAL ARGUMENT ............................................................................................................ 3

    A. Plaintiff Has Waived Any Procedural Defects Regarding Removal. ......................... 3

    B. Removal Was Proper Because This Court Has Diversity Jurisdiction Over This Matter. .................................................................................................. 3

        1. As a Matter of Law, Garrison Cannot Be Held Liable for Discrimination or Failure to Prevent Discrimination. ................................. 4

        2. Plaintiff Has Not Alleged Any Facts to Support a Cause of Action Against Garrison for Harassment. ......................................................... 5

            a. Plaintiff improperly misrepresents the "facts" alleged in her complaint in an effort to save her claim against Garrison. .................................................................................................. 6

            b. Mere conclusions of law are insufficient to support a cause of action. ........................................................................................ 7

            c. Plaintiff's aiding and abetting theory is not legally tenable. .................................................................................................... 7

        3. Plaintiff's Breach of Contract Claims Are Not Viable Against Garrison. ................................................................................................... 8

        4. Plaintiff's Newly Thought of Claim Against Garrison for Intentional Interference With Contractual Relations Is Not Legally Viable. ...................................................................................................... 8

        5. Plaintiff's Newly Thought of Claim For Intentional Infliction of Emotional Distress Is Not Legally Viable Against Garrison. .................................................................................................................. 10

        6. Plaintiff's UCL Claim Against Garrison Is Not Legally Viable. ...................................................................................................... 11

    C. Removal Was Also Proper Pursuant to 28 U.S.C. Sections 1331 and 1441 as Plaintiff Has Alleged a Claim Completely Preempted by ERISA. ........................................................................................................ 12

        1. Plaintiff's Contract Claim "Relates" to an Employee Benefit Plan. ............................................................................................................ 13

        2. Plaintiff's Claim Falls Within the Civil Enforcement Provisions of ERISA. ............................................................................ 15

**TABLE OF CONTENTS (cont.)**

|   |   |   | Page |
|---|---|---|---|
|   | D. | This Court's Exercise of Supplemental Jurisdiction Over Plaintiff's Other Claims Is Proper. | 15 |
| IV. | CONCLUSION | | 16 |

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aetna Health Inc., v. Davila*
    542 U.S. 200 (2004)..................................................................................................14

*Cochran v. Cochran*
    65 Cal.App.4th 488 (1998) ..........................................................................................9

*Dehorney v. Bank of America National Trust and Savings Association*
    879 F.2d 459 (9th Cir. 1985) .......................................................................................8

*General American Life Insurance Co. v. Castonguay*
    984 F.2d 1518 (9th Cir. 1993) ...................................................................................12

*Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*
    130 F.3d 1355 (9th Cir. 1997) ...................................................................................11

*Henry v. Associated Indemnity Corp.*
    217 Cal.App.3d 1405 (1990) ......................................................................................7

*Janken v. GM Hughes Electronics*
    46 Cal.App.4th 55 (1996) ...........................................................................3, 4, 6, 10

*Morris v. Princess Cruises, Inc.*
    236 F.3d 1061 (9th Cir. 2001) ....................................................................................3

*New York State Conference of Blue Cross & Blue Shield Plans, et al. v. Travelers Insurance Co.*
    514 U.S. 645 (1995)..................................................................................................11

*Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*
    135 F.3d 671 (9th Cir. 1985) ....................................................................................13

*People v. Duz-Mor Diagnostic Laboratory, Inc.*
    68 Cal.App.4th 654 (1998) .......................................................................................10

*People v. Servantes*
    86 Cal.App.4th 1081 (2001) .....................................................................................10

*Pilot Life Insurance Co. v. Dedeaux*
    481 U.S. 41 (1987)....................................................................................................12

*Podolsky v. First Healthcare Corp.*
    50 Cal.App.4th 632 (1996) .......................................................................................11

*Rutledge v. Seyfarth, Shaw, Fairweather, & Geraldson*
    201 F.3d 1212 (9th Cir. 2000) ..................................................................................12

*Schneider v. TRW, Inc.*
    938 F.2d 986 (9th Cir. 1990) ....................................................................................10

**TABLE OF AUTHORITIES (cont.)**

Page(s)

*Schultz v. Astrazeneca*
    2006 WL 3797932 (9th Cir. 2006) .................................................................. 3, 6

*Shoemaker v. Meyers*
    52 Cal.3d 1 (1990) ............................................................................................ 7, 8

*Siddoway v. Bank of America*
    748 F.Supp. 1456 (N.D. Cal. 1990) ............................................................ 7, 9, 10

*Sorosky v. Burrough's Corporation*
    826 F.2d 794 (9th Cir. 1987) ..................................................................... 11, 12, 13

*Taylor v. Beth Eden Baptist Church*
    294 F.Supp.2d 1074 (N.D. Cal. 2003) .................................................................. 6

*Toumajian v. Frailey*
    135 F.3d 648 (9th Cir. 1998) ............................................................................... 11

*Yurick v. Sup. Ct.*
    209 Cal.App.3d 1116 (1989) ........................................................................ 9, 10

**Statutes**

28 U.S.C. § 1447(c) ........................................................................................................ 2

28 U.S.C. § 1367 .......................................................................................................... 14

29 U.S.C. §1132(a)(1)(B) ............................................................................................ 14

## I. INTRODUCTION

Plaintiff's motion for remand asks this Court to disregard the <u>actual</u> Complaint Plaintiff filed in this case and pretend that her Complaint (1) alleges facts and causes of action that are NOT alleged and (2) omits harmful facts and causes of action that ARE alleged. Plaintiff's effort cannot succeed. The propriety of Defendants' removal must be governed by the actual Complaint Plaintiff filed in this case. Based on that Complaint and the evidence submitted in support of Defendants' removal papers, it is clear that this Court indeed has both diversity and federal question jurisdiction over this matter. Diversity jurisdiction is proper because the amount in controversy indisputably exceeds $75,000, Plaintiff and Travelers indisputably are diverse, and Plaintiff's Complaint does not allege any facts sufficient to sustain a viable claim against Defendant Garrison individually. Garrison is a sham defendant whose citizenship must be disregarded in determining whether there is complete diversity between the parties.

Defendants' removal of this case to this Court is also proper based on federal question jurisdiction because Plaintiff's Complaint alleges a claim for breach of contract that is completely preempted by ERISA. Plaintiff claims that Travelers breached its ERISA severance plan by failing to pay her 52 weeks of severance pay at the time of her termination. Although Plaintiff, in her motion to remand, conveniently tries to downplay these allegations as mere "background" facts having no relevance to her breach of contract claim, Plaintiff cannot escape the fact that her actual Complaint pleads a claim for breach of Travelers ERISA severance plan. As such, ERISA preemption applies and this Court has federal question jurisdiction over this matter.

Plaintiff's motion for remand should be denied.

## II. FACTS

Plaintiff filed her complaint against Travelers and Garrison on or about August 3, 2007 in the Superior Court of Contra Costa County. The Complaint alleges causes of action against Travelers and Garrison for (1) age discrimination; (2) failure to prevent age discrimination; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; and (5) violation of Business and Professions Code §§ 17200 *et seq.*

///

Defendants timely removed the case to this Court on September 18, 2007, based on diversity and federal question jurisdiction. Specifically, as set forth in the Notice of Removal, the amount in controversy exceeds $75,000 and the only proper parties in this case (Plaintiff and Travelers) are citizens from different states. Although Defendant Garrison is a resident of California, there is no legally viable claim asserted against her and therefore she is a "sham" defendant. Furthermore, Plaintiff has pled a claim completely preempted by ERISA, as she alleges that Travelers breached its severance plan by failing to pay her 52 weeks of severance pay at the time of her termination. [Complaint ¶¶ 20, 39, 41(A), 45.] It is undisputed that Travelers severance plan is an ERISA plan, as described in Defendants' Notice of Removal.

Three months after Defendants removed this case and several weeks after Defendants filed a motion to compel arbitration, Plaintiff filed this motion for remand on December 17, 2007.[1]

### III. LEGAL ARGUMENT

#### A. Plaintiff Has Waived Any Procedural Defects Regarding Removal.

A motion for remand based on procedural defects in the removal must be made within 30 days of the removal. Defendants removed this case to this Court on September 18, 2007 and Plaintiff did not file her motion to remand until three months later, on December 17, 2007. As such, any procedural defects in the removal process are waived and may not be the basis for remand. 28 U.S.C. § 1447(c).

#### B. Removal Was Proper Because This Court Has Diversity Jurisdiction Over This Matter.

Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists if the action is between citizens between two different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. There is no dispute that the amount in controversy in this case exceeds $75,000. There is also no dispute that Plaintiff and Defendant Travelers are citizens from two

---

[1] Defendants' motion to compel arbitration was originally set for hearing on December 20. However, shortly before filing this motion to remand, Plaintiff's counsel requested and secured Defendants' stipulation to continue the hearing on the motion to compel arbitration, ostensibly due to Plaintiff's unavailability. Plaintiff's counsel conveniently failed to mention they were in the process of preparing a motion for remand that they would then use as a basis to seek to further delay hearing on Defendants' motion to compel arbitration.

different states. The only issue disputed by Plaintiff for purposes of diversity jurisdiction is whether Defendant Garrison is a "sham defendant" who has been named solely to defeat diversity jurisdiction.

"[J]oinder of a non-diverse defendant is deemed fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity if the plaintiff fails to state a viable cause of action against the defendant according to state law." *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). When analyzing a complaint to determine whether a viable claim has been alleged against a defendant, the court must deem all facts alleged in the complaint as admitted, but ignore mere conclusions that an act is wrong or unlawful. *Schultz v. Astrazeneca*, 2006 WL 3797932 (9th Cir. 2006). Plaintiff's Complaint alleges the following five causes of action against Defendant Garrison, none of which are legally viable: (1) age discrimination; (2) failure to prevent age discrimination; (3) breach of contract; (4) breach of the covenant of good faith and fair dealing; and (5) violation of business and professions code section 17200. Plaintiff also alleges throughout her Complaint that she was "harassed," but does not state any separate cause of action for harassment. By way of Plaintiff's motion to remand, Plaintiff now argues that the Complaint supports (but, again, does not actually allege) two additional causes of action against Garrison-- intentional interference with contractual relations and intentional infliction of emotional distress. None of these claims are legally viable against Garrison. As such, Garrison is a "sham" defendant for purposes of diversity jurisdiction.

1. **As a Matter of Law, Garrison Cannot Be Held Liable for Discrimination or Failure to Prevent Discrimination.**

A cause of action under FEHA for age discrimination or failure to prevent employment age discrimination can only be pursued against an employer, not a fellow employee. *Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 74-75 (1996). Garrison was and still is an employee of Travelers. [Complaint ¶ 6]. Accordingly, Plaintiff's causes of action against Garrison for age discrimination and failure to prevent age discrimination fail as a matter of law. Plaintiff does not dispute this in her motion.

///

2. **Plaintiff Has Not Alleged Any Facts to Support a Cause of Action Against Garrison for Harassment.**

As Plaintiff admits, she has not actually alleged any separate cause of action against Garrison for harassment. [Pltf.'s Mot. Pg. 4, lines 6-12]. Plaintiff claims, however, that the format of her pleading is insignificant and that the relevant focus is the actual facts alleged in her complaint and whether such facts justify a claim against Garrison for harassment. Even by this analysis, however, there are no facts alleged that give rise to a viable harassment complaint against Garrison.

The only *actual facts* Plaintiff's Complaint alleges against Garrison are: (1) Garrison claimed Plaintiff maintained a messy workstation; (2) Garrison claimed Plaintiff kept case files at her desk; (3) Garrison gave Plaintiff extra case files on which to work; (4) Garrison gave Plaintiff menial tasks to perform; (5) Garrison gave Plaintiff critical performance reviews; (6) Garrison criticized Plaintiff for the condition of her new files; (7) Garrison removed materials that Plaintiff needed to perform her job; and (8) Plaintiff was subject to constant demands that interfered with her work. [Complaint ¶ 12]. It is well-established that such facts are insufficient to sustain a harassment cause of action under FEHA, as explained by the *Janken* court:

> [C]ommonly necessary personnel management actions such as hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or non-assignment of supervisory functions, deciding who will be laid off and the like, do not come within the meaning of harassment. These are actions of a type necessary to carry out the duties of business and personnel management. *Janken*, 46 Cal.App.4th at 65.

The *Janken* court distinguished conduct traditionally thought of as "harassment," such as "verbal epithets or derogatory comments, physical interference with freedom of movement, derogatory posters or cartoons," and other conduct unrelated to performance of a supervisory job. *Id.* at 62. The plaintiff in *Janken* alleged that his individual supervisor harassed him by, among other things, downgrading and altering his performance evaluations, failing to provide him with work assignments, failing to provide him with clerical and secretarial support, warning plaintiff of potential layoff, accusing plaintiff of not properly maintaining a timecard, and similar conduct. *Id.*

at 79. The court held that these allegations, even if true, were insufficient to support a cause of action for harassment because "[a]ll the actions alleged here are within the realm of properly delegated personnel management authority." *Id.* As a result, the court held that dismissal of the individual defendant on demurrer was proper because the plaintiff's complaint did not state facts sufficient to state a viable claim for harassment.

Based on *Janken*, it is clear that the **only** type of conduct in which Plaintiff alleges Garrison engaged, does not constitute "harassment" as a matter of law. Plaintiff cites no authority to the contrary. As such, even if this Court were to assume Plaintiff has alleged a cause of action against Garrison for harassment, there are no facts pled to support such a claim.

### a. Plaintiff improperly misrepresents the "facts" alleged in her complaint in an effort to save her claim against Garrison.

In her motion, Plaintiff includes additional alleged "facts" against Garrison that are absent from her Complaint, in an effort to prove she has a viable claim for harassment. Specifically, Plaintiff implies in her motion that Garrison subjected Plaintiff to "off-color remarks about her age, including the suggestion that she 'consider retirement.'" [Pltf.'s Mot. Pg. 14, lines 16-17]. There is no such allegation in Plaintiff's complaint. In fact, in her complaint Plaintiff alleges that Travelers' *Human Resource Manager,* not Garrison, suggested that Plaintiff "consider retirement." [Complaint ¶ 27]. There are no other "off-color remarks" alleged in the Complaint or in the motion. Plaintiff also suggests in her motion that Garrison took and/or hid Plaintiff's "personal belongings" to interfere with her job performance. [Pltf.'s Mot. Pg. 15, lines 10-11]. Yet, no such allegation can be found in Plaintiff's Complaint. In her Complaint, Plaintiff merely states that Garrison removed materials she needed to perform the job. [Complaint ¶ 12]. Plaintiff's apparent need to fabricate facts to try and justify a harassment claim against Garrison indicates the lack of any actual facts to support such a claim. Notably, there also is no evidence before the Court to support any of these alleged facts and they are not in the Complaint. As such, they should be disregarded. Moreover, even if these newly proffered facts were pled in the Complaint and/or were supported by evidence, these facts still would not support a harassment claim because they fall

///

1 under the same category of personnel management conduct held by the *Janken* court NOT to
2 constitute actionable harassment as a matter of law. Plaintiff cites no authority to the contrary.

    b.  <u>**Mere conclusions of law are insufficient to support a cause of action.**</u>

    In her motion, Plaintiff cites to the following *conclusions* alleged in her Complaint as support for a cause of action against Garrison for harassment: (1) Defendants engaged in an unrelenting campaign of harassment and discrimination; and (2) Defendants actively encouraged the harassment of older employees by supervisors, with the aim of facilitating older employees' actual or constructive termination. Plaintiff noticeably fails, however, to identify what conduct by Garrison or anyone else constituted the "campaign of harassment and discrimination" or "encouragement" of harassment. Mere conclusions are insufficient to support a cause of action when evaluating a complaint for purposes of removal. *Schultz*, 2006 WL 3797932 at *3.

    In sum, Plaintiff has failed to allege, either in her Complaint or in evidence in support of her motion, any facts supporting a viable claim for harassment against Garrison.

    c.  <u>**Plaintiff's aiding and abetting theory is not legally tenable.**</u>

    Plaintiff argues in her motion that she has a viable (albeit un-alleged) claim against Garrison for "aiding and abetting" discrimination and harassment by Travelers. This same argument was considered and rejected by the *Janken* court, which held that, "we conclude that the Legislature did not intend to impose personal liability upon individual supervisory employees by the roundabout method of 'aiding and abetting' language." *Janken*, 46 Cal.App.4th at 79. The court reasoned that because a corporation can act only through its employees, an individual supervisory employee cannot "aid and abet" discrimination by the corporate employer. *Id.* at 78. The court concluded that the "aiding and abetting" language of FEHA was intended to make it unlawful for *third parties* such as customers or suppliers to induce prohibited discrimination or harassment, NOT to impose individual liability on individual supervisory employees. *Id.* at 77; *see also Taylor v. Beth Eden Baptist Church*, 294 F.Supp.2d 1074, 1082 (N.D. Cal. 2003).

    Plaintiff does not have a viable "aiding and abetting" claim against Garrison.

27 / / /
28 / / /

### 3. Plaintiff's Breach of Contract Claims Are Not Viable Against Garrison.

The only contract alleged in the complaint is an implied-in-fact employment contract. [Complaint ¶¶ 40-41]. It is undisputed that Travelers, not Garrison, was Plaintiff's employer and therefore the only two parties to this alleged contract were Travelers and Plaintiff. Due to the fact that Garrison was not a party to the contract, there is no viable claim against Garrison for breach of the contract or the covenant of good faith and fair dealing. *Henry v. Associated Indemnity Corp.*, 217 Cal.App.3d 1405, 1417 (1990). Plaintiff does not dispute this in her motion. Accordingly, Plaintiff's breach of contract claims are not viable against Garrison individually.

### 4. Plaintiff's Newly Thought of Claim Against Garrison for Intentional Interference With Contractual Relations Is Not Legally Viable.

Plaintiff's Complaint does not even arguably allege a claim for intentional interference with contractual relations ("IICR"), yet Plaintiff argues in her motion for remand that the Complaint somehow *supports* such a theoretical claim against Garrison individually. Plaintiff's contention is legally unsupportable because the managerial privilege precludes any personal liability against Garrison for alleged interference with Plaintiff's employment relationship.

"The tort of intentional interference with contractual relations may be maintained only against those without a privilege to induce one party to breach a contract with another. One who is given a legal privilege to induce a breach is immune from any intentional interference claim." *Siddoway v. Bank of America*, 748 F.Supp. 1456, 1460 (N.D. Cal. 1990). California law "provides that a supervisor or managerial employee is privileged to induce the breach of an employment contract or otherwise interfere with business or economic relations on behalf of his employer." *Id.* Thus, "[w]here an employee acts within the scope of his employment, it does not matter whether his conduct in inducing the breach of contract was motivated by 'ill-will or malice on his part.'" *Id.* (internal citations omitted.)

In *Shoemaker v. Meyers*, 52 Cal.3d 1, 25 (1990), a former employee sued his employer as well as his supervisors for various claims, including intentional inducement of breach of contract. The individual supervisors demurred to the claim for inducement of breach of contract on the

///

grounds they could not be held personally liable for the inducement and the trial court sustained the demurrer. The Supreme Court of California affirmed the trial court's ruling and explained:

> **It is well established that corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's own contract.** Here, the parties against whom plaintiff seeks recovery on this cause of action are plaintiff's supervisors: agents of the employer who are vested with the power to act for the employer (rightly or wrongly) in terminating plaintiff's employment. For purposes of this cause of action, then, these defendants stand in the place of the employer, because the employer – the other party to the supposed contract cannot act except through such agents.

*Id.* at 25 (emphasis added; internal citations omitted); *see also Dehorney v. Bank of America National Trust and Savings Association*, 879 F.2d 459, 464-465 (9th Cir. 1985) (manager could not be held liable for interference with contractual relations, even if manager's recommendation for termination was motivated by racial animus, because such conduct was privileged).

Here, Plaintiff argues that Garrison induced Travelers to breach her alleged employment contract and terminate her employment for improper reasons. However, as in *Shoemaker* and *Siddoway*, Garrison cannot be liable for such a claim as a matter of law. Travelers could not act except through its managerial employees, such as Garrison; therefore, permitting a claim against Garrison individually would be tantamount to permitting a claim that Travelers induced a breach of its own alleged contract. This is indistinguishable from Plaintiff's separate cause of action for breach of contract against Travelers. Furthermore, as discussed above in Section III.A.2, all of the facts alleged by Plaintiff against Garrison relate to personnel management actions in the scope of Garrison's employment—e.g. negative performance reviews and assignment of additional tasks—and as such are privileged against a claim of IICR. [See also Complaint, ¶ 16, alleging Garrison was acting in scope of her employment.] This is true regardless of whether Garrison was somehow motivated by ill will or discriminatory animus. Therefore, Plaintiff cannot state a viable cause of action against Garrison for IICR.

///

///

///

### 5. Plaintiff's Newly Thought of Claim For Intentional Infliction of Emotional Distress Is Not Legally Viable Against Garrison.

Again, as Plaintiff admits, her Complaint does not allege a claim for intentional infliction of emotional distress ("IIED") against Garrison. [Pltf.'s Mot. Pg. 4, lines 6-12]. Like her claim for IICR, Plaintiff thought up this claim in connection with her motion for remand in an attempt to justify Garrison as a defendant in this action. Similar to Plaintiff's other causes of action against Garrison, however, this newly thought of claim for IIED is legally invalid as well.

In order to successfully plead a claim for intentional infliction of emotional distress, a plaintiff must allege (1) extreme or outrageous conduct by the defendant directed to the plaintiff with intent or reckless disregard of causing emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the plaintiff's distress was caused by the defendant's outrageous conduct. *Cochran v. Cochran*, 65 Cal.App.4th 488, 494 (1998). There are no facts, either in the Complaint or in any evidence before this Court, to support a finding of "extreme or outrageous" conduct by Garrison. As a result, Plaintiff does not have a viable IIED claim against Garrison.

Conduct is only considered "outrageous" if it is "so extreme that it exceeds all bounds usually tolerated in a civilized community." *Yurick v. Sup. Ct.*, 209 Cal.App.3d 1116, 1123 (1989) (citations omitted). "Generally, conduct will be found to be actionable where the 'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'" *Cochran*, 65 Cal.App.4th at 494. Mere insults, indignities, threats, annoyances, petty oppressions, or trivialities, are insufficient to satisfy the "outrageous conduct" element. *Id*. at 496. As stated by the court in *Cochran*, ". . . plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt." *Id*. at 496.

In *Siddoway v. Bank of America*, 748 F.Supp. at 1461-1462, a former employee made a similar claim for IIED based upon alleged harassment and discrimination she claimed to have suffered because of her age. Specifically, the plaintiff alleged that she was reprimanded for being

1 late to a meeting, reprimanded for conduct in which her peers were allowed to engage, assigned
2 menial tasks, offered early retirement and was treated with a "cold" attitude after she declined her
3 early retirement. *Id*. The Court granted summary judgment, finding that the conduct alleged did
4 not "rise to the level of outrageous conduct required to impose tort liability." *Id*. *See also*
5 *Schneider v. TRW, Inc.*, 938 F.2d 986 (9th Cir. 1990) (affirming summary judgment for IIED claim
6 because supervisor's actions of yelling at employee, criticizing her performance, and threatening
7 the employee did not constitute "outrageous" conduct.); *and Yurick, supra*, 209 Cal.App.3d at 1129
8 (holding that comments made by an employee's supervisor that the employee was senile and a liar
9 did not rise to the level of outrageousness required for intentional infliction of emotional distress).

10       Here, none of the facts alleged by Plaintiff against Garrison rise to the level of "extreme" or
11 "outrageous," as required to justify a claim for IIED. All of the conduct in which Garrison
12 allegedly engaged qualifies as personnel actions. Although Plaintiff may think that such conduct
13 was rude, insensitive, unfair, or even unlawful, it does not "exceed all bounds" of conduct tolerated
14 in a job environment. *Janken*, 46 Cal.App.4th at 80 (affirming dismissal of IIED claim based on
15 similar factual allegations as Plaintiff's and stating that, "Managing personnel is not outrageous
16 conduct beyond the bounds of human decency. . . . A simple pleading of personnel management
17 activity is insufficient to support a claim of IIED, even if improper motivation is alleged.") As
18 such, Plaintiff cannot state a viable claim for IIED against Garrison.

19     **6.**    **Plaintiff's UCL Claim Against Garrison Is Not Legally Viable.**

20       Plaintiff's UCL claim against Garrison is based upon the same facts supporting Plaintiff's
21 age discrimination and purported harassment claim. [Complaint ¶¶ 51-56]. Due to the fact that
22 Garrison cannot be held personally liable for discrimination and Plaintiff does not have a viable
23 cause of action against Garrison for harassment, Garrison cannot be held liable under Plaintiff's
24 piggy-back UCL claim. A defense to the underlying offense used as the basis for a section 17200
25 claim, is a defense to the unfair competition claim itself. *See People v. Servantes*, 86 Cal.App.4th
26 1081, 1087 (2001) (stating that a defense to the underlying offense used as the basis for a section
27 17200 claim, is a defense to the unfair competition claim itself); *People v. Duz-Mor Diagnostic*
28 *Laboratory, Inc.*, 68 Cal.App.4th 654, 673 (1998) (same). Plaintiff cannot make conduct that is not

proscribed by any statute or regulation, suddenly unlawful and actionable merely by re-labeling it as a claim under the UCL. Plaintiff cites no authority supporting the viability of a UCL claim premised on a violation of an underlying law, where, as here, the underlying claim itself is not viable as a matter of law.[2]

In sum, Plaintiff has not pled, and does not have, <u>any</u> viable claim against Garrison individually. As a result, Garrison is a sham defendant and her citizenship is irrelevant in determining whether there is complete diversity. As Plaintiff and Defendant Travelers indisputably are diverse and the amount in controversy exceeds $75,000, this Court has diversity jurisdiction over this matter and it was properly removed on this basis.

C. **Removal Was Also Proper Pursuant to 28 U.S.C. Sections 1331 and 1441 as Plaintiff Has Alleged a Claim Completely Preempted by ERISA.**

ERISA's "express preemption is deliberately expansive." *Geweke Ford v. St. Joseph's Omni Preferred Care Inc.*, 130 F.3d 1355, 1358 (9th Cir. 1997). By enacting ERISA, Congress intended to establish "the regulation of employee welfare benefit plans 'as exclusively a federal concern.'" *New York State Conference of Blue Cross & Blue Shield Plans, et al. v. Travelers Insurance Co.*, 514 U.S. 645, 656 (1995). Civil state claims that *relate to* an employee benefit plan and are redressable under ERISA's civil enforcement provisions are completely preempted and therefore removable. *Sorosky v. Burrough's Corporation*, 826 F.2d 794, 799 (9th Cir. 1987); *Toumajian v. Frailey*, 135 F.3d 648, 654-655 (9th Cir. 1998). Plaintiff argues in her motion that she has not alleged any claim that falls within the parameters of ERISA. This argument, however, ignores the factual allegations of her own Complaint, as well as binding precedent from the Ninth Circuit that indicates Plaintiff has indeed alleged a claim that relates to an ERISA plan and which is redressable under ERISA's civil enforcement provisions.

---

[2] Notwithstanding this absence of applicable legal authority, Plaintiff alleges that Garrison's conduct constitutes an "unfair" and "deceptive" business practice under the UCL. However, Plaintiff has not pled, and cannot plead, the necessary elements required for either claim. Specifically, there are no facts alleged in Plaintiff's complaint that demonstrate Garrison's conduct "offends an established public policy" or was "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers," necessary for an "unfair" claim. *Podolsky v. First Healthcare Corp.*, 50 Cal.App.4th 632, 647 (1996). Moreover, there are no facts to prove that Garrison's conduct deceived or likely deceived members of the public, necessary for a "deceptive" claim. *Id.* As such, there is no viable UCL claim against Garrison under any prong of the UCL.

1.  **Plaintiff's Contract Claim "Relates" to an Employee Benefit Plan.**

As explained by the Supreme Court, the sweep of the preemption clause for ERISA claims is expansive and therefore the term "relates to" must be interpreted broadly to include any claim that "has a connection with or reference to such a plan." *Pilot Life Insurance Co. v. Dedeaux*, 481 U.S. 41, 47 (1987). The Ninth Circuit has determined that the core factor regarding whether a state claim "relates to" an employee benefit plan is if the claim "encroaches on relationships regulated by ERISA" such as between plan and plan member, or employer and employee. *Rutledge v. Seyfarth, Shaw, Fairweather, & Geraldson*, 201 F.3d 1212, 1219 (9th Cir. 2000); *General American Life Insurance Co. v. Castonguay*, 984 F.2d 1518, 1521 (9th Cir. 1993).

In *Sorosky v. Burrough's Corporation, supra*, a former employee filed a lawsuit in state court against his former employer for wrongful termination, breach of contract, age discrimination, and conspiracy to interfere with a protected property interest. *Sorosky*, 826 F.2d at 798. In support of the plaintiff's claim for "breach of contract/wrongful discharge," the plaintiff alleged that "defendant agreed in writing to provide him with monthly retirement benefits and then sought to prevent him from acquiring those benefits." *Id.* at 800. The defendant removed the action to federal court on the grounds that plaintiff's claim for retirement benefits was preempted by ERISA. The plaintiff challenged the district court's jurisdiction. On appeal, the Ninth Circuit agreed that to the extent the plaintiff's claim for breach of contract and wrongful discharge "referred to an employee benefit plan, it [was] preempted." *Id.* The Court stated that the plaintiff's claims fell under the provisions of section 1132 and therefore were "so completely preempted as to state a claim arising under federal law." *Id.*

Similarly here, Plaintiff has alleged a claim that relates to and arises under the civil enforcement provisions of ERISA and therefore is completely preempted. Within her complaint, Plaintiff alleges that at the time her employment with Travelers was terminated, she was entitled to "at least fifty-two weeks of severance pay" and "Travelers gave her none." [Complaint ¶ 20]. Plaintiff specifically incorporates this allegation as a part of her claim for breach of employment contract. [Complaint ¶ 39]. Furthermore, Plaintiff identifies Travelers written Benefits Manual, which includes the severance plan, as an additional basis for her breach of employment contract

Carlton DiSante &
Freudenberger LLP

283320.1

claim. [Complaint ¶ 41(A)]. Travelers alleged breach of the severance plan/employment contract, caused Plaintiff to suffer the loss of *"employment benefits,"* specifically identified in Plaintiff's complaint to include the 52 weeks of severance pay Plaintiff claims she was owed at the time of her termination. [Complaint ¶¶ 20, 39, 45]. As provided by *Sorosky, supra*, this type of allegation is exactly the type of claim and/or relationship ERISA governs, and therefore Plaintiff's claim "relates to" an employee benefit plan.

Plaintiff does not even attempt to distinguish *Sorosky, supra*. Rather, Plaintiff improperly implies that *Sorosky* is no longer "good law" because it was decided before *Travelers, supra*, which limited the scope of what claims "relate to" ERISA for purposes of preemption. This inference is completely inaccurate. The Supreme Court in *Travelers* did not overrule the holding in *Sorosky*. In fact, it addressed a wholly different issue--whether a New York statute requiring hospitals to collect surcharges from patients whose insurance coverage was purchased by an ERISA employee health care plan "related to" ERISA for purposes of preemption. In its analysis, the Court set forth a narrower criterion for determining whether *state laws* "relate to" ERISA and are therefore preempted. The Court's holding does not undermine the reasoning or holding of the *Sorosky* case, which dealt with an employee's claim to benefits under an ERISA plan.

Plaintiff also cites to *Operating Engineers Health and Welfare Trust Fund v. JWJ Contracting Co.*, 135 F.3d 671 (9th Cir. 1985), as standing for the proposition that all pre-*Travelers* cases interpreting the "relates to" provision of ERISA are no longer "good law." This is a tortured and complete misreading of the holding in the *Operating Engineers* case. The actual language of *Operating Engineers*, which also dealt with the preemption of a state statute, not an employee's claim to benefits under a severance plan, referenced two specific cases that were decided prior to *Travelers* and that have actually been overturned. The Court in *Operating Engineers* never issued such a sweeping statement that all ERISA cases decided before *Travelers* are no longer good law, as Plaintiff alleges. As such, Plaintiff's argument to the contrary must be rejected as well as her misplaced reliance on *Travelers*.

Based on the Ninth Circuit's reasoning and holding in *Sorosky*, which is good law and binding precedent, it is clear that Plaintiff has alleged a claim that relates to ERISA.

2. **Plaintiff's Claim Falls Within the Civil Enforcement Provisions of ERISA.**

Under 29 U.S.C. §1132(a)(1)(B), a civil action under ERISA may be brought by "a participant or beneficiary to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of his plan . . ." Plaintiff's breach of contract claim includes a claim that could be brought under section 1132. As discussed above, Plaintiff claims Travelers breached her employment agreement, which included Travelers written Benefits Plan and severance plan, by denying her "employment benefits," specifically identified in Plaintiff's complaint to include the 52 weeks of severance pay she was allegedly "eligible" for under Travelers ERISA severance plan. [Complaint ¶¶ 20, 39, 41(A); Decl. of L. Smith in support of Defendants' Notice of Removal]. "[A]ny state-law cause of action that *duplicates*, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc., v. Davila*, 542 U.S. 200, 209 (2004) (emphasis added). "[C]auses of action within the scope of the civil enforcement provisions [of section 1132] [are] removable to federal court." *Id.* (citations omitted).

Plaintiff self-servingly attempts to downplay the significance of the allegations in her Complaint relating to Travelers alleged failure to pay her severance pay. Plaintiff argues that these facts are alleged as nothing more than background and claims (in her motion) that never intended to pursue a claim for severance pay from Travelers. Plaintiff's convenient characterization of her motive in including these allegations in her Complaint is irrelevant to removal. It is the allegations and claims <u>actually</u> pled in Plaintiff's Complaint that must be considered. A review of those allegations and claims reveals that the Complaint, however artfully pled, alleges a claim for severance pay against Travelers. This claim is preempted by ERISA and was properly removed based on this Court's federal question jurisdiction.

D. **This Court's Exercise of Supplemental Jurisdiction Over Plaintiff's Other Claims Is Proper.**

Pursuant to 28 U.S.C. section 1367, this Court may exercise supplemental jurisdiction over state claims that are related to the claims over which this Court has federal jurisdiction. Here,

Plaintiff's breach of contract claim is intertwined with and related to her other claims for discrimination and unlawful business practices. It would be wholly inefficient for the parties to have concurrent proceedings in both state and federal court regarding claims that are likely to have overlapping evidence. Accordingly, supplemental jurisdiction is proper.

## IV. CONCLUSION

As set forth above and in Defendants' Notice of Removal and supporting evidence, this Court has both diversity jurisdiction and federal question jurisdiction over this matter. Defendants' removal was, therefore, proper and Plaintiff's motion for remand should be denied.

Dated: January 3, 2008                CARLTON DiSANTE & FREUDENBERGER LLP


By:  /S/
     _____
     Robin E. Weideman
     Attorneys for Defendants
     TRAVELERS INDEMNITY COMPANY and
     YVONNE GARRISON