1  Michael J. Meyer  (State Bar No. 242706)
   **LAW OFFICES OF MICHAEL J. MEYER**
2  1801 Clement Avenue, Suite 101
   Alameda, California  94501
3  Telephone (510) 931-5720
4  Facsimile (510) 337-1431
   Michael.Meyer@Meyer-Legal.com
5

6  Gordon M. Fauth, Jr. (State Bar No. 190280)
   **FAUTH LAW OFFICES**
7  1801 Clement Avenue, Suite 101
   Alameda, California  94501
8  Telephone (510) 238-9610
   Facsimile (510) 337-1431
9  gmf@classlitigation.com

10
   Attorneys for Plaintiff Eva Denes
11

12                    **UNITED STATES DISTRICT COURT**

13                    **NORTHERN DISTRICT OF CALIFORNIA**

14                            **OAKLAND DIVISION**

15

16  EVA DENES,                              Case No. C-07-04811 CW

17          Plaintiff,

18      v.                                  **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR REMAND**

19  TRAVELERS INDEMNITY COMPANY, a
    Connecticut Corporation; YVONNE
20  GARRISON, an individual; and DOES 1
    through 50, inclusive,
21                                          Date:  January 24, 2008
                                            Time:  2:00 p.m.
22          Defendants                      Dept:  2, 4th Floor
                                            Judge: The Honorable Claudia Wilken
23

24

25

26

27

28

**TABLE OF CONTENTS**

**Page(s)**

INTRODUCTION AND SUMMARY ................................................................................ 1

ARGUMENT ........................................................................................................................ 2

    I.    DEFENDANTS HAVE FAILED TO SHOW THAT PLAINTIFF'S CLAIMS ARE COMPLETELY PREEMPTED BY ERISA .................................. 2

        A.    Plaintiff's Claim For Breach Of An Implied-In-Fact Contract Preventing Her Summary Termination Does Not "Claim That Travelers Breached Its ERISA Severance Plan" – It Does Not Even Mention Severance Pay ........................................................................... 2

        B.    Plaintiff's Reliance On Travelers Is Not "Misplaced," As Defendant's Caselaw Does Not Show That Plaintiff's Claims "Relate To" An ERISA Plan ........................................................................................... 3

        C.    Plaintiff's Implied-In-Fact Contract Claim Is Not Preempted, Because It Does Not Interfere With Administration Of An ERISA Plan and Can Be Adjudicated Without Reference To An ERISA Plan ................................. 6

        D.    The Court Should Decline To Exercise Supplemental Jurisdiction ................... 7

    II.    DEFENDANT'S HAVE FAILED TO CARRY THEIR HEAVY BURDEN OF PROVING THAT GARRISON CANNOT POSSIBLY BE LIABLE TO PLAINTIFF UNDER CALIFORNIA LAW ......................................................... 7

        A.    Joinder of Defendants Will Not Be Regarded as Fraudulent If There Is Any Possibility That They Might Be Held Liable Under State Law ................. 7

        B.    Defendant Garrison Faces Possible Liability for Harassment ........................... 8

        C.    Defendant Garrison Faces Possible Liability for Aiding and Abetting Age-Based Discrimination and Harassment ...................................................... 8

        D.    Garrison Faces Possible Liability for Violations of California Bus. & Prof. Code §§ 17200 *Et Seq*. ............................................................................ 9

        E.    Garrison Faces Possible Liability for Intentional Interference with Contractual Relations ....................................................................................... 11

        F.    Garrison Faces Liability for Intentional Infliction of Emotional Distress ....... 11

CONCLUSION .................................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**

Page(s)

Aalgaard v. Merchants Nat. Bank, Inc., 224 Cal.App.3d 674, 684 (1990). .............................................. 11

Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona), 125 F.3d 715, 723 (9th Cir. 1997) ... 5

Baltimore & Ohio R. Co. v. United States, 261 U.S. 592 (1923) ................................................................ 2

Committee on Children's Television Inc. v. General Foods Corp., 35 Cal. 3d 197 (1983) ...................... 10

Coyne & Delany Co. v. Selman, 98 F.3d 1457 (4th Cir. 1995) .................................................................. 5

CrossTalk Prods., Inc. v. Jacobson, 65 Cal.4th 631, 646 (Cal. App. 1998) .............................................. 11

Funkhouser v. Wells Fargo Bank, 289 F.3d 1174 (9th Cir. 2002) .............................................................. 6

Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ......................................................................... 3, 7

Geweke Ford v. St. Joseph's Omni Preferred Care Inc., 130 F.3d 1355, 1358 (9th Cir. 1997) ................. 6

Graham v. Balcor Co., 146 F.3d 1052 (9th Cir. 1998) ............................................................................... 5

Grubbs v. General Electric Credit Corp., 405 U.S. 599, 702 (1972) ......................................................... 4

Janken v. GM Hughes Electronics, 46 Cal.App.4th 55 (1996). .................................................................. 8

New York Conf. of Blue Cross v. Travelers, 514 U.S. 645 (1995) ........................................................ 3, 5

Otworth v. Southern Pac. Transp. Co., 166 Cal.App.3d 452, 458-459 (1985) .......................................... 3

Parks v. New York Times Co., 308 F.2d 474, 478. (5th Cir. 1962) ....................................................... 7, 8

People v. Cappuccio Inc., 204 Cal.App.3d 750 (1988). .......................................................................... 10

People v. Casa Blanca Convalescent Homes, Inc., 159 Cal. App. 3d 509, 530 (1984) ........................... 10

People v. Duz-Mor Diagnostic Laboratory, Inc., 68 Cal.App.4th 654 (1998). ........................................... 9

People v. Servantes, 86 Cal.App.4th 1081 (2001) ..................................................................................... 9

Podolsky v. First Healthcare Corp. 50 Cal.App.4th 632, 647 (1996). ...................................................... 10

Pugh v. See's Candies, Inc., 171 Cal.Rptr. 917, 925-26, 116 Cal.App.3d 311 (Cal. App. 1981) ............... 3

Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) .................................................. 7, 8, 11

Roessert v. Health Net, 929 F.Supp. 343, 351 (N.D. Cal., 1996) .............................................................. 6

Sorosky v. Burroughs Corp., 826 F.2d 794 (9th Cir. 1987) .................................................................. 3, 5

State Farm Fire & Casualty Co. v. Superior Court, 45 Cal.App.4th 1093, 1103-1104 (1996) ................. 10

Thiokol Corp. v. Roberts, 76 F.3d 751, 755 (6th Cir. 1996) ...................................................................... 6

Toumajian v. Frailey, 135 F.3d 648, 654 n.3 (9th Cir. 1998) ..................................................................... 5

Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003) ....................................................................................... 7

**STATUTES**

28 U.S. C. Section 1441(c) ....................................................................................................... 7

Cal. Bus. & Prof. Code § 17200 .......................................................................................... 7, 9

Cal. Code Civ. Proc. § 430.10 ................................................................................................ 3

Cal. Govt. Code § 12941......................................................................................................... 7


**REGULATIONS**

2 C.C.R. § 17287.6.................................................................................................................. 8


**OTHER AUTHORITIES**

Rstmt.2d Torts, § 46............................................................................................................. 12

# INTRODUCTION AND SUMMARY

Defendants fail to meet their burden of showing that removal jurisdiction exists.

Defendants boldly state that "Plaintiff claims that Travelers breached its ERISA severance plan by failing to pay her 52 weeks of severance pay at the time of her termination." They stridently repeat this theme throughout their opposition. However, Plaintiff's complaint makes no such claim. As Plaintiff stated in her opening brief, and as Defendants have failed to refute, she does not allege any mismanagement of Travelers' ERISA severance plan, and her contract claim does not even mention severance pay. Indeed, Defendants themselves have conceded that Plaintiff would have become entitled to severance pay only if her department had been downsized; and, far from alleging that her department was downsized, the Complaint alleges that Defendants fired Plaintiff and other older workers and <u>replaced them all</u> with younger workers. Furthermore, Plaintiff's contract claim is not for breach of a written contract, capable of incorporating Travelers' written severance plan, but for breach of an implied-in-fact contract that, after 32 years of faithful service, she would not be dismissed so long as she continued to perform. (Complaint ¶ 40.) As a matter of law, the existence of this contract must be proven by the conduct of the parties, and has nothing to do with "plan language." Accordingly, the administration of an ERISA plan is not at issue; and there can be no complete preemption of Plaintiff's contract claim.

Defendants further challenge Plaintiff's joinder of Defendant Garrison as a sham in their attempt to establish diversity jurisdiction. Because they cannot show by clear and convincing evidence that there is no possibility that Garrison could be held liable under California law for her misconduct, Defendants fail to rebut the presumption against removal jurisdiction. Because Plaintiff's claims are neither preempted nor legally certain to fail, this court should decline to find subject matter jurisdiction, and remand the matter to state court accordingly.

For these and other reasons set forth herein and in Plaintiff's opening brief, Plaintiff's motion for remand should be granted.

# ARGUMENT

## I. DEFENDANTS HAVE FAILED TO SHOW THAT PLAINTIFF'S CLAIMS ARE COMPLETELY PREEMPTED BY ERISA

### A. Plaintiff's Claim For Breach Of An Implied-In-Fact Contract Preventing Her Summary Termination Does Not "Claim That Travelers Breached Its ERISA Severance Plan" – It Does Not Even Mention Severance Pay

Defendants concede that their entire argument for ERISA preemption is based on their (erroneous) assertion that "Plaintiff claims that Travelers breached its ERISA severance plan by failing to pay her 52 weeks of severance pay at the time of her termination." (Opposition at 2.) Plaintiff's complaint makes no such claim. As explained in her opening brief, Plaintiff's complaint, in its factual section, simply recounts the facts—that Travelers threw Plaintiff out after 31 years of faithful service without paying her any of the severance pay accumulated over that long period. (Complaint ¶¶ 18-20.) As Defendants cannot dispute, whatever her "eligibility" for severance pay at the time of her dismissal, Plaintiff would have become <u>entitled</u> to severance pay only if she had been "terminated due to a reduction in force." (Opening Brief at 6-7.) Plaintiff does not allege that she became entitled to severance pay, and does not allege the downsizing that would have entitled her to severance pay. She alleges that Defendants fired her and other older workers because of their age, <u>and that it replaced them all with younger workers</u>. (Complaint ¶ 15.)

Defendants also improperly attempt to shoehorn "severance pay" into the "employment benefits" Plaintiff alleges she lost, by suggesting that Plaintiff is suing on a contract that somehow incorporates the Travelers Benefit Manual (which, they claim, references the Travelers severance plan). (Opposition at 14.). However, Plaintiff's claim is not for breach of a written contract; it is for breach of an "implied-in-fact" contract <u>that she would not be dismissed so long as she performed</u>. (Complaint ¶ 40.) An implied-in-fact contract is defined and proven by the conduct of the parties. *See Baltimore & Ohio R. Co. v. United States*, 261 U.S. 592 (1923) (contract is "founded upon a meeting of minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the parties showing, in the light of the surrounding circumstances, their tacit understanding.") In determining whether an implied-in-fact contract prevented the employer firing a long-term employee, courts consider factors such as

"the personnel policies or practices of the employer, the employee's longevity of service, actions or communications by the employer reflecting assurances of continued employment, and the practices of the industry in which the employee is engaged." *Pugh v. See's Candies, Inc*., 171 Cal.Rptr. 917, 925-26, 116 Cal.App.3d 311 (Cal. App. 1981) (employee fired after 32 years had right to assert claim for breach of implied-in-fact contract).

Travelers concedes its severance plan is written. Thus, to sue for its breach, Plaintiff would have had to plead breach of a written contract. *See* Cal. Code Civ. Proc. § 430.10, subd. (g); *Otworth v. Southern Pac. Transportation Co.*, 166 Cal.App.3d 452, 458-459 (1985) (complaint must indicate whether contract "is written, is oral, or is implied by conduct.") Instead, Plaintiff alleges the existence of an implied-in-fact contract preventing Defendants from summarily firing her. That Plaintiff says evidence of this agreement-implied-by-conduct can be found in oral and written statements in various Travelers memos and documents and by "the parties entire course of conduct over three decades," does not change or enlarge her claim. (Complaint ¶ 40.) In no part of the complaint does Plaintiff allege she is "entitled" to severance pay. As Plaintiff pointed out, and as Defendants have failed to refute, Plaintiff has not alleged she was improperly denied severance pay, does not allege the circumstance of dismissal entitling her to severance pay, and in her contract claim does not even mention "severance pay." (*Id.*)

Therefore, their strident assertions of non-existent claims aside, Defendants have impliedly conceded that they improperly removed this case.

### B. Plaintiff's Reliance On Travelers Is Not "Misplaced," As Defendant's Caselaw Does Not Show That Plaintiff's Claims "Relate To" An ERISA Plan

Defendants have backed away from their earlier suggestion that all doubts must be resolved in favor of removal jurisdiction and apparently now concede there is a strong presumption against removal jurisdiction, with all doubts resolved against removal. *See Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, Defendants apparently believe that the Supreme Court, in *New York Conf. of Blue Cross v. Travelers*, 514 U.S. 645 (1995), did not scale back courts' previous expansive views of ERISA preemption in a wrongful termination case, and cite Plaintiff's "misplaced reliance on *Travelers*." (Opposition at 14.) Defendants also rely heavily on a pre-*Travelers* case, *Sorosky v. Burroughs Corp.*, 826 F.2d 794 (9th Cir. 1987)),

PLAINTIFF'S REPLY IN SUPPORT                3                CASE NO. C-07-04811 CW
OF MOTION FOR REMAND

which, they say, furnishes precedent to show why removal was proper here. (Opposition at 13-14.) Defendants are wrong on both counts.

Even before reaching the issue of how a pre-*Travelers* case could correctly articulate the standards for ERISA removal jurisdiction clarified in *Travelers* and later cases interpreting *Travelers*, *Sorosky* is inapplicable here for at least two reasons. First, in *Sorosky,* the Ninth Circuit did not even consider whether removal was proper. The Ninth Circuit noted that, "'where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court.'" *Sorosky,* 826 F.2d at 798 (quoting *Grubbs v. General Electric Credit Corp.*, 405 U.S. 599, 702 (1972)). The Ninth Circuit held that, "[b]ecause Sorosky did not seek an interlocutory appeal of the order denying his motion to remand, the only issue before us is whether the district court would have had jurisdiction if this case originally had been filed in that court." Therefore, *Sorosky*, by its express terms, does not apply here where the issue is whether Plaintiff's case was improperly removed,.

Second, the Plaintiff in *Sorosky* "allege[d] that Burroughs agreed in writing to provide him with monthly retirement benefits and then sought to prevent him from acquiring those benefits." *Id.* at 800. The Ninth Circuit accordingly found such a claim preempted by ERISA. *Id.* Here, there is no such claim made. The Complaint does not allege Travelers fired Plaintiff to deny her retirement benefits; it does not even mention "retirement benefits." The Complaint alleges that Travelers fired Plaintiff because of her age, as part of a campaign to replace older workers:

> Travelers' principal motivating factor in firing Denes was her age. Defendants apparently considered Denes, who was 55, to be too old to fit in well with the new management team that had resulted from Travelers' 2003 merger with St. Paul Companies, another insurance provider.

(Complaint ¶¶ 1, 15.) Defendants wishfully state that Plaintiff alleges "she was entitled to" severance pay, and suggest that Plaintiff's implied-in-fact contract somehow incorporates their severance plan. (Opposition at 13-14.) However, as set forth above, that is simply not true. Plaintiff's claim is for breach of an "implied-in-fact" contract that she would not be fired so long as she performed. (Complaint ¶ 40.) As the contract is not written but is instead established by

PLAINTIFF'S REPLY IN SUPPORT    4    CASE NO. C-07-04811 CW
OF MOTION FOR REMAND

conduct, it cannot incorporate any other documents, and cannot be forced willy-nilly to include claims relating to a written severance plan that may be mentioned in documents evidencing the existence of the implied "continued employment" contract. Accordingly, both legally and factually, *Sorosky* is inapplicable.

Furthermore, in *Sorosky*, the Ninth Circuit expressly followed pre-*Travelers* caselaw in finding that, "[u]nder ERISA's 'virtually unique preemption provision' . . . Congress intended that the words 'relate to' be interpreted broadly." *Sorosky,* 826 F.2d at 799 (citing cases). It is undisputed that *Travelers* and subsequent Supreme Court cases scaled back the former broad interpretation of "relate to." *See e.g., Toumajian v. Frailey*, 135 F.3d 648, 654 n.3 (9th Cir. 1998) ("the scope of this broad 'relate to' preemption was markedly narrowed."). Defendants apparently argue that *Traveler's* narrowing of ERISA's "relate to" language applies only to cases that that seek to invalidate state statutes, and not to cases bringing claims under state laws of general applicability. (Opposition at 14.) Defendants are wrong.

As countless cases illustrate, the Supreme Court's clarification in *Travelers* applies in determining whether claims brought under state laws of general applicability are preempted by ERISA. For example, in *Coyne & Delany Co. v. Selman*, 98 F.3d 1457 (4th Cir. 1995), the Fourth Circuit, in finding that a "garden variety" tort claim was not preempted, expressly held, "In light of the Supreme Court's recent (and narrowing) interpretation of the scope of ERISA preemption in *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers*, 514 U.S. 645 (1995), we hold that Delany's malpractice claim is not preempted because it does not 'relate to' an employee benefit plan within the meaning of ERISA's preemption provision, 29 U.S.C. § 1144(a)." *Coyne* at 1466-67 (parentheticals in original). In *Arizona State Carpenters Pension Trust Fund v. Citibank (Arizona)*, 125 F.3d 715, 723 (9th Cir. 1997), the Ninth Circuit followed *Coyne*, and similarly held, "With the teaching of Travelers firmly in mind, we have reexamined our original decision and conclude that the Trust Funds' state law claims against Citibank are not connected with ERISA." In *Graham v. Balcor Co.*, 146 F.3d 1052 (9th Cir. 1998), in finding that ERISA did not preempt an ex-employee's contract claim, the Ninth Circuit, citing *Travelers*, noted that, "the Court has moved away from a literal reading of 'relate to,' towards a more narrow interpretation of the phrase and its preemptive scope." *Id.* at 1054; *see also Geweke Ford v. St. Joseph's Omni Preferred Care Inc.,* 130 F.3d 1355, 1358 (9th Cir.

1997). There can be no doubt that if *Sorosky v. Burroughs Corp.*, 826 F.2d 794, were decided today, it would be under the "narrowed interpretation" set forth by the Supreme Court in *Travelers.*

### C. Plaintiff's Implied-In-Fact Contract Claim Is Not Preempted, Because It Does Not Interfere With Administration Of An ERISA Plan and Can Be Adjudicated Without Reference To An ERISA Plan

Defendants fail to refute Plaintiff's showing in her opening brief that claims under state laws of general applicability, such as her contract claim, are presumptively not preempted. It is recognized that, unlike specific state statutes which may directly effect ERISA plans, "[c]ontract law is a general area of law, traditionally regulated by the states, which does not necessarily affect the relationships regulated under ERISA among employer, plan, participant, and fiduciary." *Geweke Ford*, 130 F.3d at 1359. A contract claim is not completely preempted even if it has some attenuated effect upon an ERISA plan. "State property, contract, and tort law all surely have some effect on ERISA plans, but they are not preempted." *Thiokol Corp. v. Roberts*, 76 F.3d 751, 755 (6th Cir. 1996), *cert. denied*, 117 Sup.Ct. 2448 (1997). Even where a contract claim requires reference to an ERISA plan to calculate damages, it is not preempted. *See Funkhouser v. Wells Fargo Bank*, 289 F.3d 1174 (9th Cir. 2002).

Defendants incorrectly assert that Plaintiff's contract claim could be brought under section 1132 of ERISA. (Opposition at 15.) As set forth above, Plaintiff's claim does not seek severance pay, but instead alleges that an implied-by-conduct contract prevented Travelers from summarily firing her after 32 years of faithful service. Defendants fail to explain how ERISA provides any enforcement for such a claim. *See Toumajian*, 135 F.3d at 654-55 (no complete preemption unless claim both "relates to" and falls within ERISA's enforcement provisions); *Geweke Ford,* 130 F.3d at 1358. Under the Ninth Circuit's relationship test, as Plaintiff's complaint does not challenge the administration of Travelers' severance or retirement plans, her claims do not "encroach" upon any of the relationships regulated by ERISA. *See id.*

As courts have found, "the appropriate inquiry is whether the claim 'rests upon the terms of the plan' or requires construction of plan language." *See Roessert v. Health Net*, 929 F.Supp. 343, 351 (N.D. Cal., 1996) (citations omitted). Here, Plaintiff's claim involves, not a written contract, but an implied-in-fact agreement that she would not be fired so long as she continued to

PLAINTIFF'S REPLY IN SUPPORT              6              CASE NO. C-07-04811 CW
OF MOTION FOR REMAND

perform -- a contract evidenced by the conduct of the parties. (Complaint ¶ 40.) That conduct, and not any "plan language" will determine whether such a contract exists.

For all of these reasons, Defendants have failed to show that Plaintiff's claims are completely preempted.

### D. The Court Should Decline To Exercise Supplemental Jurisdiction

Contrary to Defendants' depiction, Plaintiff's implied-in-fact contract claim is not "intertwined with" her other claims, which include claims for harassment and age discrimination in violation of the California Fair Employment and Housing Act ("FEHA"), Government Code §§ 12940 and 12941; failure to prevent discrimination in violation of FEHA; and violations of California Business and Professions Code sections 17200 *et seq.* – none of which statutes even concern contract claims. Instead, under 28 U.S. C. Section 1441(c), the Court should exercise its discretion to remand a case in which state-law clearly predominates in all of Plaintiff's claims.

## II. DEFENDANT'S HAVE FAILED TO CARRY THEIR HEAVY BURDEN OF PROVING THAT GARRISON CANNOT POSSIBLY BE LIABLE TO PLAINTIFF UNDER CALIFORNIA LAW

### A. Joinder of Defendants Will Not Be Regarded as Fraudulent If There Is Any Possibility That They Might Be Held Liable Under State Law

To support their removal, Defendants bear the burden of proving facts sufficient to support diversity jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). For Defendants to establish that the joinder of Garrison was fraudulent, they must prove that there is absolutely no possibility that Garrison could face liability in the action. If the Plaintiff fails to state a cause of action against a resident Defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident Defendant is fraudulent." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). Defendants must show this lack of any possibility by clear and convincing evidence. *Parks v. New York Times Co.*, 308 F.2d 474, 478. (5th Cir. 1962).

Any ambiguities of fact must be resolved in favor of Plaintiff Denes. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003).

PLAINTIFF'S REPLY IN SUPPORT            7            CASE NO. C-07-04811 CW
OF MOTION FOR REMAND

**B.     Defendant Garrison Faces Possible Liability for Harassment**

Plaintiff's complaint alleges that Defendant Garrison engaged in harassment against Plaintiff based on Plaintiff's age. (Complaint, ¶ 12). For example, Plaintiff alleges that Garrison took away or hid personal items belonging to Plaintiff and which Plaintiff needed to complete her work. (Id.)  This physical intrusion was motivated by age discrimination and was in violation of Title 2 of the California Code of Regulations, Section 7287.6, which states that "[h]arassment includes but is not limited to . . . any physical interference with normal work or movement."  In her Motion for Remand, Plaintiff states that this activity is in no way necessary for supervision of employees, and thus, cannot be regarded as solely discriminatory such that the *Janken* case would preclude individual liability. (Motion for Remand, at 15, lines 7-17.)

Defendants concede the point by failing to address this argument in their Opposition. Instead, they avoid this discussion by arguing that factual allegation does not exist in Plaintiff's complaint, followed by a citation to that very factual assertion in Plaintiff's complaint. Defendants then assert that there is a lack of evidence of these facts on the record and conclude that the claims against Garrison must be disregarded. (Opposition, at 6, line 25.)  However, Defendants have now subtly and illegitimately shifted their burden of proof to Plaintiff.  It is the Defendants' burden to show by clear and convincing evidence facts that establish that there is no possibility of recovery against Garrison. *Ritchey*, 139 F.3d at 1318; *Parks*, 308 F.2d at 478.  No such showing has been made.

**C.     Defendant Garrison Faces Possible Liability for Aiding and Abetting Age-Based Discrimination and Harassment**

Defendants have, again, selectively applied the *Janken* decision to the instant case, this time to show that an employee cannot aid and abet a corporation's violation of law. (Opposition, at 7, line 20.)  While this proposition is true, it is wholly inapposite to Plaintiff's aiding and abetting claims against Garrison.  As explained in detail on pages 16 and 17 in Plaintiff's Motion for Remand, Garrison can be held liable for aiding and abetting other employees (i.e., not the corporation) in their unlawful acts of discrimination and harassment.  By claiming that "[t]his same argument was considered and rejected by the *Janken* court . . . ," Defendants conflate the act of aiding and abetting a corporation with the act of aiding and abetting other individual

PLAINTIFF'S REPLY IN SUPPORT                    8                    CASE NO. C-07-04811 CW
OF MOTION FOR REMAND

employees. (Opposition, at 7, lines 16-17.) Plaintiff Denes makes no allegation that Garrison aided or abetted <u>Travelers</u>; instead, she clearly explains that Garrison aided and abetted <u>other employees</u>. (Compl., at 10; Motion for Remand, at 16-17.) Because each employee is an independent actor, the element of concert found lacking in *Janken* does exist here, and Defendant Garrison can be held liable for her violations of Section 12940(i). Defendants concede this point by ignoring it.

### D. Garrison Faces Possible Liability for Violations of California Bus. & Prof. Code §§ 17200 *Et Seq*.

Defendants misconstrue the scope and tests for applicability of California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq*. ("UCL").[1] Even the decisions in the two cases cited by Defendants (Opposition at 11), *People v. Servantes*, 86 Cal.App.4th 1081 (2001), and *People v. Duz-Mor Diagnostic Laboratory, Inc.,* 68 Cal.App.4th 654 (1998), illustrate as much. In *Servantes*, where a tow truck operator was charged with wrongfully towing cars in violation of state laws and city ordinances, and fined under the provisions of the UCL, the court stated the obvious, that with respect to the UCL's unlawful prong (only), "A defense to the underlying offense is a defense under California's Unfair Competition Act." *Id.* at 1087. However, the court went on to find that even if alleged violations of city ordinances were preempted, the UCL would still apply because violations of state laws were also found; and that even if that were not the case, the decision would still be affirmed; as "California's Unfair Competition Act prohibits not only unlawful business practices but also unfair business practices. The statute is intentionally broad to give the court maximum discretion to control whatever new schemes may be contrived, <u>even though they are not yet forbidden by law</u>." *Id.* at 1095 (emphasis added).

Adding to Defendants' somewhat selective portrayal of the tests for "unfair" under the UCL, the *Servantes* court found that, "One test for determining an 'unfair' practice is that the gravity of the harm to the victim outweighs the utility of the Defendant's conduct." *Servantes,* 86

---

[1] Defendants apparently concede that treatment of an employee by a supervisor falls within the scope of the UCL.

Cal.App.4th at 1095 (citing *State Farm Fire & Casualty Co. v. Superior Court,* 45 Cal.App.4th 1093, 1103-1104 (1996); *Podolsky v. First Healthcare Corp.* 50 Cal.App.4th 632, 647 (1996)). The decision in *Duz-Mor* also notes the balancing test for "unfair." *Duz-Mor,* 68 Cal. App. 4th at 425. Other tests include whether conduct is: against public policy, immoral, unethical, oppressive, unscrupulous or substantially injurious. *See People v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530 (1984).

Plaintiff has alleged that Defendant Garrison carried out a "malicious" campaign of age-based discrimination and harassment. (Complaint ¶¶ 1, 10, 53.) "Defendants actively encouraged the harassment of older employees by supervisors . . . " (*Id.*) Plaintiff alleges Defendants deliberately "interfered" with the productivity of older workers; encouraged supervisors to "downgrade the performance reviews" of older employees; and that these were "machinations crafted by Defendant Garrison and other managers at Travelers to establish a pretext for purging older employees." (Complaint ¶ 11.) Plaintiff alleges an ongoing harm to the public. (*Id.* ¶ 55.) Under the reasoning of *Servantes* and other cases interpreting the UCL, whether or not Garrison's conduct is ultimately found to violate California's Fair Employment and Housing Act, it may be found "unfair" in violation of the UCL. *See Duz-Mor,* 68 Cal.App.4th at 425 ("Having found that commission compensation was unlawful, we need not determine whether it was unfair.") Plaintiff will make that showing by, among other things, putting on evidence at trial to establish that Defendant's conduct was unethical and against public policy, <u>or</u>, that the "harm" caused Plaintiff and other older employees by Garrison's conduct outweighs any possible "utility" of the conduct.

Defendants are also wrong to think that Plaintiff has no chance of prevailing against Garrison on her claim for "deceptive" practices, in violation of the UCL. Under the UCL, there is no requirement to prove actual deception or any intent to defraud; it is enough to show that members of the public are likely to be deceived. *See Committee on Children's Television Inc. v. General Foods Corp.*, 35 Cal. 3d 197 (1983); *People v. Cappuccio Inc.*, 204 Cal.App.3d 750 (1988). As set forth above, Plaintiff alleges that Garrison carried out a scheme to manufacture artificially downgraded reviews and pretexuous reasons for firing her and other older Travelers' employees, ostensibly for poor performance, when, in fact, their performance was not substandard. At trial, Plaintiff may well succeed in showing that Defendant's conduct, among

PLAINTIFF'S REPLY IN SUPPORT     10          CASE NO. C-07-04811 CW
OF MOTION FOR REMAND

other things, has a likelihood of deceiving members of the public into believing that older employees are unable to perform adequately at Travelers and other similar institutions, when such is not the case.

### E.   Garrison Faces Possible Liability for Intentional Interference with Contractual Relations

As a defense to Plaintiff's claim that Garrison has intentionally interfered with contractual relations, Defendants assert "managerial privilege." (Opposition, at 8.)  The Court should not consider Garrison's defenses on the merits when determining whether she is a sham Defendant. Ritchey, 129 F.3d at 1319.   However, even if defenses to the merits of Plaintiff's proper claim are considered defenses at this stage, the defense of "managerial privilege" is not available to Garrison under these circumstances.

While it is true that a supervising employee cannot interfere with the contractual relations of the corporate employer, as corporations can only act through their employees, this ceases to be the case once the employee steps out of her agency role and acts for personal reasons. *CrossTalk Prods., Inc. v. Jacobson*, 65 Cal.4th 631, 646 (Cal. App. 1998) (citing *Aalgaard v. Merchants Nat. Bank, Inc.*, 224 Cal.App.3d 674, 684 (1990)).  As discussed above, Garrison has committed acts of harassment outside the scope of her role as a supervisor and with the intent of driving older employees, such as Plaintiff, from their employment.  Because Plaintiff alleges an implied-in-fact employment agreement, Garrison's intentional and *ultra vires* acts expose her to liability for intentional interference with contractual relations, notwithstanding her other discriminatory acts committed in her role as a supervisor.  In short, Garrison has acted both for Travelers and for herself during her campaign against older employees.  For her acts done as a supervisor of Travelers, Travelers will be liable, and for those other acts done solely for her own selfish reasons, Garrison will be liable.  As such, her joinder cannot be said to be fraudulent.

### F.   Garrison Faces Liability for Intentional Infliction of Emotional Distress

Defendants attempt to show that Garrison cannot be liable for intentional infliction of emotional distress on the ground that Garrison's conduct is not "outrageous." (Opposition, *at* 10).  "The extreme and outrageous character of the conduct may arise from an abuse by the actor

of a position, or a relation with the other, which gives him actual or apparent authority over the other, or power to affect his interests." Restatement (Second) of Torts, § 46, cmt. d.

In her complaint, Plaintiff has alleged that Garrison used her position of power to carry out an insidious campaign against older workers, that Garrison actively encouraged harassment of older employees by supervisors, attempted to interfere with the productivity of older workers on a daily basis, and encouraged lower supervisors to downgrade their reviews of older workers artificially. (Complaint, *at* 3.) It is far from clear that any one of these acts, or the insidious campaign Garrison intended to further, would not lead an average juror to exclaim, "Outrageous!" Therefore, Defendants have not carried their burden of showing by clear and convincing evidence that Plaintiff cannot possibly hold Garrison to answer for these misdeeds.

## CONCLUSION

Defendants have failed to meet their burden of showing that removal jurisdiction exists. Accordingly, this case should be remanded to the California court from which it was removed.

**LAW OFFICES OF MICHAEL J. MEYER**

Date:  January 10, 2007

By:  ___/s/_____
                Michael J. Meyer

1801 Clement Avenue, Suite 101
Alameda, California  94501
Telephone (510) 542-7702
Facsimile (510) 337-1431

Gordon M. Fauth, Jr.
**FAUTH LAW OFFICES**
1801 Clement Avenue, Suite 101
Alameda, California  94501
Telephone (510) 238-9610
Facsimile (510) 337-1431

Attorneys for Plaintiff Eva Denes