United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVA DENES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRAVELERS INDEMNITY CO. and YVONNE GARRISON,<br><br>　　　　Defendants.<br>_____/ | No. C 07-4811 CW<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND AND DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION TO COMPEL ARBITRATION |

　　Plaintiff Eva Denes moves to remand this action to state court on the basis that the Court lacks subject matter jurisdiction. Defendants Travelers Indemnity Co. and Yvonne Garrison oppose Plaintiff's motion and simultaneously move to compel arbitration and stay these proceedings. The matter was taken under submission on the papers. Having considered all of the papers submitted by the parties, the Court grants Plaintiff's motion and denies without prejudice Defendants' motion.

## BACKGROUND

　　The following facts are alleged in the complaint. Plaintiff is a resident of California and a former employee of Defendant Travelers Indemnity Co., a Connecticut corporation. Defendant

Yvonne Garrison, a California resident, was formerly Plaintiff's supervisor at Travelers.

Plaintiff began working at Travelers in 1974. In 2003, Travelers merged with St. Paul Insurance Company. Travelers and its managers, including Garrison, subsequently began a campaign designed to force older employees out of their positions. To this end, Defendants subjected older employees to different performance standards than younger employees; assigned older employees extra work and unduly menial tasks; subjected older employees to unnecessarily critical evaluations; and encouraged supervisors to downgrade the performance reviews of the targeted employees.

Plaintiff, who was in her fifties during the relevant time period, was among the targeted workers. She was given extra case files, but was not given access to the materials she needed in order to perform her job. She was also subjected to constant demands that were intended to interfere with her ability to complete her work. As Plaintiff's manager, Garrison relentlessly criticized and harassed her, subjecting her to negative performance reviews that were a pretext for age discrimination.

On or about August 15, 2005, Garrison notified Plaintiff that her employment with Travelers was being terminated. In the section of the complaint entitled, "Facts Common to All Causes of Action," Plaintiff alleges that, although at the time of her termination "she was eligible for at least fifty-two weeks of severance pay by virtue of her commendable and satisfactory thirty-one year tenure," Travelers "gave her none." Compl. ¶ 20.

Plaintiff originally filed her complaint in California state

2

court. The complaint asserts five causes of action, identified by their headings as: 1) age discrimination; 2) failure to prevent discrimination; 3) breach of employment contract; 4) breach of the implied covenant of good faith and fair dealing; and 5) violation of the California unfair competition law.

With respect to the first cause of action, the complaint alleges, "Defendants' actions described herein have violated California laws prohibiting age discrimination in the workplace, including Government Code §§ 12940(a) and 12941. These sections required Defendants, among other things, to refrain from discriminating against any employee over the age of 40; yet Defendants targeted older workers for harassment and termination." Id. ¶ 25. In setting out this cause of action, the complaint also alleges that Plaintiff's termination "was preceded by an unrelenting campaign of harassment and discrimination directed against her, accompanied by hints that she should retire." Id. ¶ 27.

With respect to the third cause of action, the complaint alleges the existence of an implied-in-fact employment contract between Plaintiff and Travelers, pursuant to which Plaintiff would be permitted to continue her employment "indefinitely as long as she carried out her duties in a proper and competent manner." Id. ¶ 40(A). The complaint alleges that the contract "was evidenced by various written documents," including "Travelers' written Benefits Manual." Id. ¶¶ 41, 41(A). The third cause of action does not, however, assert that Travelers breached the terms of the Benefits Manual.

3

Defendants removed this action to federal court, claiming that: 1) the complaint does not state a viable claim against Garrison, and therefore this Court has diversity jurisdiction over the matter; and 2) Plaintiff's claim for severance pay is preempted by the federal Employee Retirement Income Security Act (ERISA), and therefore this Court has federal question jurisdiction.

## LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. 28 U.S.C. § 1447(c). On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

## DISCUSSION

I.  Diversity Jurisdiction

District courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). When federal subject matter jurisdiction is predicated on diversity of

4

citizenship, complete diversity must exist between the opposing parties. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373-74 (1978).

A defendant may remove a case lacking complete diversity and seek to persuade the district court that any non-diverse defendant was fraudulently joined. See McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe, 811 F.2d at 1339. The defendant need not show that the joinder of the non-diverse party was for the purpose of preventing removal. Instead, the defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in state court against the alleged sham defendant. See id.; Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998).

Defendants argue that diversity jurisdiction exists here because the complaint does not state a claim against Garrison, the only Defendant who defeats complete diversity. Under the California Fair Employment and Housing Act, a supervisory employee may not be held personally liable for discriminatory employment decisions; only the employer may be held liable. Reno v. Baird, 18 Cal. 4th 640, 645 (1998). However, individual employees may be held personally liable for harassment. Cal. Gov't Code § 12940(j)(3).

While discrimination and harassment have similar roots, the distinction between them is important. As the California Supreme

5

Court explained:

> [T]he Legislature's differential treatment of harassment and discrimination is based on the fundamental distinction between harassment as a type of conduct not necessary to a supervisor's job performance, and business or personnel management decisions -- which might later be considered discriminatory -- as inherently necessary to performance of a supervisor's job. . . . [H]arassment consists of conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives.  Harassment is not conduct of a type necessary for management of the employer's business or performance of the supervisory employee's job.
>
> Discrimination claims, by contrast, arise out of the performance of necessary personnel management duties.  While harassment is not a type of conduct necessary to personnel management, making decisions is a type of conduct essential to personnel management.  While it is possible to avoid making personnel decisions on a prohibited discriminatory basis, it is not possible either to avoid making personnel decisions or to prevent the claim that those decisions were discriminatory.

Reno, 18 Cal. 4th at 645-46 (quoting Janken v. GM Hughes Electronics, 46 Cal. App. 4th 55, 62-64 (1996)) (citations omitted).

Defendants argue that, although the complaint asserts a claim for employment discrimination, it does not purport to state a claim for harassment.  The complaint is admittedly ambiguous as to whether Plaintiff intends to pursue a claim of harassment, which is made actionable by § 12940(j) of the California Government Code.  "Harassment" is not denominated as a separate cause of action in the complaint, and Plaintiff purports to bring her age discrimination claim under § 12940(a) of the Government Code, which prohibits discrimination in employment decisions.  Nonetheless, the complaint is littered with variants of the word "harass," including in the description of the cause of action for age discrimination.

6

It is most likely that Plaintiff's failure specifically to allege a violation of § 12940(j) as a separate cause of action is simply an oversight. "It is an elementary principle of modern pleading that the nature and character of a pleading is to be determined from its allegations, regardless of what it may be called, and that the subject matter of an action and issues involved are determined from the facts alleged rather than from the title of the pleadings." Lovejoy v. AT&T Corp., 92 Cal. App. 4th 85, 98 (2001) (concluding that the complaint stated a cause of action for fraudulent concealment despite its label as fraud based on affirmative misrepresentation). Thus, there is no basis for the Court to disregard Plaintiff's assertion that she intends to pursue a harassment claim against Garrison, regardless of the labels in the complaint.

Defendants also argue that, even if the complaint were interpreted as asserting a harassment claim, the factual allegations in the complaint are nonetheless insufficient to state such a claim. To determine its jurisdiction, the Court need not decide whether Plaintiff can prove a legally cognizable claim of harassment against Garrison, but need only conclude that she has pleaded one under state law. Briggs v. Lawrence, 230 Cal. App. 3d 605, 610 (1991). It is Defendants' burden to demonstrate that there is no possibility that Plaintiff will be able to establish a cause of action against Garrison in state court. On a demurrer, a California court will liberally construe all of the complaint's properly pleaded material allegations as true, and will "give the complaint a reasonable interpretation by reading it as a whole and

7

all its parts in their context" to "ensure the pleading . . . apprises the adversary of the factual basis for the claim." People ex rel. Lungren v. Superior Court, 14 Cal. 4th 294, 300 (1996); Lim v. The.TV Corp. Int'l, 99 Cal. App. 4th 684, 690 (2002); see also Cal. Civ. Proc. Code § 452.  Moreover, "[i]n testing the legal sufficiency of a pleading against a general demurrer, all properly pleaded allegations, including those that arise by reasonable inference, are deemed admitted regardless of the possible difficulty of proof at trial." Saxer v. Philip Morris, Inc., 54 Cal. App. 3d 7, 18 (1975).

The complaint is rife with allegations that Garrison "harassed" Plaintiff.  It is true that "[a]n allegation that an act is wrongful and unlawful is a mere conclusion," and "conclusions of law are not admitted by demurrer." Metzenbaum v. Metzenbaum, 86 Cal. App. 2d 750, 754 (1948); see also Vilardo v. Sacramento County, 54 Cal. App. 2d 413, 418-419 (1942).  However, although the complaint contains few details of the nature of Garrison's alleged harassment, it nonetheless clearly alleges that Garrison and other supervisors went out of their way to make working conditions unpleasant for Travelers' older employees.  The multiple references to continual harassment and criticism imply that Garrison was hostile to Plaintiff in a way that went beyond simply making adverse employment decisions on the basis of Plaintiff's age. Excessive or inappropriate criticism is not a "business or personnel management decision," Reno, 18 Cal. 4th at 645, nor is it "conduct of a type necessary for . . . performance of the supervisory employee's job," id. at 646, and therefore may rise to

8

a level that constitutes harassment.

With all reasonable inferences drawn in favor of Plaintiff, she has alleged conduct of the type actionable as harassment. Though the complaint is short on details, Defendants have cited no California case dismissing a claim of harassment for failure to set forth in exhaustive detail the specific comments and actions upon which the claim is based.[1]  Thus, while it remains to be seen whether Plaintiff will be able to produce evidence sufficient to prove such a claim, the Court cannot conclude that there is no possibility that she will be able to establish a cause of action for harassment against Garrison.  Accordingly, Defendants have not met their heavy burden of establishing that this Court has removal jurisdiction.[2]

II.  Federal Question Jurisdiction

Defendants contend that the Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims are preempted by ERISA.  Under ERISA, state law claims are preempted if they "relate to" an ERISA plan and fall within the scope of ERISA's civil enforcement mechanism.  Toumajian

---

[1] In any event, the complaint's shortcomings are of the type that is readily curable by amendment.  Garrison is directly linked to the events leading to Plaintiff's termination.  Even if the Court were to find that the complaint did not allege sufficient facts to state a claim against Garrison, it would dismiss the harassment claim with leave to amend.  See Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  Following amendment, Plaintiff would be permitted again to move for remand.

[2] Plaintiff asserts that the complaint states several other claims against Garrison.  Because the Court finds that Plaintiff has stated a harassment claim, it need not determine whether the complaint states other claims as well.

9

v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998).  A "core factor" in determining whether a claim "relates to" an ERISA plan is whether "the claim bears on an ERISA-regulated relationship."  Rutledge v. Seyfarth, Shaw, Fairweather & Geraldson, 201 F.3d 1212. 1219 (9th Cir. 2000).

Defendants' preemption argument is based primarily on their interpretation of the complaint as asserting a claim for the fifty-two weeks of severance pay for which Plaintiff claims she was eligible.  The parties appear to agree that such a claim would be governed by Travelers' employee benefit plan, and thus would be preempted by ERISA.  However, Plaintiff denies that she is asserting a claim for severance pay.

As with Plaintiff's harassment claim, the complaint does not clearly specify whether Plaintiff asserts a claim based on Travelers' failure to pay severance benefits to her.  The allegation concerning severance pay is contained in the section entitled, "Facts Common to All Causes of Action," and Travelers' failure to provide Plaintiff with severance pay is not specifically mentioned in the section of the complaint listing the causes of action.  While the complaint could be interpreted as asserting a claim for severance pay, the Court sees no reason to disregard Plaintiff's representation that she in fact does not assert such a claim.[3]  It would not be appropriate for the Court to assert

---

[3] The Court notes that, as with Plaintiff's harassment claim, any ambiguity in the complaint could be resolved by amending it.  It would defeat the goal of judicial economy to require Plaintiff to amend the complaint to eliminate the reference to severance pay, only ultimately to grant a renewed motion for remand.

10

subject matter jurisdiction over this action based on a claim that Plaintiff does not intend to pursue.[4]

Nor do the complaint's other references to employee benefits render this an action subject to ERISA preemption. Contrary to Defendants' suggestion, Plaintiff does not claim that Travelers breached the written "Benefits Manual" -- the complaint refers to the manual only as evidence that there was an implied-in-fact employment contact between Plaintiff and Travelers. See Compl. ¶ 41(A). Travelers is alleged to have breached this employment contract, not by failing to give Plaintiff the benefits she was due, but by terminating Plaintiff without cause because of her age. This type of claim does not relate to ERISA, and is not preempted. See Sorosky v. Burroughs Corp., 826 F.2d 794, 800 (9th Cir. 1987) (plaintiff's breach of contract claim for discharge without good cause was not preempted, because it relied on a legal theory that was independent of the employer's benefit plan). Additionally, the allegation that Plaintiff suffered the loss of employee benefits as a result of this breach, Compl. ¶ 45, does not convert the claim into an ERISA claim; "a claim does not 'relate to' an ERISA employee benefit plan simply because a court would refer to the

---

[4] Defendants need not be concerned that Plaintiff may attempt to assert a claim for severance pay following remand of this action. Such a claim would be preempted by ERISA, and in any event, Plaintiff would likely be judicially estopped from asserting the claim. See New Hampshire v. Maine, 532 U.S. 742, 749 (2001) ("Where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position, especially if it be to the prejudice of the party who has acquiesced in the position formerly taken by him.") (quoting Davis v. Wakelee, 156 U.S. 680, 689 (1895)).

11

plan in calculating damages." <u>Funkhouser v. Wells Fargo Bank, N.A.</u>, 289 F.3d 1137, 1143 (9th Cir. 2002).

Regardless of how they are framed, Plaintiff's claims are for harassment and employment discrimination on the basis of her age. Resolving these claims will not require reference to ERISA or interpretation of the Travelers employee Benefit Manual, nor could Plaintiff pursue these claims under ERISA's civil enforcement mechanism. Accordingly, they are not preempted by ERISA, and the Court does not have federal question jurisdiction over this action.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand this action to state court is GRANTED. Because the Court lacks subject matter jurisdiction over this case, it is without power to adjudicate Defendants' motion to compel arbitration. Therefore, that motion is DENIED WITHOUT PREJUDICE to Defendants' re-filing it in the state court proceedings. The clerk shall close the file. Each party shall bear its own costs.

IT IS SO ORDERED.

Dated: 2/15/08

_____
CLAUDIA WILKEN
United States District Judge

12